Ian C. Ballon (SBN 141819)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Email:   ballon@gtlaw.com

Jie (Lisa) Li (SBN 260474)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.55.1300
Email:   lil@gtlaw.com

Amy L. Kramer (*Pro Hac Vice* to be filed)
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: 303.572.6500
Email:   Amy.Kramer@gtlaw.com

Attorneys for Plaintiff
Invisible Narratives LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVISIBLE NARRATIVES LLC,<br><br>        Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY –<br>FZCO,<br><br>        Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Invisible Narratives LLC ("Invisible Narratives" or "Plaintiff"), by and through its undersigned attorneys, hereby file this Complaint against Defendant Next Level Apps Technology - FZCO ("Next Level" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1.       This is an action for an injunction, damages, and other appropriate relief arising from Next Level's brazen attempts to steal Invisible Narratives' intellectual property in and to the viral Skibidi

Toilet<sup>TM</sup> multimedia franchise ("Skibidi Toilet") and falsely claim that it is the creator and owner of this cultural phenomenon.

2.    The principals of Next Level are professional scam artists and extortionists who engage in schemes with a common theme, and Invisible Narratives is their latest victim. Next Level has fraudulently obtained intellectual property rights that rightfully belong to Invisible Narratives, the rightful owner of Skibidi Toilet, and weaponized them against Invisible Narratives in an attempt to disrupt Invisible Narratives' business operations and extort payment from Invisible Narratives.

3.    For example, just over two weeks ago, Next Level submitted a false Notification of Claimed Infringement ("DMCA Takedown Notice") to YouTube under the Digital Millennium Copyright Act ("DMCA") to remove the most recent Skibidi Toilet video which had 18.6 million views before its removal. Afterward, Next Level contacted Invisible Narratives twice, "suggest[ing] that you enter into a dialog with us and resolve all contentious issues through negotiations, which will save time and budget" and threatening to "takedown another video" if Invisible Narratives did not comply. Next Level's fraudulent DMCA Takedown Notice and related conduct is jeopardizing the very existence of the *DaFuq!?Boom!* YouTube channel located at https://www.youtube.com/dafuqboom (the "Boom Channel"), which is the exclusive location for the publication of all new authentic Skibidi Toilet episodes, and thus the foundation of Invisible Narrative's Skibidi Toilet business and the center of the Skibidi Toilet universe.

4.    Among other things, Next Level has willfully infringed the copyrights in and to Skibidi Toilet, by unlawfully reproducing, distributing, displaying, and preparing derivative works based on Skibidi Toilet episodes and the characters therein, on the unlawfully-registered website skibiditoilet.com, on Next Level's social media accounts, and in infringing apps that Next Level has offered for sale on Apple's App Store and Google Play.

5.    Worse yet, Next Level has baldly lied to Skibidi Toilet fans everywhere, content platforms, and the general public—falsely claiming that Next Level created and owns the Skibidi Toilet franchise and that Invisible Narratives' legitimate Skibidi Toilet episodes are infringements of *Next Level's* purported rights. In addition to the false DMCA Takedown Notice submitted to YouTube, Next Level submitted false counternotices in response to Invisible Narrative's legitimate DMCA Takedown Notices

to Apple and Google regarding Next Level's infringing apps on those platforms, falsely claiming that *Next Level* created and owns the exclusive rights in Skibidi Toilet and that those apps were not infringing.

6.    Next Level also submitted infringing reproductions of Invisible Narratives' copyrighted images to the United States Copyright Office ("Copyright Office"), in order to falsely obtain United States copyright registrations. Next Level has also submitted infringing images to various trademark offices around the world, including the United States Patent and Trademark Office ("USPTO"), in connection with fraudulent trademark applications in the name of Next Level.

7.    The principals of Next Level are facing identical allegations of intellectual property theft in another lawsuit pending in this District.  In a nearly identical scheme to the one perpetrated against Invisible Narratives, Next Level's principals attempted to claim ownership over the Melon Sandbox game by fraudulently registering copyrights, applying for fraudulent trademark applications, and submitting false DMCA Takedown Notices against the true owner of the intellectual property on platforms including Google Play, the Apple App Store, and YouTube.

8.    The motive behind Next Level's fraudulent scheme and its *modus operandi* is clear: By infringing Invisible Narratives' rights in Skibidi Toilet, filing fraudulent copyright and trademark applications globally, perpetuating the false narrative that Next Level created and owns Skibidi Toilet, and falsely asserting its illegitimate rights against Invisible Narratives, Next Level aims to take down legitimate Skibidi Toilet content and hold hostage Invisible Narratives' ability to lawfully exploit its intellectual property and Next Level has made clear that it will continue to do until Invisible Narratives pays it a hefty ransom to stop.  Rather than pay such a ransom – one that has been shamelessly demanded through a campaign of extortion by email detailed below – Invisible Narratives brings this action to establish its legitimate rights in Skibidi Toilet once and for all, and to hold Next Level to account for its unlawful conduct.

## THE PARTIES

9.    Plaintiff Invisible Narratives is a limited liability company organized under the laws of the State of Delaware, with a principal place of business in Santa Monica, California. Invisible Narratives is the exclusive owner of all copyright, trademark, and other intellectual property rights associated with Skibidi Toilet and also the exclusive operator of the Boom Channel on YouTube.

10.      Upon information and belief, Defendant Next Level is a Free Zone Company organized under the laws of the United Arab Emirates ("UAE") with a principal place of business in Dubai, UAE. On information and belief, the co-founders and principals of Next Level are Serhii Osadchyi (sometimes spelled Serhey Osadchy) ("Osadchy"), Vladislav Ciapchis ("V. Ciapchis"), Eduard Ciapchis ("E. Ciapchis"), and Stanislav Chuprykov ("Chuprykov").  On information and belief, each of Next Level's principals reside in Ukraine, Poland, and/or Romania.

**JURISDICTION AND VENUE**

11.      This action arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, including, *inter alia*, Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), the Lanham Act, 15 U.S.C. § 1125(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  In addition, because there is diversity of citizenship between the parties to this action and the matter in controversy exceeds $75,000, the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

12.      This Court has personal jurisdiction over Defendant because, *inter alia*, they (i) committed tortious actions within, and directed to, this State; (ii) purposefully directed improper and unlawful activity at this State by distributing, marketing, and/or selling infringing products and services in the State and/or sending at least one notice of DMCA Takedown Notice and counter-notification ("Counter-Notification") under the DMCA, containing false information, to platforms in this State; and/or (iii) caused injury to Plaintiff in this State.

13.      Moreover, Defendant has consented to the personal jurisdiction of this Court at least by submitting its Counter-Notification under the DMCA. In its Counter-Notification, Defendant and its co-founder and shareholder V. Ciapchis expressly submitted to this Court's jurisdiction, as required by 17 U.S.C. § 512(g)(3)(D).

14.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The SKIBIDI TOILET Cultural Phenomenon

15.     Skibidi Toilet is a record-setting multimedia franchise that started as a viral animation on YouTube and catapulted to cultural phenomenon. Combining elements of science fiction, action, and dark humor, the Skibidi Toilet series chronicles the chaotic adventures of an alliance of humanoids in a post-apocalyptic universe.  A powerful army of alien creatures known as "Skibidi Toilets" have invaded the planet, wiping out almost all of the human race.  The only thing standing in the way of world domination is the "Alliance," a coalition of fighting humanoid robots with devices including TV's, cameras, and speakers for heads.

16.     Alexey Gerasimov, also known as DaFuq!?Boom! or Boom ("Boom") created the Skibidi Toilet animated series.  Boom posted the first Skibidi Toilet episode to the Boom Channel on February 7, 2023.  At that time, The Boom Channel had approximately 1 million subscribers. Since the release of the first episode two years ago, Skibidi Toilet has become a global sensation, and the Boom Channel has experienced exponential growth, becoming one of the fastest growing channels on YouTube, as evidenced by the number of people who have subscribed to the channel since then.  Today, the Boom Channel has over 45 million subscribers with over 18.6 billion channel views.  The fandom of Skibidi toilet spans the globe, with channel viewers in 191 of the world's 193 countries.  In total, the Skibidi Toilet series has been viewed across the world for a total of 282,501,262 hours, with watch time in the United Stated alone exceeding 23 million hours.

17.     Invisible Narratives has developed a trusted relationship with its fanbase, who flood social media with excitement, analyze every single episode of Skibidi Toilet, and anxiously anticipate the next episode to be released on the Boom Channel.

### Creation of SKIBIDI TOILET and Its Characters

18.     The concept for the Skibidi Toilet series developed over several years.  In 2021, Boom had a surreal nightmare of a city overrun by toilets – people riding in toilets, toilets appearing on television, and people with human heads and toilet bodies.  This dream provided the inspiration behind the style, narrative, and characters in the Skibidi Toilet series.  Boom posted a video on the Boom Channel on

November 5, 2021 which features the sudden and horrifically funny merge of humans with various objects—including the merging of a human with a toilet to create "toiletman" (the "Toiletman Video").

19.    Boom continued to have recurring nightmares about monstrous human/toilet-like creatures and began working on another video in the fall of 2022 based on the same concept. The video took over a month to finalize, and Boom posted the next video exploring toilets and his nightmares on the Boom Channel on December 2, 2022 (the "Toilet Nightmare Video").

20.    Less than two weeks later, using the computer program Source Filmmaker, Boom created the first Skibidi Toilet episode on February 6, 2023 based on the Toiletman Video, the Toilet Nightmare Video, and his other recurring nightmares on the subject ("Episode 1").  Episode 1 was very short and features no narration, requiring viewers to use intuition to figure out what is going on by themselves.  It is intentionally weird, slightly shocking, and uncanny for a new audience (most notably by a head popping out of a toilet), where nothing is explained, and people have to use their own imagination to determine what happened.  A screenshot from Episode 1 of Skibidi Toilet, the primary antagonist and also the iconic face and namesake of the series, is below:



21.    From a creative perspective, Episode 1 is from the point of view of a camera drone that flies in a hotel room after reports of strange "toilet activity."  The purpose of Episode 1 was to establish character and the series' distinctive shtick and quirkiness, only to add progressions in the following short episodes.

22.    Over time, the Skibidi Toilet universe expanded to encompass a number of plot developments and scenarios involving the "war" between Skibidi Toilets and the Alliance. Boom developed the warring species, or factions, and then, individual protagonists and antagonist characters within each faction, with increasing detail as the series continued.  The Alliance consists of three species called Cameramen, Speakermen, and TV men.  Within each species there are variants including, for example, Cameraman, Camerawoman, Titan Cameraman, Speakerman, Dark Speakerman, Titan Speakerman, TV Man, TV Woman, Large TV Man, and Titan TV Man.  Similarly, the Toilets consist of Skibidi Toilets, Astro Toilets, and Mutant Toilets.  Within each division are recognizable characters including Juggernaut Astro Toilet, G-Toilet, Detainer Astro Toilet, Buzzsaw Toilet, Swat Mutant, Buzzsaw Mutant, and Chief Scientist Toilet, just to name a few.

23.    Boom created Skibidi Toilet—its plot, theme, dialogue, mood, setting, pace, sequence, characters, and relationships between the characters—independently, without reference to, or reproducing these creative elements from anyone else, let alone Next Level and its principals. Over the past two years, Boom has created 25 seasons of the Skibidi Toilet web series, totaling 77 episodes.

## The SKIBIDI TOILET Copyrights and Trademarks

24.    On October 12, 2023, Boom assigned to Invisible Narratives all rights to the Skibidi Toilet series and concept, including all Skibidi Toilet video and other content existing at that time or later created. The assignment includes, but is not limited to, all copyright and trademark rights and associated goodwill, as well as the exclusive right to operate and use the Boom Channel and a portion of the advertising revenue therefrom. Thus, Invisible Narratives is the owner of, and has standing to enforce, all of the rights asserted in this action.

25.    Skibidi Toilet comprises a number of works, including audiovisual works and pictorial or graphic works, subject to copyright protection (the "Skibidi Toilet Copyrighted Works"). In particular, the Skibidi Toilet episodes, and images of scenes and characters therefrom, are original works of authorship with considerable creative expression.

26.    The Skibidi Toilet Copyrighted Works also include a number of unique characters with distinctive physical and conceptual qualities ("Skibidi Toilet Characters"). Skibidi Toilet Characters have been thoroughly delineated and display consistent, widely identifiable traits and attributes throughout the

series of Skibidi Toilet episodes, so as to be recognizable as the same character wherever they appear. The Skibidi Toilet Characters, themselves, are copyrightable works of authorship.

27.    A number of Skibidi Toilet Copyrighted Works have been registered with the United States Copyright Office (the "Registered Skibidi Toilet Copyrights"). The current Registered Skibidi Toilet Copyrights are listed below.[1]

| Title of Work | Registration Number |
|---|---|
| Large Cameraman | Vau001536845 |
| Large Speakerman | VAu001536846 |
| Titan Speakerman | VAu001536847 |
| Titan Cameraman | VAu001536946 |
| TV Woman | VAu001536945 |
| Dark Speakerman | VAu001536895 |
| Dark TV Man; Energized TV Man | VAu001536894 |
| Camera Man | VAu001536893 |
| Camerawoman | VAu001536848 |
| Detainer Astro Toilet | VAu001536849 |
| Duchess Astro Toilet | VAu001536850 |
| Juggernaut Astro Toilet | VAu001536851 |
| Large TV Man | VAu001536852 |
| Plungerman | VAu001536844 |
| Chief Scientist Skibidi Toilet | VAu001536853 |
| Mothership Astro Toilet | VAu001536892 |
| Speakerman | VAu001536859 |
| Speakerwoman | VAu001536891 |

[1] Invisible Narratives is continuing to assess its intellectual property assets and Next Level's infringement thereof, and is in the process of registering more Skibidi Toilet Copyrights with the United States Copyright Office. Invisible Narratives reserves the right to amend or supplement its Complaint to add claims for infringement of currently unregistered Skibidi Toilet Copyrights, as registrations issue for those works.

| Titan TV Man | VAu001536858 |
| TV Man | VAu001536857 |
| Skibidi Toilet | VAu001536944 |

True and correct copies of the certificates of registration for the current Registered Skibidi Toilet Copyrights are attached hereto as **Exhibit A.**

28.     Each of the certificates of registration for the Registered Skibidi Toilet Copyrights state that the registrations therefor are "based on deposited pictorial authorship describing, depicting, or embodying character(s)"—i.e., images based on the Skibidi Toilet Characters.

29.     Invisible Narratives also owns and uses the valuable SKIBIDI TOILET trademark.  Since the first Skibidi Toilet Episode was posted to the Boom Channel, Invisible Narratives and Boom, its predecessor-in-interest, have continuously used the SKIBIDI TOILET trademark in commerce to uniquely identify all Skibidi Toilet content posted on the Boom Channel (the "Skibidi Toilet Trademark"). Every single Skibidi Toilet episode displays the Skibidi Toilet Trademark such that SKIBIDI TOILET is associated in the minds of the public, including consumers in this District, with the Boom Channel.

30.     Invisible Narratives has built and promoted significant goodwill with regard to the Skibidi Toilet Trademark and has established an excellent reputation in the field of multimedia entertainment since the first Skibidi Toilet Episode was released over two years ago.  The Boom Channel has over 45 million subscribers, and the first Skibidi Toilet episode alone has over 224 million views. The Washington Post reported that Skibidi Toilet videos had been viewed more than 65 billion times in 2023 alone and YouTube identified Skibidi Toilet as a trending topic.

31.     Further, the Skibidi Toilet multimedia franchise has also been the subject of extensive media coverage and promotion including unsolicited articles from a variety of mainstream publications including the New York Times, Forbes, People, Rolling Stone, Business Insider, CNN, and Wired, features, social media/blog posts, and other media entries from third parties, which refer to content on Boom's channel using the Skibidi Toilet Trademark.

32.     As a result of substantial viewership and widespread media coverage over the past two years, the Skibidi Toilet Trademark have become widely and favorably known as identifying the Boom

Channel as the sole source of authentic Skibidi Toilet content such that the Skibidi Toilet Trademark has developed secondary meaning.

### Defendant's Unlawful Conduct

33.    Rather than license, acquire, or create its own content, Next Level is attempting to steal the Skibidi Toilet franchise from Invisible Narratives.  Next Level and its proprietors are imposters, making false claims that they created Skibidi Toilet, and are attempting to co-opt the Skibidi Toilet brand and content to Invisible Narratives' great detriment.  Next Level's shareholders have done this before and are currently in default in a pending case in this Court involving an identical scheme involving obtaining fraudulent intellectual property and weaponing it against the true owner by filing false DMCA Takedown Notices against authentic content.  *See Ducky Ltd. v. Iviliia Millionic IT SP Z.O.O.* Case No. 3:24-cv-02268-PHK (N.D. Cal).

34.    Here, in contravention of Invisible Narratives' rights, Next Level has created a mobile gaming application ("app") available on Apple's App Store and the Google Play Store, marketed under the name Skibidi Toilet (the "Infringing App"). The Infringing App contains unauthorized reproductions of, or derivative works based on, images, characters, audiovisual material, and other copyrightable elements of Skibidi Toilet Copyrighted Works ("Infringing Material").  *See* **Exhibit B**.

35.    Next Level also acquired the domain name skibiditoilet.com (the "Infringing Domain Name") and has since used it to host a website (the "Infringing Site") for marketing the Infringing App. As of approximately December 2023, the skibiditoilet.com domain displayed a "parked" webpage indicating that it was for sale.  The seller wrote that the domain "is poised to become the epicenter of the viral 'Skibidi Toilet' web series by Alexey Gerasimov." The seller noted that the term "Skibidi Toilet" was searched for between 1 million to 10 million times a month, and that the Boom Channel had reached "32.5 Million Subscribers and Counting." The seller made its pitch: "SkibidiToilet.com is ***strategically positioned*** as the go-to destination for anything related to the hilarious war between toilets and tech-savvy characters. ***This is your opportunity to own a piece of the Skibidi Toilet legacy and leverage its popularity***." *See* **Exhibit C**.

36.    In an attempt to capitalize on the popularity of Skibidi Toilet, and despite having no legitimate rights or interest in Skibidi Toilet whatsoever, Next Level acquired the Infringing Domain

Name.  Upon information and belief, in September 2024 Next Level posted the Infringing Site and published false statements, claiming that Osadchy created Skibidi Toilet in 2020: *See* screenshot below from https://skibiditoilet.com/about-us

These statements are demonstrably false, and Next Level has not even attempted to corroborate them.

37.    The Infringing Site also contains unauthorized Infringing Material.  For example, Next Level brazenly features over 41 characters, including the Skibidi Toilet Characters, on the Infringing Site:

| **Registered Skibidi Toilet Copyright**s | **Stolen Skibidi Toilet Characters on the Infringing Site** |
|---|---|
| Large Speakerman | <br><br>https://skibiditoilet.com/characters/cameramans/17 |
| Titan Speakerman | https://skibiditoilet.com/characters/cameramans/10<br><br> |

| Titan Cameraman | 
https://skibiditoilet.com/characters/cameramans/15 |
|---|---|
| TV Woman | https://skibiditoilet.com/characters/cameramans/13
 |
| Dark TV Man; Energized TV Man | https://skibiditoilet.com/characters/cameramans/23 |

| | |
|---|---|
| |  |
| Camera Man | <br><br>https://skibiditoilet.com/characters/cameramans/2 |
| Camerawoman | https://skibiditoilet.com/characters/cameramans/1<br> |

| | |
|---|---|
| Juggernaut Astro Toilet | <br><br>https://skibiditoilet.com/characters/toilets/4 |
| Large TV Man | https://skibiditoilet.com/characters/cameramans/22<br><br> |
| Plungerman | https://skibiditoilet.com/characters/cameramans/16<br><br> |
| Chief Scientist Skibidi Toilet | |

| | |
|---|---|
| | https://skibiditoilet.com/characters/toilets/2 <br><br>  |
| Speakerman | https://skibiditoilet.com/characters/cameramans/24 <br><br>  |

| Speakerwoman | https://skibiditoilet.com/characters/cameramans/3  |
| Titan TV Man |   https://skibiditoilet.com/characters/cameramans/18 |

38.    Next Level has similarly used Infringing Material on Next Level's social media accounts on at least X (@skibidisurvival), Instagram (@skibidi_toilet_survival), Facebook (Skibidi Toilet), and TikTok (@skibiditoiletsurvival) (the "Infringing Social Media Accounts"). Significantly, the "profile picture" Next Level uses for each of the Infringing Social Media Accounts is an illicit reproduction of the iconic Skibidi Toilet main character from Episode 1.

| Infringing Social Media Account | Infringing Profile Picture featuring iconic screenshot of Skibidi Toilet from Episode 1 |
| --- | --- |

| X<br>@skibidisurvival |  |
|---|---|
| Instagram<br>@skibidi_toilet_surviva |  |
| Facebook<br>Skibidi Toilet |  |
| TikTok<br>@skibiditoiletsurvival |  |

39.    Next Level uses Infringing Material in the Infringing App itself and in advertising the Infringing App on the App Store and Google Play, on the Infringing Site, and on the Infringing Social Media Accounts, in violation of Invisible Narratives' rights in the Skibidi Toilet Copyrighted Works and Skibidi Toilet Trademark.

40.    Next Level's use of Infringing Material in the Infringing App itself and in advertising the Infringing App on the App Store and Google Play, on the Infringing Site, and on the Infringing Social Media Accounts, constitutes a violation of Invisible Narratives' exclusive rights to reproduce, distribute, perform, display, and/or prepare derivative works based on the Skibidi Toilet Copyrighted Works.

41.    Next Level has even taken its fraudulent scheme to the Copyright Office and the USPTO, to create the false impression that these agencies have "blessed" Next Level's claim to hold intellectual property rights in Skibidi Toilet.  Indeed, Next Level states on the Infringing Site that "I have registered copyrights for more than 20 characters from my game universe with the U.S. Copyright Office."

42.    Indeed, Next Level brazenly obtained certificates of registration from the Copyright Office for 20 images deposited with the Copyright Office, 17 of which were for images based on Invisible Narratives' copyrighted Skibidi Toilet Characters (the "Fraudulent Deposits"). The remaining three registrations were for 3 images that are not based on characters appearing in the Skibidi Toilet series, but which Next Level has represented as being characters from the Skibidi Toilet series (the "Non-Skibidi Toilet Deposits"). Each of the certificates of registration for the Fraudulent Deposits and the Non-Skibidi Toilet Deposits state that the registrations therefor are "based on deposited pictorial authorship describing, depicting, or embodying character(s)."

43.    In its applications for the Fraudulent Deposits, Next Level knowingly provided false information to the Copyright Office, stating that "Serhii Osadchyi" is the author of, and that Next Level is the "claimant" (i.e., owner) of, the Fraudulent Deposits.

44.    In fact, these characters first appeared in episodes of Skibidi Toilet created by Boom, now owned by Invisible Narratives, and pre-dating the submission of Next Level's applications to the Copyright Office.

45.    On information and belief, Next Level obtained pre-existing images of Skibidi Toilet Characters from publicly available Internet sources and reproduced them outright, or slightly modified

them, to create the Fraudulent Deposits. Next Level's infringing activities were not authorized by Invisible Narratives.

| **Next Level Stolen Images Deposited With Fraudulent Copyright Registrations** | **Boom Original Characters** |
|---|---|
|  VA0002389820 |  Camerawoman U.S. Copyright Reg. No. VAu001536848 |
|  VA0002389823 |  Cameraman U.S. Copyright Reg. No. VAu001536893 |
|  VA0002377695 | |



VA0002389824



Titan Camerman
U.S. Copyright Reg. No. VAu001536946



VA0002389816



Dark Speakerman
U.S. Copyright Reg. No. VAu001536895



VA0002389821



Titan Speakerman
U.S. Copyright Reg. No. VAu001536847

| | |
|---|---|
| <br>VA0002378400 | <br>Titan Speakerman<br>U.S. Copyright Reg. No. VAu001536847 |
| <br>VA0002389819 | <br>TV Woman<br>U.S. Copyright Reg. No. VAu001536945 |
| <br>VA0002389818 | <br>Titan TV Man<br>U.S. Copyright Reg. No. VAu001536858 |

| | |
|---|---|
|   VA0002378393 |   TV Man  U.S. Copyright Reg. No. VAu001536857 |
|   VA0002406373 |   Detainer Astro Toilet  U.S. Copyright Reg. No. VAu001536849 |
|   VA0002389825 |   Chief Scientist  U.S. Copyright Reg. No. VAu001536853 |




Juggernaut Astro Toilet
U.S. Copyright Reg. No. VAu001536851

VA0002406330




VA0002389822

G-toilet






VA0002406329

Buzzsaw Mutant




Buzzsaw Toilet

VA0002404043


Swat Mutant

VA0002406372

46.     In applying for copyright registration of the Fraudulent Deposits, Next Level transmitted the Fraudulent Deposits to the Copyright Office to serve as the required deposit copies. Next Level's activities pertaining to registering the Fraudulent Deposits constitute infringements of Invisible Narratives' exclusive rights to reproduce and prepare derivative works based on Invisible Narratives' copyrights in Skibidi Toilet, including the characters therein, as well as fraud on the Copyright Office.

47.     On information and belief, in reliance on Next Level's false statements of authorship and ownership of copyright in the Fraudulent Deposits, the Copyright Office issued certificates of registration (the "Fraudulently-Obtained Copyright Registrations").

48.     On information and belief, the Copyright Office would have refused registration of the Fraudulent Deposits if it was aware of the true authorship and ownership of the characters depicted therein

24
**COMPLAINT**

or their infringement of Invisible Narratives' copyrighted Skibidi Toilet Characters, as "protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully." 17 U.S.C. § 103(a).

49.    Similarly, Next Level applied for trademark registrations with the USPTO as well as other foreign trademark offices ("Fraudulent Trademark Applications"). The trademarks sought to be registered using the Fraudulent Trademark Applications incorporate the phrase "Skibidi Toilet" and, in many cases, depict an image of a character that is an unauthorized reproduction of, or derivative work based on, a Skibidi Toilet Character owned by Invisible Narratives, as shown below:

| Next Level Copied Images in U.S. Trademark Applications | Boom Original Characters |
|---|---|
| <br><br>U.S. Trademark Serial No. 79387724 | Skibidi Toilet<br><br><br>U.S. Copyright Reg. No. VAu001536944<br>Episode 1<br> |



**SKIBIDI TOILET**

U.S. Trademark Serial No. 79413147

Large Speakerman



U.S. Copyright Reg. No. VAu001536846



**SKIBIDI TOILET**

U.S. Trademark Serial No. 79413180

Large TV Man

U.S. Copyright Reg. No. VAu001536852



**SKIBIDI TOILET**

U.S. Trademark Serial No. 79410061

Jetpack Skibidi Toilet



| | Episode 47 at 0:14 |
|---|---|
|  **SKIBIDI TOILET** U.S. Trademark Serial No. 79412989 | DJ Skibidi Toilet  Episode 6 at 0:05 |
| **SKIBIDI TOILET** U.S. Trademark Serial No. 79410261 | Armed Laser Guardian Skibidi Toilet  Episode 74 at 0:28 |

| | Parasitic Skibidi Toilet |
|---|---|
|  U.S. Trademark Serial No. 79414126 |  Episode 42 at 0:12 |
| | Dual Buzz Saw Skibidi Toilet |
|  U.S. Trademark Serial No. 79412843 |  Episode 69 at 1:49 |
|  | Shield Laser Rocketeer Skibidi Toilet |

| | |
|---|---|
| U.S. Trademark Serial No. 79410442 | <br>Episode 70 at 1:04 |
| <br>U.S. Trademark Serial No. 79412842 | Vacuum Skibidi Urinal<br><br>Episode 46 at 0:16 |
| <br>U.S. Trademark Serial No. 79412803 | Mafia Skibidi Toilet 2.0<br><br>Episode 67 at 0:53 |

|  U.S. Trademark Serial No. 79413160 | Large Cameraman Scientist  Episode 36 at 2:02 |
|---|---|

50.     Next Level committed fraud on the USPTO by knowingly making false statements in its trademark applications with intent to deceive the USPTO in order to obtain registrations for SKIBIDI TOILET which Next Level knows is owned by Invisible Narratives.  Indeed, the USPTO has issued a non-final refusal of Next Level's application Serial No. 79387724 for the image below based, in part, on Reg. No. 7,540,934 for SKBIBIDI TOILET owned by Invisible Narratives.



Next Level recently submitted an office action response arguing that this application, prominently featuring a stolen image from Skibidi Toilet Episode 1, is sufficiently different from Invisible Narratives' registration *because of the stolen image* (excerpt below):

> Here, neither of the Prior Marks contains a design element. The Applicant's
> Mark, however, features an unusual design of a man's head sticking out of a
> toilet bowl, which is larger than the word elements of the Applicant's Mark. The design
> immediately draws one's attention and engages the viewer before he or she may notice the
> words "SKIBIDI TOILET VS CAMERAMAN TV WOMAN X TV MAN VS G-MAN."

*See* **Exhibit D.** Next Level's attempt to deceive the USPTO by using Invisible Narratives' copyrighted image as a factor in arguing against confusion is not only shameless, but also constitutes fraud on the USPTO.

51.     Invisible Narratives has attempted to use tools outside of litigation to stop Next Level's unlawful infringement but has had limited success. For example, the DMCA incorporates a safe harbor limiting copyright infringement liability for various classes of "service providers," including those who store allegedly infringing material on their systems "at the direction of a user." 17 U.S.C. § 512(c)(1). To avail itself of this limitation, a service provider must, upon receipt of a DMCA Takedown Notice compliant with the DMCA, "respond[] expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity." *Id.* § 512(c)(1)(C).

52.     In accordance with the DMCA, Invisible Narratives sent DMCA Takedown Notices to Google and Apple under the DMCA, truthfully stating that the Infringing App infringed Invisible Narratives' Skibidi Toilet Copyrights and Skibidi Toilet Trademark.

53.     Rather than cease its infringing conduct, Next Level provided Google and Apple with purported Counter-Notifications, falsely alleging that *Next Level* owned the relevant Skibidi Toilet trademarks and copyrights. To support its false and deceptive copyright ownership allegations, Next Level pointed Google to the Fraudulently-Obtained Copyright Registrations. While Google and Apple appear to have disabled access to the Infringing App as of the filing of this action, they may reinstate the Infringing App in their storefronts based on Next Level's false Counter-Notifications.

54.     Invisible Narratives has also sent DMCA Takedown Notices to GoDaddy and Digital Ocean, the registrar of the Infringing Domain Name and host of the Infringing Site, respectively. Neither

GoDaddy nor Digital Ocean appear to have taken action to disable access to the Infringing Site or any of the Infringing Material thereon.

### Defendant's False Notification and Threats to Disable the Entire *DaFuq!?Boom!* Channel

55.     Next Level recently escalated its fraudulent scheme, necessitating the immediate filing of this action. Specifically, on or before January 24, 2025, Next Level submitted a DMCA Takedown Notice to YouTube (the "False DMCA Takedown Notice"). The False DMCA Takedown Notice alleged that Next Level owns "20 (twenty) characters, registered with the U.S. Copyright Office"—in other words, the Fraudulently-Obtained Copyright Registrations. The False DMCA Takedown Notice also alleged that it owned copyright in the characters and that a video entitled "skibidi toilet – season 25 (all episodes)" ("Skibidi Toilet Season 25"), hosted on the Boom Channel, used the characters "without [Next Level's] permission." *See* **Exhibit E**.

56.     Under the DMCA, 17 U.S.C. § 512(c)(3)(A), a valid DMCA Takedown Notice requesting removal of allegedly infringing material must contain: (i) "A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed"; (ii) "Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site"; (iii) "Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material"; (iv) "Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted"; (v) "A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law"; and (vi) "A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."

57.     On information and belief, the False DMCA Takedown Notice contained all of the above required elements of a valid DMCA Takedown Notice, including a statement that such a person "has a good faith belief that the use of the material in the manner complained of is not authorized by the copyright

owner, its agent, or the law," and a statement "that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."

58.    None of these statements are true; Boom (not Next Level) created, and Invisible Narratives owns copyright in, the Skibidi Toilet web series and the characters therein, including the characters depicted in the Fraudulent Deposits. Moreover, three of the allegedly infringed characters (the Non-Skibidi Toilet Deposits) do not even appear in Skibidi Toilet Season 25 (or any other Skibidi Toilet episode, for that matter). Finally, the Fraudulently-Obtained Copyright Registrations are limited to specific images depicting certain characters and those registered images never appear in Skibidi Toilet Season 25 (or any other Skibidi Toilet episode).

59.    Nevertheless, on or about January 24, 2025, YouTube sent an email to the Boom Channel, indicating that Next Level had submitted the False DMCA Takedown Notice. As a result of the False DMCA Takedown Notice and in reliance on the false statements described above, YouTube removed the Skibidi Toilet Season 25 video from the Boom Channel, and has prevented YouTube users from viewing the video.

60.    Despite Invisible Narratives' submitting multiple Counter-Notifications, to date, YouTube has yet to reinstate access to Skibidi Toilet Season 25.

61.    The January 24 email from YouTube also stated that the *Boom Channel* "received a copyright strike," and that it "now ha[s] 1 copyright strike." YouTube also indicated that "[i]f you get multiple copyright strikes, we'll have to terminate your channel." On information and belief, Next Level knows about YouTube's policy with respect to multiple copyright strikes.

62.    On or about January 27, 2025, Boom received an email from an email address purporting to belong to Next Level, with the subject line: "Next Level Apps Technology – FZCO negotiations proposal." The January 27 email states that Next Level is the "current owner" of certain Skibidi Toilet related trademarks in the EU and China, as well as "characters from this universe, as evidenced by documents issued by the U.S. Copyright Office"—in other words, the Fraudulently-Obtained Copyright Registrations. Next Level's January 27 email also states that the Boom Channel "infringes the aforementioned trademarks as well as our company's copyrights," and that "[w]e have performed a

precautionary removal of the video infringing our IP rights"—i.e., by submitting the False Notification. Next Level's January 27 email then states**: "In view of the above, we suggest that you enter into a dialog with us and resolve all contentious issues through negotiations, which will save time and budget. We expect your response by January 31, 2025, and then we will use all legal tools to protect our brand."** *See* __Exhibit F__.

63.    Further, on or about February 5, 2025, Invisible Narratives received a nearly identical email from an email address purporting to belong to Next Level, with the subject line: "Skibidi Toilet copyright violation." The February 5 email again states that Next Level is the "current owner" of certain Skibidi Toilet related trademarks in the EU and China, as well as "characters from this universe, as evidenced by documents issued by the U.S. Copyright Office"—in other words, the Fraudulently-Obtained Copyright Registrations. Next Level's February 5 email also states that the Boom Channel "infringes the aforementioned trademarks as well as our company's copyrights," and that "[w]e have performed a precautionary removal of the video infringing our IP rights"—i.e., by submitting the False Notification. Next Level's February 5 email then states: **"In view of the above, we suggest that you enter into a dialog with us and resolve all contentious issues through negotiations, which will save time and budget. We expect your response by February 6, 2025. Also, be informed that we are going to take down another video this week as a final warning before channel termination."** *See* __Exhibit G__.

64.    On information and belief, the threatened "take down" of another authorized Skibidi Toilet video can only be accomplished by submitting another DMCA Takedown Notice to YouTube, containing either similar or identical false statements to its first False DMCA Takedown Notice.

65.    Many of the statements in the False DMCA Takedown Notice are not just inaccurate, but fraudulent. For example, Next Level's statement that it owns the copyrights in characters depicted in the Fraudulent Deposits is false. Next Level knows that its statement is false; it did not create the characters depicted in the Fraudulent Deposits, and does not own copyrights in them. Rather, as Next Level knows, the characters depicted in the Fraudulent Deposits are illicit reproductions of copyrighted Skibidi Toilet Characters created by Boom and owned by Invisible Narratives.

66.     As another example, Next Level's statement that the Skibidi Toilet Season 25 used 20 of Next Level's allegedly copyrighted characters is also knowingly false. The characters depicted in the three Non-Skibidi Toilet Deposits are not found anywhere in Skibidi Toilet Season 25.

67.     As another example, Next Level's statement that it "has a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law" is also knowingly false. Next Level knows that the use of the Skibidi Toilet Characters appearing in Skibidi Toilet Season 25 is authorized by the true copyright owner—i.e., Invisible Narratives—and the law. Next Level cannot possibly have had a good faith belief to the contrary.

68.     As another example, Next Level's sworn statement that the information in the False DMCA Takedown Notice is accurate and that Next Level "is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed" is also knowingly false. Next Level knows that in is not the owner of any exclusive right in the Fraudulent Deposits or the characters depicted therein, or any other copyright associated with Skibidi Toilet; rather, Invisible Narratives is. Accordingly, Next Level knows that it is not authorized to act on behalf of Invisible Narratives, the true owner of such copyrights.

69.     Based on Next Level's False DMCA Takedown Notice, Counter-Notifications, and correspondence with Invisible Narratives and Boom, along with the other circumstances of Next Level's registration of the Infringing Domain Name, posting of the Infringing Site and use of Infringing Material, Next Level's intent is readily apparent. Next Level knows that it does not have a legitimate claim to any copyrights or other intellectual property rights in Skibidi Toilet or its characters. But Next Level continuously and willfully spreads its false narrative that it created and owns Skibidi Toilet-related copyrights, and is using its knowledge of YouTube's DMCA Takedown Notice policy, including its "multiple strikes" policy, to hold legitimate Skibidi Toilet content hostage—unless Invisible Narratives pays Next Level a hefty ransom.

**Next Level's Conduct Has Injured and Is Continuing to Injure Invisible Narratives**

70.     Most immediately, Next Level's False DMCA Takedown Notice and threats to submit additional false DMCA Takedown Notices to YouTube jeopardizes the viability of the entire Boom Channel, which is critical to Invisible Narratives' Skibidi Toilet business. On information and belief, YouTube will simply disable access to any video that is complained about in a DMCA Takedown Notice

compliant with the DMCA, assuming that the statements in the DMCA Takedown Notice are accurate without performing its own investigation, which is it is free to do under the DMCA. Similarly, on information and belief, YouTube will disable entire channels under its "multiple strikes" policy based on its receipt of multiple DMCA Takedown Notices relating to the same channel, again assuming that the statements in the DMCA Takedown Notice are accurate without performing its own investigation, which is it is free to do under the DMCA.

71.    The Boom Channel is the exclusive online location where consumers can go to know they are watching authentic Skibidi Toilet content. Unlawful false DMCA Takedown Notices resulting in suspension of the Boom Channel deprive Invisible Narratives of the ability to post Skibidi Toilet videos and content that consumers know is authentic.

72.    After YouTube removed Season 25, Skibidi Toilet fans expressed widespread frustration and concern.  The harm from removal of Season 25 was amplified because there had been massive enthusiasm and anticipation over release of a new Skibidi Toilet episode on the Boom Channel.

73.    Invisible Narratives also obtains revenue from the placement of advertisements before and during performance of Skibidi Toilet videos on the Boom Channel. Unlawful DMCA Takedown Notices resulting in takedowns deprive the Boom Channel of views, which in turn deprives Invisible Narratives of advertising revenue generated by these views.

74.     If Next Level's fraudulent DMCA Takedown Notice scheme is permitted to continue, Invisible Narratives will lose that entire income stream for all videos on the channel, regardless of whether any given video has been accused of infringement. More importantly, Invisible Narratives will lose the ability to reach Skibidi Toilet fans everywhere, by publishing content in the manner of its choosing— which, as the true copyright owner of Skibidi Toilet, it should be able to do.

75.    Invisible Narratives has also suffered and will continue to suffer other serious, immediate harm due to Next Level's illicit conduct.

76.    For example, the purchasing public is likely to be induced into purchasing or otherwise consuming Next Level's goods, services, and content, in the erroneous belief that they are associated or affiliated with, or sponsored or approved by, Invisible Narratives, which they are not. Moreover, Next

Level's Infringing Material deprives Invisible Narratives of the ability to control the quality of legitimate Skibidi Toilet content.

77.     Next Level's illicit activities have caused and will continue to cause irreparable injury to the reputation and goodwill of Invisible Narratives and the Skibidi Toilet brand and web series, while Next Level benefits from the labor and intellectual capital that Invisible Narratives invested in the creation of its content.

78.     Further, Invisible Narratives has suffered, and unless Next Level's conduct is enjoined by this Court, will continue to suffer, actual economic damages, in the form of lost sales, revenues, and profits, and irreparable harm to Invisible Narratives' and the Skibidi Toilet brand's value, reputation, and goodwill, for which Invisible Narratives has no adequate legal remedy.

**<u>Next Level's Principals Perpetrated a Similar Scheme, as Detailed in a<br>Case Currently Pending in this District</u>**

79.     Upon information and belief, Next Level's principals, Serhii Osadchyi, Vladislav Ciapchis, Eduard Ciapchis, and Stanislav Chuprykov are behind a similar illegal scheme to attempt to claim ownership of the game Melon Sandbox, which, on information and belief, is owned by Ducky Ltd. ("Ducky"), by fraudulently registering copyrights and submitting DMCA Takedown Notices on platforms like Google Play, Apple App Store, and You Tube.

80.     Last year, Ducky filed a Complaint for Declaratory Relief ("Iviliia Complaint") against Iviliia Millionic IT Sp z o.o., a Polish private limited liability company ("Iviliia") seeking a declaratory judgment that it was the sole and exclusive owner of the copyrights to Melon Sandbox, and that Iviliia had no copyrights in Melon Sandbox or elements thereof.  *See Ducky Ltd. v. Iviliia Millionic IT Sp z o.o.* Case No. 3:24-cv-02268-PHK (N.D. Cal).

81.     Upon information and belief, V. Ciapchis and E. Ciapchis are co-owners of Iviliia, Osadchy is President of Iviliia, and Chuprykov is an authorized signatory of Iviliia.

82.     As detailed in the Iviliia Complaint, Iviliia, through its principals, "fraudulently registered copyrights with the United States Copyright Office covering certain artworks in the [Melon Sandbox] Game" (*id.* at ¶ 3), "used these fraudulently obtained copyright registrations to extort settlement payments and licensing fees from third parties" (*id.* at ¶ 4), "became so brazen as to request the removal of the Game

from the Apple App Store and the Google Play Store" (*id.* at ¶ 5), and "also sought to fraudulently obtain a trademark registration with the United States Patent and Trademark Office." (*id.* at ¶ 6).

83.    Iviliia failed to respond or otherwise appear in the action and the Clerk entered default on November 11, 2024.

84.    Ducky's Motion for Default Judgment is currently pending, and a hearing is scheduled for February 27, 2025.

85.    That the principals of Iviliia have perpetuated an identical, fraudulent scheme against Invisible Narratives demonstrates that Next Level, through those same individuals, is acting willfully, and will continue to cause irreparable injury to the reputation and goodwill of Invisible Narratives and the Skibidi Toilet brand and web series unless enjoined by this Court.

**COUNT I**

**FALSE NOTIFICATION UNDER THE DMCA**
**(17 U.S.C. §§ 512(f)(1))**

86.    Invisible Narratives repeats and realleges the preceding paragraphs as if fully set forth herein.

87.    Next Level submitted the False DMCA Notice to YouTube, containing knowingly false statements, including: (i) that Next Level was the author and owner of 20 copyrights in Skibidi Toilet characters (i.e. the Fraudulent Deposits); (ii) that Next Level had a "good faith belief" that Skibidi Toilet Season 25's use of the characters therein "is not authorized by the copyright owner, its agent, or the law"; and (iii) that it "is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."

88.    The false statements above constitute knowing, material representations that material or activity is infringing.

89.    Next Level has threatened to submit additional DMCA Takedown Notices to YouTube, containing the same or similar knowingly false statements.

90.    Next Level's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Invisible Narratives.

91.    Invisible Narratives has no adequate remedy at law.

38
**COMPLAINT**

92.    As a result of Next Level's actions, Invisible Narratives has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

93.    As a result of Next Level's actions, Invisible Narratives has incurred, and will continue to incur, costs and attorneys' fees, which it is entitled to recover under 17 U.S.C. § 512(f).

## COUNT II

### FALSE COUNTER-NOTIFICATION UNDER THE DMCA
### (17 U.S.C. §§ 512(f)(2))

94.    Invisible Narratives repeats and realleges the preceding paragraphs as if fully set forth herein.

95.    Next Level submitted the false Counter-Notifications to Google and Apple, containing knowingly false statements, including: (i) that Next Level was the author and owner of 20 copyrights in Skibidi Toilet characters (i.e. the Fraudulent Deposits); and (ii) that Next Level had a "good faith belief" that the Skibidi Toilet App was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.

96.    The false statements above constitute knowing, material representations that material or activity was removed or disabled by mistake or misidentification.

97.    Next Level's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Invisible Narratives.

98.    Invisible Narratives has no adequate remedy at law.

99.    As a result of Next Level's actions, Invisible Narratives has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

100.    As a result of Next Level's actions, Invisible Narratives has incurred, and will continue to incur, costs and attorneys' fees, which it is entitled to recover under 17 U.S.C. § 512(f).

## COUNT III

### DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 et seq.; 28 U.S.C. § 2201)

101.    Invisible Narratives repeats and realleges the preceding paragraphs as if set forth herein.

102.    In at least its False DMCA Notice, Next Level claims that it has valid copyrights in 20 characters in the Skibidi Toilet series (i.e., the Fraudulent Deposits and Non-Skibidi Toilet Deposits).

103.    The alleged copyrights in and to the Fraudulent Deposits are invalid or unenforceable, for at least the reasons stated above.

104.    Invisible Narratives has not copied any copyrightable authorship in any of the Fraudulent Deposits and Non-Skibidi Toilet Deposits, for at least the reasons stated above.

105.    Invisible Narratives does not infringe and has not infringed any valid copyrights in any of the Fraudulent Deposits and Non-Skibidi Toilet Deposits, for at least the reasons stated above.

106.    Accordingly, there exists an actual and justiciable controversy between Next Level and Invisible Narratives with respect to alleged infringement of allegedly valid copyrights in the Fraudulent Deposits and/or any other characters in the Skibidi Toilet series.

107.    Invisible Narratives seeks and is entitled to a declaratory judgment that it does not infringe any copyright in any of the Fraudulent Deposits and/or any other characters in the Skibidi Toilet series.

## COUNT IV

### COPYRIGHT INFRINGEMENT
### (17 U.S.C. §101 *et seq.*)

108.    Invisible Narratives repeats and realleges the preceding paragraphs as if set forth herein.

109.    Invisible Narratives enjoys exclusive rights with respect to the Skibidi Toilet Copyrighted Works, including the exclusive right to copy, reproduce, distribute, display, and create derivative works based on the same.

110.    Next Level had direct access to the Skibidi Toilet Copyrighted Works through at least the Boom Channel.

111.    Next Level has copied, reproduced, distributed, publicly performed, and/or publicly displayed infringing copies of the Skibidi Toilet Copyrighted Works without Invisible Narratives' consent or authorization, in violation of 17 U.S.C. § 106.

112.    As a direct and proximate result of Defendants' infringement of Invisible Narratives' copyrights, Invisible Narratives is entitled to damages in an amount to be determined at trial, which is not currently ascertainable.

113.    Alternatively, at its election, Invisible Narratives is entitled to the maximum allowable amount of statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

114.    Invisible Narratives is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

115.    Next Level's actions have caused and—unless enjoined by this Court—will continue to cause irreparable injury to Invisible Narratives for which Invisible Narratives has no adequate remedy at law. Invisible Narratives is therefore entitled to a preliminary and permanent injunction enjoining and restraining Next Level from reproducing, distributing, performing, displaying, or other use of the Skibidi Toilet Copyrighted Works or any other work that is substantially similar thereto or derivative thereof.

### COUNT V

### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATIONS OF ORIGIN, AND FALSE DESCRIPTIONS
### (15 U.S.C. §1125(a))

116.    Invisible Narratives repeats and realleges the preceding paragraphs as if set forth herein.

117.    Next Level's actions complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Next Level or Next Level's products, services, content, and/or commercial activities with Invisible Narratives or Invisible Narratives' products, services, content, and/or commercial activities, or as to the origin, sponsorship, or approval of Next Level's products, services, content, and/or commercial activities by Invisible Narratives.

118.    Next Level's actions complained of herein misrepresent the nature, characteristics, qualities, or geographic origin of both its goods, services, and commercial activities as well as the goods, services, and commercial activities of Invisible Narratives.

119.    Next Level's actions complained of herein constitute infringement of the unregistered Skibidi Toilet Trademark, unfair competition, false designation of origin, and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

120.    Invisible Narratives has no control over the quality of Next Level's products, services, content, and/or commercial activities. Because of the likelihood of confusion as to the source of Next Level's products, Invisible Narratives' valuable goodwill in its trademarks is at the mercy of, and being harmed by, Next Level's unauthorized use of the Skibidi Toilet Trademark.

121.    Invisible Narratives has sustained and is likely to sustain damages as a direct and proximate result of Next Level's actions complained of herein.

122.    Next Level's actions have caused and—unless enjoined by this Court—will continue to cause irreparable injury to Invisible Narratives for which Invisible Narratives has no adequate remedy at law. Invisible Narratives is therefore entitled to a preliminary and permanent injunction enjoining and restraining Next Level from use of the Skibidi Toilet Trademark or any other mark that is confusingly similar thereto. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Plaintiff. Among other things, Defendants' actions have caused and are continuing to cause monetary harm (through lost sales) as well as harm to Plaintiff's brand, goodwill, and reputation.

123.    This is an exceptional case for which Invisible Narratives seeks an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT VI

### CYBERSQUATTING
### (15 U.S.C. §1125(d))

124.    Invisible Narratives repeats and realleges the preceding paragraphs as if set forth herein.

125.    The Skibidi Toilet Trademark was distinctive or famous at the time Next Level registered, used, and/or trafficked in the Infringing Domain Name.

126.    Notwithstanding the reputation and goodwill represented by the Skibidi Toilet Trademark, and, on information and belief, precisely because of said awareness, Next Level willfully began using in commerce the Infringing Domain Name with a bad faith intent to profit from the Skibidi Toilet Trademark.

127.    The Infringing Domain Name is identical to Invisible Narratives' SKIBIDI TOILET trademark.

128.    Next Level registered, used, and/or trafficked in the Infringing Domain Name with a bad faith intent to profit from Invisible Narratives' SKIBIDI TOILET trademark.

129.    Next Level does not have rights or legitimate interests in the Infringing Domain Name.

130.    Next Level does not have any prior use of the Infringing Domain Name in connection with the bona fide offering of goods or services.

131.    Next Level's acts as alleged herein violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

132.    Next Level's registration and continued use and/or trafficking of the Infringing Domain Name has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Invisible Narratives and its brand, reputation, and goodwill.

133.    Next Level's registration and continued use of the Infringing Domain Name has caused and will continue to cause Invisible Narratives to suffer monetary damages in an amount to be determined at trial.

## COUNT VII

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

134.    Invisible Narratives repeats and realleges the preceding paragraphs as if set forth herein.

135.    Next Level's aforesaid conduct constitutes common law trademark infringement and unfair competition under the common law of the State of California.

136.    Next Level has unfairly and intentionally used the Skibidi Toilet Trademark to misrepresent their products, services, and/or content as originating from or having the sponsorship, affiliation, or approval of Invisible Narratives.

137.    Next Level has engaged in such unfair and improper conduct to trade off of, and benefit from, Invisible Narratives' reputation and goodwill in its Skibidi Toilet Trademark.

138.    Next Level's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Invisible Narratives.

139.    Invisible Narratives has no adequate remedy at law.

140.    Next Level's conduct is oppressive, fraudulent, and malicious, entitling Invisible Narratives to an award of punitive damages.

## COUNT VIII

### UNFAIR COMPETITION AND FALSE ADVERTISING UNDER
### CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 AND 17500 et seq.

141.    Invisible Narratives repeats and realleges the preceding paragraphs as if set forth herein.

142.    By virtue of the acts complained of herein, Next Level has engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code

§§ 17200 and 17500, et seq., and, as a result, Invisible Narratives has suffered and will continue to suffer damage to its business, reputation, and goodwill.

143.    As a direct and proximate result of Next Level's willful and intentional actions, Invisible Narratives has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Invisible Narratives will continue to suffer irreparable damage.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Invisible Narratives requests judgment in favor of Invisible Narratives and against Next Level on all counts herein, and an award of the following relief:

1. Enter a declaration that Next Level has directly and/or indirectly infringed the Invisible Narratives' valid and duly issued copyrights in the Skibidi Toilet Copyrighted Works;

2. Enter a declaration that Next Level has directly and/or infringed the Skibidi Toilet Marks by using them in commerce in connection with Next Level's products, services, and/or content;

3. Enter a preliminary and permanent injunction enjoining and prohibiting Next Level and its officers, directors, employees, agents, affiliates, successors, assigns, licensees, and entities owned or controlled by Next Level, and all those in privity or acting in concert with Next Level, and each of them, who receives notice directly or otherwise of such injunction from:

   a. Directly or indirectly taking any actions to remove or disable access to any actions to remove or disable access to any material hosted on the Boom Channel, including by submitting DMCA Takedown Notices to YouTube claiming that any such material hosted on infringes any copyrights to Skibidi Toilet works or the characters therein, or removing or disabling access to such material based on receipt of such DMCA Takedown Notices— and, to the extent that any actions to remove or disable access have already been taken, such actions shall be retracted and canceled;

   b. Releasing, distributing, or making the Infringing App available for download on Apple's App Store, Google Play, or any other medium for distribution of mobile applications;

   c. Using the Infringing Site or Infringing Social Media Accounts in connection with Skibidi Toilet-related videos or the Infringing App;

d.  Reproducing, transmitting, or otherwise using any Infringing Material, including images derivative of the Skibidi Toilet Characters, in any filings with the United States Copyright Office, United States Patent and Trademark Office, or other domestic or foreign government agency;

e.  Otherwise reproducing, distributing, performing, displaying, advertising, marketing, promoting, selling, and/or offering for sale Infringing Material, without Invisible Narratives' authorization;

f.  Filing applications with the United States Patent and Trademark Office, or elsewhere for trademarks or trademark registrations that include the phrase "Skibidi Toilet," by itself or with other words, symbols, characters, graphic images, or other devices;

g.  Otherwise using the Skibidi Toilet Trademark, or any reproduction, counterfeit, copy, or colorable imitation of said marks, in connection with the advertising, marketing, sale, offer for sale, or distribution of Next Level's products, services, and/or content;

h.  Otherwise using the Skibidi Toilet Trademark, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Next Level's products, services, and/or content are connected with Invisible Narratives or are genuine Invisible Narratives branded products, services, and/or content; and

i.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g);

4.  Order Next Level and any and all persons controlled by or acting in concert with Next Level to recall from any distributors and retailers and deliver up to Invisible Narratives for destruction any products, services, and/or content infringing the Skibidi Toilet Marks, and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of the Skibidi Toilet Marks or other rights, or bear any marks or incorporate any works that are confusingly or substantially similar to the Skibidi Toilet Marks;

5.  Order deliver up for destruction all materials in their possession, custody or control, or the possession, custody or control of any of their agents, distributors, and representatives, embodying

or displaying the Skibidi Toilet Copyrighted Works, including without limitation all pictures, advertising and/or promotional materials, packaging, labels, tags, online materials, and any other materials;

6. Order Next Level to file with the Court and serve upon Invisible Narratives, within thirty (30) days after the service of the injunction upon Next Level, a report in writing under oath setting forth in detail the manner and form in which Next Level has complied with the injunction and judgment entered pursuant to this Complaint;

7. Order that the Infringing Domain Name, the Infringing Site, and the Fraudulently-Obtained Copyright Registrations, be assigned, transferred, and conveyed to Invisible Narratives;

8. Order an accounting and disgorgement of Next Level's profits, gains, and advantages realized from its reproducing, distributing, performing, displaying, advertising, marketing, promoting, selling, and/or offering for sale Infringing Material as described herein, including a reconciliation of all purchases and sales of the infringing products with documents relating to all such purchases and sales;

9. Order that Next Level pay Invisible Narratives its actual damages, plus the amount of Defendants' profits attributable to the conduct alleged herein pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b), and other applicable law;

10. Order that, in the alternative to Invisible Narratives' actual damages and Next Level's profits, Next Level pay Invisible Narratives statutory damages for willful copyright infringement in the amount of $150,000 per Registered Skibidi Toilet Work as authorized by 17 U.S.C. § 504(c);

11. Order that Next Level pay Invisible Narratives enhanced damages as provided by 15 U.S.C. § 1117 and other applicable law;

12. Order that Next Level pay Invisible Narratives actual and/or punitive damages to be proven at trial for common law trademark infringement and unfair competition;

13. Order that this case be found exceptional, and Plaintiff awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a);

14. Order that Next Level pay Invisible Narratives statutory damages for cyberpiracy in the amount of $100,000 as authorized by 17 U.S.C. § 1117(d);

15. Order that Next Level pay Invisible Narratives reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505, 17 U.S.C. § 512(f), and other applicable law;

16. Order that Invisible Narratives be awarded damages in an amount sufficient to compensate it for the damage caused by Next Level's unfair competition under California Business and Professions Code §§ 17200 and 17500 et seq.;

17. Order that Next Level pay Invisible Narratives pre-judgment and post-judgment interest on Invisible Narratives' damages at the applicable rate; and

18. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all triable issues raised by this Complaint.

Respectfully submitted,

Dated: February 14, 2025

By:     /s/ Jie (Lisa) Li
        Ian C. Ballon
        Jie (Lisa) Li
        Amy L. Kramer (*pro hac vice forthcoming*)
        GREENBERG TRAURIG, LLP

        Attorneys for Plaintiff Invisible Narratives, LLC