UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVISIBLE NARRATIVES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>    Defendant. | CASE NO.  5:25-cv-01644-NW<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, AND ORDER PERMITTING ALTERNATIVE SERVICE** |

       Plaintiff Invisible Narratives, LLC ("Plaintiff" or "Invisible Narratives") has moved for an *ex parte* temporary restraining order, an order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act, 15 U.S.C. §§ 1116, and an order permitting alternative service on Defendant Next Level Apps Technology – FZCO ("Defendant" or "Next Level"). Plaintiff alleges that Defendant has submitted a fraudulent notification ("DMCA Takedown Notice") to YouTube under the Digital Millennium Copyright Act ("DMCA"), falsely claiming authorship and copyright ownership of certain material incorporated in the Skibidi Toilet web series and that certain content owned by Invisible Narratives and posted to the YouTube Channel *DaFuq!?Boom!* (the "Boom Channel") infringes said copyrights, in violation of 17 U.S.C. § 512(f)(1). Plaintiff further alleges that Defendant has committed

acts of trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), by using the mark SKIBIDI TOILET in conjunction with marketing and advertising its products and services, including in the marketing, advertising, distribution, sale, and/or offer for sale of an app entitled "Skibidi Toilet" (the "Infringing App") on the App Store and Google Play, and in associated advertising on the unlawfully registered website skibiditoilet.com (the "Infringing Site") and social media accounts on X (formerly Twitter), Instagram, Facebook, and Tiktok (the "Infringing Social Media Accounts"), as more fully described in, and in addition to other activity described in, Plaintiff's Complaint.

Having reviewed the Complaint, application for *ex parte* temporary restraining order, order for a preliminary injunction, and order permitting alternative service on Defendant, the memorandum of points and authorities, and supporting declarations and exhibits, the Court finds:

A. Plaintiff is likely to succeed in showing that (i) Defendant has knowingly materially misrepresented, in its DMCA Takedown Notice to YouTube, that it authored and owns characters in characters associated with Skibidi Toilet, and that it has a good faith belief that Plaintiff's use of same is not authorized by the copyright owner or the law, and has threatened to continue submitting DMCA Takedown Notices containing the same knowing material misrepresentations; and (ii) Defendant has infringed and is continuing to infringe Plaintiff's valid and subsisting trademark rights in and to the SKIBIDI TOILET mark in connection with its marketing and advertising of Defendant's products and services, including on the skibiditoilet.com website and Defendant's social media sites;

B. Defendant's knowing material misrepresentations in Defendant's actual and threatened DMCA Takedown Notices, and Defendant's use of the SKIBIDI TOILET mark in connection with the marketing and advertising of Defendant's products and services, will result in immediate and irreparable injury to Plaintiff if the relief requested does not issue;

C. Plaintiff's harm from denial of the requested relief outweighs the harm to Defendant's legitimate interests, if any, against granting such relief; and

D. No prior application for the relief provided herein has been made by Plaintiff against Defendant.

      THEREFORE, IT IS HEREBY ORDERED that Defendant show cause on the ___ day of _____ 2025 at _____ or as soon thereafter as counsel can be heard, in the United States District Court for the Northern District of California, located at _____, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 43(a) of the Lanham Act should not be issued preliminarily enjoining it, its agents, servants, employees, officers, and all other persons in active concert or participation with them (including, with respect to item (1) below, recipients of purported DMCA Takedown Notices from Defendant or its agents, servants, employees, or officers), pending the final hearing and determination of this action from:

1. Directly or indirectly taking any actions to remove or disable access to any material hosted on the Boom Channel, including by submitting DMCA Takedown Notices to YouTube claiming that any such material hosted thereon infringes any copyrights to Skibidi Toilet works or the characters therein, or removing or disabling access to such material based on receipt of such DMCA Takedown Notices—and, to the extent that any actions to remove or disable access have already been taken, such actions shall be retracted and canceled;

2. Releasing, distributing, or making the Infringing App available for download on Apple's App Store, Google Play, or any other medium for distribution of mobile applications;

3. Using the Infringing Site or Infringing Social Media Accounts in connection with Skibidi Toilet-related videos or the Infringing App;

4. Otherwise using the SKIBIDI TOILET mark in advertising or marketing Defendant's products or services, including on the Infringing Site or Infringing Social Media Accounts;

5. Filing applications with the United States Patent and Trademark Office or elsewhere for trademarks or trademark registrations that include the phrase "Skibidi Toilet," by itself or with other words, symbols, characters, graphic images, or other devices;

6. Otherwise directly or indirectly infringing Plaintiff's valid SKIBIDI TOILET mark; and

7. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (1) through (6) above.

      IT IS FURTHER ORDERED that Defendant's answering papers shall be filed and served upon Plaintiff's counsel by email to ballon@gtlaw.com and amy.kramer@gtlaw.com, by the _____ day of

_____, 2025, and any reply papers shall be filed and served on Defendant by _____, 2025.

IT FURTHER APPEARING to the Court that Defendant has knowingly materially misrepresented, in DMCA Takedown Notices to YouTube, that it authored and owns characters in characters associated with Skibidi Toilet, and that it has a good faith belief that Plaintiff's use of same is not authorized by the copyright owner or the law, and that it has threatened to continue making such knowing material misrepresentations in future DMCA Takedown Notices, and that it will continue to carry out such acts unless restrained by the Order of this Court,

IT IS HEREBY ORDERED, that pending the hearing on Plaintiff's application for a preliminary injunction set forth above, or such further dates as set by the Court, unless Defendant stipulates, or has not objected, to the Preliminary Injunction, Defendant, its agents, servants, employees, officers, and all other persons in active concert or participation with them (including recipients of purported DMCA Takedown Notices from Defendant or its agents, servants, employees, or officers), or having knowledge of this Order by personal service or otherwise be, and they are hereby temporarily restrained from:

1. Directly or indirectly taking any actions to remove or disable access to any material hosted on the Boom Channel, including by submitting DMCA Takedown Notices to YouTube claiming that any such material hosted thereon infringes any copyrights to Skibidi Toilet works or the characters therein, or removing or disabling access to such material based on receipt of such DMCA Takedown Notices—and, to the extent that any actions to remove or disable access have already been taken, such actions shall be retracted and canceled.

IT IS FURTHER ORDERED that Plaintiff shall post security in the amount of $\_\_\_\_, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiff's counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

IT FURTHER APPEARING to the Court that Defendant is formed under the laws of, and resides in, Dubai, United Arab Emirates; and that no international agreement expressly prohibits service of the Summons, Complaint, and all other papers filed in this proceeding on Defendant by email; and that Plaintiff's application to be permitted to serve Defendant by email is reasonably calculated to give notice to Defendant and permit Defendant to appear and be heard;

IT IS HEREBY ORDERED, that Plaintiff shall serve Defendant with the Summons, Complaint, and all other papers filed in this proceeding by email to ip_support@nxtlvlcomp.org and ciapchisvladislav@gmail.com on or before _____, 2025, and file proof of service of the same on or before _____, 2025.

IT IS ORDERED in _____, California on this ____ of February, 2025.

_____
UNITED STATES DISTRICT JUDGE