UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVISIBLE NARRATIVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEXT LEVEL APPS TECHNOLOGY - FZCO,<br><br>　　　　Defendant. | Case No. 25-cv-01644-NW<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TRO, ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE, ORDER PERMITTING SERVICE BY ALTERNATIVE SERVICE, AND ORDER SETTING HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 9 |

　　　　Plaintiff Invisible Narratives LLC ("Invisible Narratives") filed the complaint in this action on February 14, 2025, asserting federal copyright claims against Defendant Next Level Apps Technology FZCO ("Next Level") under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, including, *inter alia*, Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), the Lanham Act, 15 U.S.C. § 1125(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201.  *See* Compl., ECF No. 1.  On February 18, 2025, Invisible Narratives filed an *ex parte* application seeking a temporary restraining order ("TRO") against Next Level and an order to show cause why a preliminary injunction should not issue.  *See* Applic., ECF No. 9.  Invisible Narratives's *ex parte* application is GRANTED as set forth below.

　　　　Invisible Narratives SHALL, by Saturday, February 22, 2025, file proof of service of process on Next Level.  Next Level is hereby ORDERED TO SHOW CAUSE, in writing and on or before Wednesday, February 26, 2025, why a preliminary injunction should not issue.  A hearing on the motion for a preliminary injunction is set for March 3, 2025, at 11:00 a.m.

## I. BACKGROUND

Invisible Narratives has submitted the declarations of Alexey Gerasimov, the creator and original copyright owner of the Skibidi Toilet animated series, and Adam Goodman, owner and founder of Invisible Narratives, which establish the following facts. *See generally* Gerasimov Decl., ECF No. 9-3; Goodman Decl., ECF No. 9-2. Invisible Narratives is headquartered in Santa Monica, California, and is a "multimedia studio bridging Hollywood expertise and the creator economy." Goodman Decl. ¶ 3. On October 12, 2023, Gerasimov assigned to Invisible Narratives "all copyright and trademark rights and associated goodwill" to the Skibidi Toilet series and concept, including all Skibidi Toilet video and other content existing at that time or later created. Gerasimov Decl. ¶ 42; Goodman Decl. ¶ 4. After the assignment, Gerasimov continued to create Skibidi Toilet episodes that were owned by Invisible Narratives and which displayed the Skibidi Toilet trademark. Goodman Decl. ¶¶ 5,7. Invisible Narratives registered several copyrights with the United States Copyright Office for certain Skibidi Toilet characters. *Id*. ¶¶ 6-7. Invisible Narratives also owns and uses the Skibidi Toilet Trademark for all Skibidi Toilet content it posts on a YouTube channel called *DaFuq!?Boom!* ("the Boom Channel"), which currently has 18.6 billion views globally. *Id*. ¶¶ 4, 11.

Next Level is organized as a "Free Zone Company" under the laws of the United Arab Emirates. Compl., ECF No. 1 ¶ 10. Next Level fraudulently obtained copyright registrations, filed trademark applications, registered the skibiditoilet.com domain ("Infringing Site"), and released applications on Apple and GooglePlay with the name Skibidi Toilet included. Goodman Decl. ¶ 14. Next Level unlawfully submitted takedown notices to YouTube under the Digital Millennium Copyright Act ("DMCA Takedown Notices") which claimed that Season 25 of Skibidi Toilet contained copyright content owned by Next Level. Goodman Decl. ¶ 15. YouTube then disabled access to Season 25 of Skibidi Toilet, and as of the date Invisible Narratives filed this suit, YouTube has not reinstated access. *Id*. ¶ 15. YouTube assessed a "copyright strike" on the Boom Channel and warned Invisible Narratives that multiple copyright strikes will result in YouTube disabling the account. *Id*. ¶ 19.

On February 5, 2025, Next Level emailed Invisible Narratives, falsely alleged that Next

1  Level is the "current owner" of Skibidi Toilet trademarks and characters, and accused Invisible
2  Narratives of infringing on those trademarks and copyrights. *Id*. ¶ 21, Ex. 7. Next Level asserted
3  that Invisible Narratives should begin negotiating with Next Level within one day ("by February
4  6, 2025") and that Next Level planned, presumably through further DMCA takedown notices, "to
5  takedown another video this week as a *final warning* before channel termination." *Id*. (emphasis
6  added). Individual Narratives filed this action against Next Level and seeks an *ex parte* TRO.
7  *Id*. ¶ 22.

8  **II.    LEGAL STANDARD**

9  The Court may issue a TRO without notice to the adverse party only if: "(A) specific facts
10 in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or
11 damage will result to the movant before the adverse party can be heard in opposition; and (B) the
12 movant's attorney certifies in writing any efforts made to give notice and the reasons why it
13 should not be required." Fed. R. Civ. P. 65(b)(1). In addition, this district's Civil Local Rules
14 require that a TRO application be accompanied by "[a] declaration by counsel certifying that
15 notice has been provided to the opposing party, or explaining why such notice could not be
16 provided." Civ. L.R. 65-1(a)(5).

17 Courts use the same standard for issuing a temporary restraining order as that for issuing a
18 preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir.
19 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially
20 identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable
21 discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that
22 the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555
23 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is
24 likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of
25 preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in
26 the public interest." *Id*. at 20. "[I]f a plaintiff can only show that there are serious questions going
27 to the merits – a lesser showing than likelihood of success on the merits – then a preliminary
28 injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the

1  other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942
2  (9th Cir. 2014) (internal quotation marks and citations omitted).

### III.  DISCUSSION

Invisible Narratives asks the Court to issue an order: (1) temporarily restraining Next Level from taking any actions to remove or disable access to content hosted on the Boom Channel, including by submitting DMCA Takedown Notices to YouTube alleging copyright infringement, and to the extent that Next Level has take such actions already, for those actions to be retracted or canceled; (2) preliminarily enjoining and restraining Next Level from infringing upon the Skibidi Toilet Trademark, including by making, releasing, or distributing applications ("Infringing App") on Apple, Google Play, or any other medium for distribution for mobile applications, and using domains and social media accounts in connection with Skibidi Toilet-related videos, as well as filing applications with the United States Patent and Trademark Office or elsewhere for trademarks or trademark registrations that include the phrase "Skibidi Toilet," by itself or with other words, symbols, characters, graphic images, or other devices; and (3) authorizing service by email upon Next Level.  Invisible Narratives also requests that the Court require Next Level to show cause why a preliminary injunction should not issue.

The Court finds that Invisible Narratives has satisfied the requirements for issuance of a TRO *ex parte*, and therefore will grant the *ex parte* application, as discussed below.

### A.  Notice

Under the legal standard set forth above, Invisible Narratives may obtain a TRO without notice to Next Level only by presenting specific facts in an affidavit or verified complaint showing that "immediate and irreparable injury, loss, or damage" otherwise would result.  Fed. R. Civ. P. 65(b)(1).  The movant's attorney must certify in writing the reasons why notice should not be required.  *See id.*; Civ. L.R. 65-1(a)(5).

Invisible Narratives has satisfied these requirements.  The declarations of Alexey Gerasimov and Adam Goodman, discussed above, demonstrate that Gerasimov created the characters in Skibidi Toilet and assigned all rights to Invisible Narratives, which now owns the copyrights for Skibidi Toilet characters as well as the Skibidi Toilet Trademark.  *See generally*

4

Gerasimov Decl.; Goodman Decl. Further, the declarations establish that Next Level has submitted a DMCA Takedown Notice to YouTube and, among other actions, has taken a series of unlawful steps to obtain copyright registrations from the United States Patent and Trademark Office. Goodman Decl. ¶ 14. On February 5, 2025, Next Level warned Invisible Narratives that it plans to submit another DMCA Takedown Notice to YouTube if Invisible Narratives did not immediately engage in dialogue and negotiate with Next Level. *Id*. ¶ 21. Invisible Narratives is concerned that if Next Level follows through with its warning and files another DMCA Takedown Notice to YouTube, YouTube will disable the Boom Channel account. Compl., ECF No. 1 ¶ 3. On this record, the Court is satisfied that issuance of a TRO without notice is appropriate.

### B.  Analysis

#### 1.  Likelihood of Success on the Merits

The Court begins its analysis by considering Invisible Narratives' showing on the first *Winter* factor, likelihood of success on the merits. Invisible Narratives' application for a TRO is based primarily on its claim for false notification under 17 U.S.C. § 512(f)(1). To prevail on a DMCA false notification claim, an aggrieved plaintiff must plead and prove three elements: (1) the defendant "knowingly and materially misrepresent[ed]" that copyright infringement occurred, (2) a service provider "remov[ed] or disable[ed] access to the material claimed to be infringing", and (3) that the plaintiff has been "injured" as a result. 17 U.S.C. § 512(f). Invisible Narratives has presented evidence that Next Level was neither the original creator of Skibidi Toilet nor the lawful copyright owner of Skibidi Toilet characters. *See* Gerasimov Decl. ¶ 42; Goodman Decl. ¶ 4. Further, YouTube disabled access to Season 25 of Skibidi Toilet in response to Next Level's DCMA Takedown Notice, which caused Invisible Narratives to lose streaming revenue from advertising placement. Invisible Narratives has demonstrated that it is likely to succeed on the merits of its false notification claim.

#### 2.  Irreparable Harm

Invisible Narratives also has established that it is likely to suffer irreparable harm if a TRO is not granted. "[C]ourts in this district have presumed that Plaintiff will suffer irreparable harm if its proprietary information is misappropriated." *Comet Techs. United States of Am. Inc. v.*

*Beuerman*, No. 18-CV-01441-LHK, 2018 WL 1990226, at *5 (N.D. Cal. Mar. 15, 2018) (internal quotation marks, citation, and brackets omitted) (collecting cases). Moreover, Invisible Narratives has presented evidence that Next Level plans to submit another DMCA Takedown Notice to YouTube, and that in response YouTube will likely disable the Boom Channel consistent with YouTube's internal "strikes" policy. *See* 17 U.S.C. § 512(i)(1)(A) (liability limited for service providers in so far as service provider "has adopted and reasonably implemented . . . a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers"). Should YouTube disable the Boom Channel or restrict Skibidi Toilet content, Invisible Narratives will lose streaming revenue from advertisement placement. Invisible Narratives also asserts that YouTube's removal of Skibidi Toilet content will result in a loss of goodwill and damage to Invisible Narratives' reputation. Invisible Narratives has made a sufficient showing on irreparable harm.

### 3. Balance of Equities

The balance of equities favors Invisible Narratives' motion for TRO. Based on the record evidence, it appears Next Level has unlawfully obtained copyright and trademark rights to Skibidi Toilet characters and content and are attempting to assert those rights and market Skibidi Toilet content for Next Level's direct financial benefit or for the purpose of demanding compensation or other benefits from Invisible Narratives, which rightfully owns Skibidi Toilet characters and content. Next Level does not appear to have any legitimate, lawful interest in Skibidi Toilet characters or content. Next Level will not experience meaningful hardship as a result of the TRO because Next Level will only be enjoined from misappropriating Invisible Narratives' intellectual property.

### 4. Public Interest

The public interest favors granting this TRO because the public has an interest in avoiding the misuse of intellectual property laws, including the DMCA.

### C. Security

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the

6

court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Ninth Circuit has "recognized that Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation omitted) (italics in original). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*. The Court finds that there is no realistic likelihood of harm to Next Level because a TRO would enjoin Next Level from filing DMCA Takedown Notices and from otherwise infringing on Invisible Narratives' intellectual property. *See Comet*, No. 18-CV-01441-LHK, 2018 WL 1990226, at *6 ("[T]here is no likelihood of harm because the TRO would simply enjoin Defendant from doing something Defendant never had a right to do in the first place.").

Accordingly, the Court finds it appropriate to issue injunctive relief without requiring Invisible Narratives to provide security.

### D.  Scope of Relief

#### 1.  Injunctive Relief

For the reasons discussed above, the Court is satisfied that Invisible Narratives is entitled to temporary injunctive relief enjoining Next Level from creating or distributing any Skibidi Toilet content and taking any actions to remove or disable access to material hosted on the Boom Channel. The application for a TRO is GRANTED.

#### 2.  Service of Process

Invisible Narratives alleges that Next Level is a company resident in Dubai, United Arab Emirates, and requests leave to serve Next Level by email. Given the urgency of Invisible Narratives' application for TRO, and on the particular facts of this case as discussed above, the Court finds the request for alternate service of process to be well-taken. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). In *Rio*, the Ninth Circuit made clear that alternate service on a foreign individual may be utilized under Federal Rule of Civil Procedure 4(f)(3) without first attempting service by other means in cases of "urgency." *See id*. Such service "must comport with constitutional notions of due process and must not be prohibited by

7

international agreement." *Id*. The Court finds that service on Next Level by email, as well as service by Federal Express, comports with constitutional notions of due process in light of Individual Narratives' evidence that Next Level has communicated with Invisible Narratives, submitted the DMCA Takedown Notices, and otherwise communicated with third-parties regarding copyright notices using email addresses with the domain "nxlvlcomp.org." Only two weeks ago, Next Level communicated with Individual Narratives via one of these "nxlvlcomp.org" addresses. The Court is unaware of any international agreement that would prohibit the requested alternate service.

Invisible Narrative's request to serve Next Level by alternate service is GRANTED.

## IV.   ORDER

Invisible Narratives' *ex parte* application is GRANTED, without requiring Invisible Narratives to provide security, as follows:

(1) Defendant is enjoined from directly or indirectly taking any actions to remove or disable access to any material hosted on the Boom Channel, including by submitting DMCA Takedown Notices to YouTube claiming that any such material hosted on the Boom Channel infringes on any copyrights for Skibidi Toilet content or characters, or removing or disabling access to such material based on receipt of such DMCA Takedown Notices—and, to the extent that any actions to remove or disable access have already been taken, such actions shall be immediately retracted and canceled;

(2) Defendant is enjoined from releasing, distributing, or making any Infringing App that includes Skibidi Toilet content or characters available for download on Apple's App Store, Google Play, or any other medium for distribution of mobile applications;

(3) Defendant is enjoined from using the Infringing Site or Infringing Social Media Accounts in connection with Skibidi Toilet-related videos or the Infringing App;

(4) Defendant is enjoined from otherwise using the SKIBIDI TOILET mark in advertising or marketing Next Level's products or services, including on the Infringing Site or on any "Infringing Social Media Accounts", as defined in the Complaint;

(5) Defendant is enjoined from filing applications with the United States Patent and

Trademark Office or elsewhere for trademarks or trademark registrations that include the phrase "Skibidi Toilet," by itself or with other words, symbols, characters, graphic images, or other devices;

(6) Defendant is enjoined from otherwise directly or indirectly infringing Plaintiff's valid SKIBIDI TOILET mark; and

(7) Defendant is enjoined from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (1) through (6) above.

Invisible Narratives SHALL serve Next Level by (1) alternate service via any email address listed in the Complaint or included in any Exhibit, and (2) followed by Federal Express delivery to any address listed by Next Level on copyright applications or included in any Exhibit, including but not limited to the "IFZA Business Park, DDP, A1 - 3641379065, Dubai, 00000, United Arab Emirates" address. *See e.g.*, Trachtenberg Decl., ECF No. 9-7, Ex. 9.

Invisible Narratives SHALL file proof of service of process on Next Level by Saturday, February 22, 2025.

Next Level is hereby ORDERED TO SHOW CAUSE, in writing and on or before Wednesday, February 26, 2025, why a preliminary injunction should not issue.

A hearing on Invisible Narratives motion for a preliminary injunction is set for Monday, March 3, 2025, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: February 19, 2025

Noël Wise
United States District Judge