James M. Smedley (Admitted Pro Hac Vice)
Jonathan Lagarenne (Admitted Pro Hac Vice)
Cali Spota (Admitted Pro Hac Vice)
Jonathan Madara (Admitted Pro Hac Vice)
FOX ROTHSCHILD LLP
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Telephone: 609.896.3600
Facsimile: 609.896.1469
Email: jsmedley@foxrothschild.com
Email: jlagarenne@foxrothschild.com
Email: cspota@foxrothschild.com
Email: jmadara@foxrothschild.com

Jack Praetzellis (SBN 267765)
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.651.1424
Facsimile: 415.391.4436
Email: jpraetzellis@foxrothschild.com

Attorneys for Defendant
Next Level Apps Technology—FZCO

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| INVISIBLE NARRATIVES LLC,<br><br>     Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>     Defendant. | CASE NO. 5:25-cv-01644-NW<br><br>**NEXT LEVEL APPS TECHNOLOGY—FZCO'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>     Third- Party Plaintiff and Counterclaim Plaintiff,<br><br>INVISIBLE NARRATIVES LLC and ALEXEY GERASIMOV<br><br>     Counterclaim Defendant and Third-Party Defendant | |

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

## AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Next Level Apps Technology – FZCO ("Next Level"), by and through its counsel, for its Counterclaims against Invisible Narratives LLC ("Invisible Narratives") and its Third-Party Complaint against Alexey Gerasimov ("Gerasimov"), hereby alleges and states as follows:

### Parties

1.     Next Level is a Free Zone Company organized under the laws of the United Arab Emirates ("UAE") with a principal place of business in Dubai, UAE.

2.     Upon information and belief, Invisible Narratives is a limited liability company organized under the laws of the State of Delaware, with a principal place of business in Santa Monica, California.

3.     Upon information and belief, Alexey Gerasimov is an individual residing in the country of Georgia.

### Jurisdiction and Venue

4.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.  These Amended Counterclaims and Third-Party Complaint also arise under the United States Copyright Act, 17 U.S.C. § 101, *et seq.*, including, inter alia, Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), the Lanham Act, 15 U.S.C. § 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Further, pursuant to 15 U.S.C. § 1119, Next Level also seeks to cancel the Skibidi Toilet Registration (defined below) against Invisible Narratives.

5.     Because there is diversity of citizenship between the parties to this action and the matter in controversy exceeds $75,000, the Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

6.     This Court has personal jurisdiction over Invisible Narratives, and venue is proper in this Judicial District, because Invisible Narratives has invoked the jurisdiction of

this Court by filing its Complaint in this Court.  Moreover, upon information and belief, Invisible Narratives purposefully directs its activities toward this forum.  On information and belief, Invisible Narratives markets, advertises, offers to sell, sells, and distributes products in this District.

7.    This Court has personal jurisdiction over Gerasimov and venue is proper in this Judicial District under 28 USC § 1391(c)(3) and because Gerasimov regularly does business with Invisible Narratives in this Judicial District either as an independent contractor or employee for Invisible Narratives.

8.    Upon information and belief, Mr. Gerasimov has a contractual and business relationship with Invisible Narratives, a California based company.

9.    Mr. Gerasimov has also posted the Skibidi Toilet content at issue here on the YouTube channel DaFuq!?Boom!, which is viewed by subscribers in California and this District.

10.    Upon further information and belief, Mr. Gerasimov has received, and continues to receive, advertisement revenue from the videos posted on YouTube, which is owned by Google LLC, a company that is located in California and this District.

11.    Mr. Gerasimov has been identified as the author of the works being asserted by Invisible Narratives.  In fact, Mr. Gerasimov submitted a declaration in this Action in support of Invisible Narrative's Motion for a Temporary Restraining Order, in which he alleged being the "sole and rightful creator and original copyright owner of the Skibidi Toilet animated series."  *See* Dkt. No. 9-3 (the "Declaration"), ¶ 3.

12.    Further, many of the ongoing activities in this case that involve Mr. Gerasimov are occurring in this District.  As seen in the Declaration, Mr. Gerasimov claims to be creating new material that is immediately assigned to Invisible Narratives, a corporation with its principal place of business in this District.  *Id*. at ¶ 43.

13.    Mr. Gerasimov has also been actively engaged in pursuing claims against Next Level, including discussing his alleged development and the actions taken by Next Level in his Declaration.  *See id.* at ¶¶ 44-52.

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

14.     Mr. Gerasimov also attended the confidential settlement conference that the parties engaged in, and was involved in, settlement discussions.  Thus, Mr. Gerasimov has continuous business contacts and purposefully availed himself to California and this District through his active role in this Action.

## Background

15.     In early 2020, Mr. Serhii Osadchyi, a co-founder and principal of Next Level, conceived a video game concept that involved a post-apocalyptic world where humans with cameras for heads (Cameramen) battle toilets with heads.  He shared this idea with his close friends, one of which suggested he post his idea on specialized forums that covered various technology and gaming topics.

16.     To gauge whether the gaming community would be interested in such a concept, Mr. Osadchyi posted his idea on a few public forums, including the public Ukrainian forum hosted at https://www.kharkovforum.com (the "Kharkov Forum") under the username "Serg_Skibidi".

17.     Upon information and belief, the Kharkov Forum has existed since around 2003.  Neither Next Level nor Mr. Osadchyi have any ownership or administrative control over the Kharkov Forum.

18.     On or around February 4, 2020, Mr. Osadchyi made a post on the Kharkov Forum, stating that he had come up with an idea for a game and needed sponsors.  A true and correct compilation of the Kharkov Forum thread found at https://www.kharkovforum.com/threads/est-ideja-sozdat-igru.5229834/ is attached hereto as **Exhibit 1**, and an English translation is attached hereto as **Exhibit 2**.

19.     As seen in Mr. Osadchyi's post made on February 4, 2020, Mr. Osadchyi stated:

> The essence of the game is as follows: The first race is mutants who got out of the sewers after strange mutations. They turned out to be half-people, half-toilets (yes, toilets and urinals with weapons and technical gadgets). The second race is the result of experiments on humans and robots. These mutants were originally video surveillance cameras, to which other technological elements were later added.

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

> In the game, there will be a fierce battle for the survival of two races, where each side will use its unique abilities and weapons. Now I'm finalizing character sketches, and soon I'll make the first 3D models. I am looking for sponsors or contacts of people who can help with development. Would you be interested in playing such a game? Leave your opinions and advice!

20.     Although this concept received some initial skepticism, Mr. Osadchyi replied to other forum users and stated, "understand the idea sounds strange, but I want to make something unusual that will stand out among other games."

21.     Mr. Osadchyi further acknowledged that he already had some rough sketches of the proposed characters for his video game and offered to post them on the Kharkov Forum.

22.     As seen below, after receiving a favorable response, Mr. Osadchyi provided a preliminary sketch of one of his proposed main characters on or about February 5, 2020:



23.     After additional back and forth with those involved in the conversation, Mr. Osadchyi also posted a 3-Dimensional model of said character on or about February 5, 2020:



24.    Eventually, one user suggested that Mr. Osadchyi use his face as the inspiration for the appearance of the main character of his video game.  Mr. Osadchyi stated, "Well, why not? Skibidi Toilet versus Cameramen — sounds like an idea!"  He later stated that next steps were to add weapons and armor elements to his character.  Thus, Mr. Osadchyi's initial concept for Skibidi Toilet continued to grow.

25.    In fact, to further materialize his idea, Mr. Osadchyi publicly provided his concept for the development of the characters of a video game and the technical aspects of developing the game for a mobile platform to a designer group on or around July 18, 2020. After several meetings by phone and in-person meetings, Mr. Osadchyi entered into a formal contract on or around July 20, 2020 for design services for the creation of formal character sketches, object sketches, background images, and consultations regarding the implementation of a mobile application.  A true and correct copy of the contract between Mr. Osadchyi and the designers is attached here as **Exhibit 3**, and an English translation is attached hereto as **Exhibit 4.**

26.    As seen in Exhibit 4, the contract makes specific mention of the following characters:

- Toilet Face Monster based on the face of Serhii
- Original Camerahead Hero
- Dark Camerahead Female Hero
- Dark Speakerhead Hero
- TV Female Hero
- Modified TV Titan Hero
- Original Speakerbody Titan Hero
- Scholar Toilet Hero
- Flying Whirring Saw Hero
- Police Humanoid Toilet

27.    On or around August 12, 2020, Mr. Osadchyi received the preliminary sketches for his video game characters.  The images of the original preliminary sketches are provided below:

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

| | |
|---|---|
| Toilet Face Monster based on the face of Serhii |  |
| Original Camerahead Hero | |
| Dark Camerahead Female Hero | |
| Dark Speakerhead Hero | |

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

| | |
|---|---|
| TV Female Hero |  |
| Modified TV Titan Hero | |
| Original Speakerbody Titan Hero | |
| Scholar Toilet Hero | |

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT



28.    Believing that his idea had the potential to become a huge hit, Mr. Osadchyi began expanding on his video game concept and characters.  With help from his developers, he created new images for additional characters that would help broaden the concept of the Skibidi Toilet universe and videogame.

29.    Once the images for his characters were in a more final form, Mr. Osadchyi wanted to protect his idea and began looking into obtaining United States Copyright registrations for his characters.   However, due to financial constraints, the formal application process was put on hold until 2023.

30.    Fortunately, in 2023, Mr. Osadchyi was able to secure investors who bought equity in his company, Next Level, thereby providing the resources necessary to build a team and move forward with full-scale development of his mobile game.

31.    In furtherance of this development, Mr. Osadchyi, through Next Level submitted works for U.S. Copyright Registration.

32.    The images submitted to the U.S. Copyright Office were original works of authorship with considerable creative expression.   The titles of the U.S. Copyright applications each identify a unique character developed by Mr. Osadchyi for his videogame (the "Skibidi Toilet Characters").  The Skibidi Toilet Characters are copyrightable works of

authorship.  Below is the relevant information relating to Next Level's submissions to the Copyright Office:

| Case # | Status | Opened | Title of Work | Type of Work | Appl. Format |
|---|---|---|---|---|---|
| 1-15015084152 | Open | 10/03/2025 | Scholar Toilet Hero | Work of the Visual Arts | Standard |
| 1-15015084125 | Open | 10/03/2025 | Dark Speakerhead Hero | Work of the Visual Arts | Standard |
| 1-15015083848 | Open | 10/03/2025 | Dark Camerahead Female Hero | Work of the Visual Arts | Standard |
| 1-15015083757 | Open | 10/03/2025 | Camerahead Hero | Work of the Visual Arts | Standard |
| 1-15015083730 | Open | 10/03/2025 | Speakerbody Titan Hero | Work of the Visual Arts | Standard |
| 1-15015000677 | Open | 10/03/2025 | TV Titan Hero | Work of the Visual Arts | Standard |
| 1-15015000650 | Open | 10/03/2025 | Original Toilet Hero 2 | Work of the Visual Arts | Standard |
| 1-15015000622 | Open | 10/03/2025 | Original Toilet Hero | Work of the Visual Arts | Standard |

33.    The Skibidi Toilet Characters were independently created by Mr. Osadchyi prior to any other person or entity.

34.    Next Level also applied for several trademark registrations globally, including with the United States Patent and Trademark Office, to protect the Skibidi Toilet Characters and Skibidi Toilet name for its forthcoming videogame.

35.    By April 2024, Next Level secured the domain skibiditoilet.com, where it hosted detailed information about the game universe, characters, and events.  Next Level did not own, or have any control over, skibiditoilet.com prior to April 10, 2024.

36.    As seen below, the website was used to promote Mr. Osadchyi's characters and to cause excitement for the video games and mobile applications that would be coming soon:

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15

16

17

18

19

20

21

22

23

24



25

26

27

28

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT





DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT



37.    As seen in the above screenshots, the "About Us" page clearly stated that in early 2020, Mr. Osadchyi "decided to create a new project titled 'Skibidi Toilet.'"  It further stated that "[t]he main concept of the game revolves around a battle between toilets with heads (Skibidi Toilets) and humans with cameras on their heads (Cameramen) in a post-apocalyptic world."

38.    Next Level's website was not merely a "parked" website, nor did Next Level ever state that Skibidi Toilet was developed by anyone other than Mr. Osadchyi.

39.    Rather, by late April 2024, Next Level was readying the website skibiditoilet.com to promote its mobile game.  The public-facing version of the website became available on or around September 12, 2024, and the game was also published on Google Play and the Apple App Store on or around the same time.

40.    Next Level also developed "Skibidipedia," an online encyclopedia detailing characters' abilities and lore.  Next Level also posted video clips on its official YouTube channel to promote its Skibidi Toilet mobile application and game.

41.    Next Level also launched its social media accounts on TikTok, Instagram, Facebook, and X during the summer of 2024.  As seen in the example screenshots below, these social media accounts were also used to promote the soon-to-be launched mobile app and create hype in the gaming community:

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23
24



25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT

42.     From a simple idea for a game, Mr. Osadchyi's Skibidi Toilet creation grew into an extensive universe, becoming a significant part of his life.

### **Invisible Narratives and Gerasimov's Wrongful Actions**

43.     Next Level's game release was planned for early 2025 but was obstructed by bad-faith complaints from Invisible Narratives, preventing Next Level's launch on the Apple and Google platforms.  This setback heavily impacted Mr. Osadchyi's emotional and physical health.

44.     Upon information and belief, Gerasimov did not create Skibidi Toilet on his own.  Upon further information and belief, Mr. Gerasimov is known to have created derivative works based on other's ideas, not on his own original creations.  On information and belief, Mr. Gerasimov saw one of Mr. Osadchyi's online posts and subsequently launched his derivative version of Skibidi Toilet and the Skibidi Toilet Characters on YouTube.com.

45.     Upon information and belief, Mr. Gerasimov wrongfully misappropriated Mr. Osadchyi's Skibidi Toilet Characters and is passing them off as his own creations.

46.     Upon information and belief, despite knowing that the Skibidi Toilet Characters were created by Mr. Osadchyi, Mr. Gerasimov filed for and obtained U.S. Copyright registrations for his knock-off Skibidi Toilet Characters through Invisible Narratives.

47.     Upon further information and belief, Invisible Narratives knowingly provided false information in its applications to the Copyright Office, stating that "Invisible Narratives LLC" is the author and claimant of the knock-off Skibidi Toilet Characters.

48.     In fact, images of some of these characters first appeared on public blog posts, published by Mr. Osadchyi, well prior to the submission of Invisible Narrative's applications to the U.S. Copyright Office.

49.     Upon information and belief, in applying for copyright registrations of the knock-off Skibidi Toilet Characters, Invisible Narratives transmitted its knock-off Skibidi Toilet Characters to the Copyright Office to serve as the required deposit copies.  Invisible

Narratives' activities pertaining to registering the knock-off Skibidi Toilet Characters constitute infringement of Next Level's exclusive rights to reproduce and prepare derivative works based on Next Level's copyrights in the Skibidi Toilet Characters, including the characters therein, as well as fraud on the U.S. Copyright Office.

50.    On information and belief, in reliance on Invisible Narratives' false statements of authorship and ownership of copyright in the knock-off Skibidi Toilet Characters, the U.S. Copyright Office issued certificates of registration.

51.    On information and belief, the U.S. Copyright Office would have refused registration the knock-off Skibidi Toilet Characters if it was aware of the true authorship and ownership of the characters depicted therein or their infringement of Next Level's copyrighted Skibidi Toilet Characters, as "protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully." 17 U.S.C. § 103(a). Despite Next Level having lawful rights to its own set of intellectual property rights, on or about November 4, 2024, Invisible Narratives sent a false Takedown Notice under the Digital Millennium Copyright Act ("DMCA") to Apple, Inc., claiming Next Level was committing both trademark and copyright infringement and seeking to have Next Level's video game removed from the Apple App Store.

52.    On or about November 15, 2024, Next Level responded to Invisible Narratives' false Takedown Notice, asserting its own copyright and trademark rights. On or about November 22, 2024, Apple responded to Next Level, stating that they tried to contact Invisible Narratives, but they did not receive a response.

53.    Finally, on or around December 5, 2024, counsel for Invisible Narratives responded, falsely claiming that Next Level fraudulently obtained their cited trademark applications and copyright registrations.  After much back and forth between Apple, Invisible Narratives, and Next Level, Next Level decided to remove its mobile application from the Apple App Store.

54.     Invisible Narratives conducted a similar wrongful take down campaign on the Google Play Platform.  In fact, on or about November 4, 2024, Next Level received a Takedown Notice stating that Next Level's mobile application violated Invisible Narratives' alleged copyright and trademark rights.  Next Level appealed the take down on the same day, and despite Google's initial reluctance to reinstate the mobile application, the application was finally restored on or about December 25, 2024.  Unfortunately, due to additional wrongful actions taken by Invisible Narratives, the mobile application was once again removed from the Google Play Store on January 28, 2025.

55.     Continuing its wrongful takedown campaign, Invisible Narratives submitted complaints against Next Level's YouTube channel on or around November 9, 2024, which was subsequently taken down by YouTube.  Although Next Level was initially able to get its YouTube channel reinstated, Invisible Narratives' harassment did not stop.  Undeterred, Invisible Narratives continued to submit additional false complaints, causing Next Level to have to continuously appeal Invisible Narratives' bad-faith Takedown Notices.  Although Next Level was able to get certain videos reinstated, its YouTube channel was ultimately terminated.

56.     To protect its hard-earned intellectual property rights, Next Level submitted its own lawful Takedown Notice under the DMCA against one of Invisible Narratives' videos on YouTube.  Although Invisible Narratives' YouTube video was taken down on or about January 24, 2025, it was eventually reinstated following the filing of this lawsuit.

57.     Invisible Narratives' refusal to acknowledge Next Level's development and rights to the Skibidi Toilet Characters has led to the present dispute.

58.     Invisible Narratives' false take down notices under the DMCA, oppositions to Next Level's various worldwide trademark applications, and the filing of this lawsuit have prevented Next Level from launching its Skibidi Toilet videogame, into which Next Level has invested substantial time, money, and development effort.

59.     If Invisible Narratives' wrongful actions are permitted to continue, Next Level will be wrongfully deprived of its investment in the development of the Skibidi Toilet

Characters and associated video game and mobile application. Next Level will be deprived of the ability to lawfully commercialize its copyrighted Skibidi Toilet Characters by publishing content in the manner of its choosing, which it is entitled to do as the true copyright owner of the Skibidi Toilet Characters.

60.  Next Level has also suffered and will continue to suffer other serious and immediate harm due to Invisible Narratives' wrongful conduct.

61.  In fact, unlike Invisible Narratives, who continues to monetize its YouTube channel, Next Level has suffered significantly more severe consequences. Due to Invisible Narratives' unlawful actions, Next Level's social media accounts, YouTube channel, and mobile game have been taken down or blocked. This has injured Next Level financially.

62.  Invisible Narratives' and Gerasimov's false public statements about Next Level have also caused, and will continue to cause, irreparable harm to Next Level's reputation and goodwill in its Skibidi Toilet Characters and associated videogame.

63.  In fact, upon information and belief, Invisible Narratives and Gerasimov, understanding the influence Gerasimov's name and the DaFuq!?Boom! YouTube channel have over the YouTube and video gaming community, have launched an ongoing, coordinated, and aggressive smear campaign against Next Level, its principals, and even now Next Level's counsel, to turn the gaming industry against Next Level.

64.  On information and belief, Invisible Narratives and Gerasimov have a relationship with the owners of the ibio75 YouTube Channel. For example, ibio75 has claimed to have received material directly from DaFuq!?Boom!, i.e., Invisible Narratives and Gerasimov, before posting the following content:



http://youtube.com/post/Ugkxu8-ckN_LPMxOJEsEvuAncxkHEzkDrf2_?si=
vL43jJfA9rcjPNzg.

65. And in fact, ibio75 even confirms that Invisible Narratives and Gerasimov, through DaFuq!?Boom!, "supports [their] investigation into Next Level Apps" as seen below:



DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT

http://youtube.com/post/Ugkxu8-ckN_LPMxOJEsEvuAncxkHEzkDrf2_?si
=vL43jJfA9rcjPNzg.

66.    Similarly, on information and belief, DOM Studios is working with Invisible Narratives and Gerasimov to spread their false narrative as well.  In fact, in an Instagram post, DOM Studio states "Over the past few months of working with DafuqBoom," thus showing the direct working relationship between DOM Studio and Invisible Narratives and Gerasimov.  *See* https://www.instagram.com/p/C7UD016oKs3/.

67.    Below is a non-exhaustive list of examples where ibio75 and others like DOM Studio, on behalf of Invisible Narratives and Gerasimov, have made false statements about Next Level, Next Level's principals, and Mr. Osadchyi:

- https://www.youtube.com/watch?v=Aq4nMiOqN6s (explicitly labeling Next Level as "scammers" and accusing Next Level of fraud);

- https://www.youtube.com/channel/UCcbhzSxxDyCge99uKsrzc-w    (calling Next Level "scumbag criminals"); and

- https://www.youtube.com/post/UgkxbOtpcDTrh7b-HmRPT0vK4B3c2qC07HlJ (claiming that Next Level are scammers "trying to steal skibidi toilet")

68.    In fact, Invisible Narratives' and Gerasimov's campaign, through other influencers like ibio75 and DOM Studio, have led to other hateful comments, calls for violence, and arguably death threats against Next Level and Mr. Osadchyi.  Some examples are provided below:

- https://www.youtube.com/channel/UCJPl0M-onJDHtxkORE_nZfA (a video of Mr. Osadchyi having his head chopped off);

- https://www.youtube.com/shorts/Gg2IEA_6Q1A;

- https://www.youtube.com/shorts/mIPmuwxaRys;

- https://www.youtube.com/watch?v=Sz95_OssPjs;

- https://www.youtube.com/watch?v=w2DpYz1Hkrk; and

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

- https://www.tiktok.com/@bosssiridongokusuper/video/74678558073680069
  20?_r=1&_t=ZS-90M0KjnHsgL.

69.    Next Level has also received death threats via email from those attacking Next Level for "stealing" the idea of Skibidi Toilet, threatening to burn down their offices and make them disappear from the map and instructing Next level to kill themselves.

70.    These false public statements made on behalf of or at the instruction of Invisible Narratives and Gerasimov are undoubtedly causing both economic and emotional harm to Next Level, Next Level's principals, and Mr. Osadchyi.

71.    Next Level has suffered, and unless Invisible Narratives' and Gerasimov's conduct is enjoined by this Court, will continue to suffer, actual economic damages, in the form of lost sales, revenues, and profits, and irreparable harm to Next Level and the Skibidi Toilet Characters' value, reputation, and goodwill, for which Next Level has no adequate legal remedy.

## THE INVALID UNITED STATES TRADEMARK REGISTRATION FOR THE SKIBIDI TOILET NAME

72.    Invisible Narratives is currently the owner of United States Registration No. 7540934 for the phrase "Skibidi Toilet", which claims goods in Class 28, including "Balloons; Action figure toys; Board games; Fidget toys; Jigsaw puzzles; Party games; Plush toys; Remote control toys, namely, cars; Stuffed toys; Toy jewelry" (the "Skibidi Toilet Registration").   A true and correct copy of the U.S. Trademark Certificate of Registration is attached as **Exhibit 5**.

73.    Per the United States Patent and Trademark Office's ("USPTO") records, Invisible Narratives purchased this registration from a third-party individual located in China.  A true and correct copy of the USPTO's assignment records is attached as **Exhibit 6**.

74.    Upon information and belief, the Skibidi Toilet Registration was fraudulently procured by said third-party individual.

75.    In applying for the application that led to the Skibidi Toilet Registration, the third-party applicant executed a declaration stating that "The mark is in use commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application."

76.    Upon information and belief, the applied for Skibidi Toilet mark was not in use in commerce on or in connection with all the goods recited in the underlying application, as required per 15 U.S.C. § 1051.

77.    For example, the specimen of use submitted merely provides photographs of balloons in generic packaging with the words "SKIBIDI TOILET" printed in typeface on it.

78.    The applicant's declaration to the USPTO was false in that the applicant had not, and never had been, using the Skibidi Toilet name in connection with the goods stated in the application.

79.    In making this false declaration to the USPTO, the applicant intentionally misled the USPTO for the purposes of obtaining its trademark registration, which would have otherwise been denied.

80.    The Skibidi Toilet Registration should be cancelled as having been procured through fraudulent statements made to the USPTO.

81.    Further, any alleged trademark rights claimed by Invisible Narratives are invalid because the use of said trademarks are solely based on unlawful use in commerce, i.e., copyright infringement.  Thus, the Skibidi Toilet Registration should be cancelled.

## COUNT I

## DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 2201)

### Against Invisible Narratives

82.    Next Level repeats and realleges the preceding paragraphs of these Amended Counterclaims and Third-Party Complaint as if fully set forth herein.

83.    Next Level's owns valid U.S. copyrights in the Skibidi Toilet Characters.

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

84. Next Level has independent rights to the Skibidi Toilet Characters.

85. Next Level has not copied any copyrightable authorship in any of the alleged copyrights owned by Invisible Narratives in the knock-off Skibidi Toilet Characters for at least the reasons stated above.

86. Next Level does not infringe and has not infringed any valid copyrights in any alleged copyrights owned by Invisible Narratives in the knock-off Skibidi Toilet Characters for at least the reasons stated above.

87. Accordingly, there exists an actual and justiciable controversy between Next Level and Invisible Narratives with respect to alleged infringement of the alleged copyrights owned by Invisible Narratives.

88. Next Level seeks and is entitled to a declaratory judgment that it does not infringe any alleged copyright owned by Invisible Narratives in the knock-off Skibidi Toilet Characters and/or any other characters in the Skibidi Toilet series.

## COUNT II

### FALSE NOTIFICATION UNDER THE DMCA

### (17 U.S.C. § 512(f)(1))

### Against Invisible Narratives

89. Next Level repeats and realleges the preceding paragraphs of these Amended Counterclaims and Third-Party Complaint as if fully set forth herein.

90. Invisible Narratives submitted false DMCA Takedown Notices to at least the Apple App Store, the Google Play Store, and YouTube containing knowingly false statements, including: (i) that Next Level was not the rightful author and owner of the copyrights in the Skibidi Toilet Characters; (ii) that Invisible Narratives had a "good faith belief" that the Skibidi Toilet Characters "is not authorized by the copyright owner, its agent, or the law"; and (iii) that it "is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."

91. The false statements above constitute knowing material representations by Invisible Narratives that material or activity is infringing.

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

92.    Invisible Narratives has threatened to submit additional DMCA Takedown Notices to YouTube, the Google Play Store, and the Apple App store should Next Level try to relaunch its content, which would contain the same or similar knowingly false statements.

93.    Invisible Narratives' acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Next Level.

94.    Next Level has no adequate remedy at law.

95.    As a result of Invisible Narratives' actions, Next Level has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

96.    As a result of Invisible Narratives' actions, Next Level has incurred, and will continue to incur, costs and attorneys' fees, which it is entitled to recover under 17 U.S.C. § 512(f).

## COUNT III

### FALSE COUNTER-NOTIFICATION UNDER THE DMCA
### (17 U.S.C. § 512(f)(2))
### Against Invisible Narratives

97.    Next Level repeats and realleges the preceding paragraphs of these Amended Counterclaims and Third-Party Complaint as if fully set forth herein.

98.    Invisible Narratives submitted false Counter-Notifications to YouTube, containing knowingly false statements, including: (i) that Next Level was not the rightful author and owner of the copyrights in the Skibidi Toilet Characters, and instead, Invisible Narratives was the true owner; and (ii) that Invisible Narratives had a "good faith belief" that the Skibidi Toilet content was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.

99.    The false statements above constitute knowing, material representations that material or activity was removed or disabled by mistake or misidentification.

100.    Invisible Narratives' acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Next Level.

101.    Next Level has no adequate remedy at law.

102.    As a result of Invisible Narratives' actions, Next Level has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

103.    As a result of Invisible Narratives' actions, Next Level has incurred, and will continue to incur, costs and attorneys' fees, which it is entitled to recover under 17 U.S.C. § 512(f).

**COUNT IV**

**COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 101, *et seq.*)**

**Against Invisible Narratives and Gerasimov**

104.    Next Level repeats and realleges the preceding paragraphs of these Amended Counterclaims and Third-Party Complaint as if fully set forth herein.

105.    Next Level enjoys exclusive rights with respect to the Skibidi Toilet Characters, including the exclusive right to copy, reproduce, distribute, display, and create derivative works.

106.    Next Level's filed copyright applications for the Skibidi Toilet Characters are correct and valid, and Next Level will receive U.S. Copyright registrations when the Federal Government reopens.

107.    Invisible Narratives and Gerasimov had direct access to the Skibidi Toilet Characters through at least the Kharkov Forum.

108.    Invisible Narratives and Gerasimov have copied, reproduced, distributed, publicly performed, and/or publicly displayed infringing copies and derivative works of the Skibidi Toilet Characters without Next Level's consent or authorization, in violation of 17 U.S.C. § 106.

109.    As a direct and proximate result of Invisible Narratives' and Gerasimov's infringement of Next Level's copyrights, Next Level is entitled to damages in an amount to be determined at trial, which is not currently ascertainable.

110.    Alternatively, at its election, Next Level is entitled to the maximum allowable amount of statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

111.    Next Level is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

112.    Invisible Narratives' and Gerasimov's actions have caused and—unless enjoined by this Court—will continue to cause irreparable injury to Next Level for which Next Level has no adequate remedy at law.  Next Level is therefore entitled to a preliminary and permanent injunction enjoining and restraining Invisible Narratives and Gerasimov from reproducing, distributing, performing, displaying, or other use of the Skibidi Toilet Characters or any other work that is substantially similar thereto or derivative thereof.

## <u>COUNT V</u>

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECCONOMIC ADVANTAGE

### Against Invisible Narratives

113.    Next Level repeats and realleges the preceding paragraphs of these Amended Counterclaims and Third-Party Complaint as if fully set forth herein.

114.    At all times, valid contracts existed between Next Level and its providers like Apple, Inc. and Google LLC.

115.    Through its contracts with Apple, Inc. and Google LLC, Next Level was going to offer its mobile gaming application on their respective application stores, which would have resulted in an economic benefit to Next Level.

116.    Invisible Narratives has knowledge (actual and/or constructive) of Next Level's contracts with its providers.

117.    Invisible Narratives acted intentionally to harm Next Level by interfering with the contractual relationships between Next Level and its providers by submitting improper DMCA takedown notices to both Apple, Inc. and Google LLC.

118.   As detailed above, Invisible Narratives has interfered with Next Level's relationships with its contracts with its providers.  Using its own fraudulently obtained United States Copyright Registrations, on or about November 4, 2024, Invisible Narratives began a relentless campaign of harassing wrongful takedowns by sending a false Takedown Notice under the Digital Millennium Copyright Act to Apple, Inc. and Google LLC, falsely claiming Next Level was committing both trademark and copyright infringement.

119.   Despite Next Level proving its ownership rights to Invisible Narratives, Invisible Narratives continued its wrongful takedown campaign by attacking the launch of Next Level's game on the Google Play Platform and the Apple App Store.

120.   Invisible Narratives' improper interference continued though complaints submitted against Next Level's YouTube channel on or around November 9, 2024, which was subsequently taken down by YouTube.

121.   Invisible Narratives' tortious interference was improper because Invisible Narratives' interference did not represent legitimate business competition, and Invisible Narratives had no legal or contractual right, privilege, or justification to interfere.

122.   As detailed above, Invisible Narratives' alleged copyrights are invalid as they are mere derivative works of Next Level's original creations and were created without Next Level's permission.  Further, the Skibidi Toilet Registration is invalid and should be cancelled based on its unlawful use in commerce and its fraudulent procurement.  There was therefore no legitimate justification for Invisible Narratives to interfere with Next Level's contractual relationships.

123.   Invisible Narratives had a motive to interfere with Next Level's contractual relationships to advance Invisible Narratives' own interests.

124.   Invisible Narratives sought to advance its own interests by interfering with Next Level's contractual relationship.  Specifically, Invisible Narratives sought to limit competition in the distribution of Skibidi Toilet entertainment materials.

125.   As detailed above, but for Invisible Narratives' wrongful actions, including their intentional enforcement campaign, Invisible Narratives tarnished Next Level's

goodwill, and disrupted Next Level's current business contracts and relationships with its providers.

126. Protecting Next Level's contractual interest is in the public interest. In particular, it allows customers/clients and providers to have options when making business and/or purchasing decisions.

127. By engaging in this conduct, Invisible Narratives intended to disrupt the relationship between Next Level and these other entities, or at minimum, knew that the disruption of the relationship was certain or substantially certain to occur and inflict financial harm on Next Level, in furtherance of Invisible Narratives' private and unlawful economic objectives.

128. Through the actions described herein, Invisible Narratives has intentionally interfered with Next Level's contractual relationships as Next Level is no longer able to launch its mobile gamming application.

129. As a direct and proximate result of Invisible Narratives' actions, and as a result of Invisible Narratives' unjustified and intentional tortious interference, Next Level has been damaged in an amount to be determined at trial, including, but not limited to, Next Level's loss of profits, Invisible Narratives' unlawful gains, Next Level's loss of provider relationships, and Next Level's loss of goodwill and reputation.

## <u>COUNT VI</u>

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

### Against Invisible Narratives and Gerasimov

130. Next Level repeats and realleges the preceding paragraphs of these Amended Counterclaims and Third-Party Complaint as if fully set forth herein.

131. At all relevant times, Next Level and its providers had ongoing business relationships relating to Next Level's forthcoming mobile gaming application. Next Level was also engaged in advertising for said forthcoming mobile gaming application to potential

customers.  Next Level reasonably believed that this relationship would continue, and the parties would enter into future contracts if not for Invisible Narratives' interference.

132.  By way of example, Next Level had its mobile gaming application ready to launch on both the Apple App Store and the Google Play Platform and was promoting that game on social media platforms to consumers.  But for Invisible Narratives' and Gerasimov's interference, Next Level would have entered into additional contracts with other gaming platforms and customers looking to play its mobile gaming application.

133.  Invisible Narratives and Gerasimov acted intentionally to harm Next Level by interfering with the prospective additional contractual relationships between Next Level and its customers and providers.

134.  Specifically, and as detailed above, by purposefully engaging in its enforcement campaign, Invisible Narratives and Gerasimov have intentionally interfered with and harmed Next Level's ability to promote, market, and/or provide its mobile gaming application customers.

135.  Invisible Narratives, and Mr. Gerasimov through Invisible Narratives, are competitors to Next Level in the gaming industry.

136.  Invisible Narratives and Gerasimov knew or should have known that Next Level had sales and distribution relationships for its mobile gaming application.  Despite such knowledge, Invisible Narratives and Gerasimov willfully and intentionally interfered with Next Level's relationship with said customers and providers to the detriment of Next Level.

137.  Invisible Narratives and Gerasimov knew or should have known that continuous actions via an enforcement campaign would interfere with and harm Next Level's ability to advertise, market, offer for sale, sell and provide its mobile gaming application to customers.

138.  Further, as set forth above, Invisible Narratives and Gerasimov have intentionally made false statements of facts about Next Level and its product through public statements made on YouTube and other social media platforms that have turned the gaming

community, including fans who watch Skibidi Toilet on YouTube, against Next Level. These statements have greatly harmed Next Level's reputation and goodwill.

139. Invisible Narratives' and Gerasimov's interference in the prospective contractual relationship between Next Level and its customers/clients and providers was improper because Invisible Narratives' and Gerasimov's interference did not represent legitimate business competition, and Invisible Narratives and Gerasimov had no legal or contractual right, privilege, or justification to interfere.

140. As detailed above, Invisible Narratives' alleged copyrights are invalid as they are mere derivative works of Next Level's original creations and were created without Next Level's permission. Further, the Skibidi Toilet Registration is invalid and should be cancelled based on its unlawful use in commerce and its fraudulent procurement. There was therefore no legitimate justification for Invisible Narratives and Gerasimov to interfere with Next Level's prospective contractual relationships.

141. Invisible Narratives and Gerasimov failed to act with reasonable care.

142. Invisible Narratives and Gerasimov had a motive to interfere with Next Level's prospective contractual relationships to advance Invisible Narratives' and Gerasimov's own interests.

143. Invisible Narratives and Gerasimov sought to advance their own interests by interfering with Next Level's prospective contractual relationship. Specifically, Invisible Narratives and Gerasimov sought to limit competition in the mobile gaming industry and increase sales of its goods and services.

144. Because of Invisible Narratives' and Gerasimov's actions, Next Level's relationships with its providers, like Apple and Google, and future customers have been disrupted.

145. As detailed above, but for Invisible Narratives' and Gerasimov's wrongful actions, including their intentional enforcement campaign and false statements made to the gamming community to turn the community against Next Level, Next Level would have

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

entered into additional contracts with both its providers of its mobile gaming application and future customers of Next Level's mobile gaming application.

146.   Protecting Next Level's prospective contractual interest is in public interest. In particular, it allows customers and providers to have options when making business and/or purchasing decisions.

147.   Through the actions described herein, Invisible Narratives and Gerasimov have intentionally interfered with Next Level's prospective contractual relationships.

148.   Through its wrongful conduct as described herein above, Invisible Narratives and Gerasimov wrongfully and tortuously interfered with Next Level's prospective contractual relationships that it would have reasonably received in the absence of Invisible Narratives' and Gerasimov's interference.

149.   As a direct and proximate result of Invisible Narratives' and Gerasimov's actions, and as a result of Invisible Narratives' and Gerasimov's unjustified and intentional tortious interference, Next Level has been damaged in an amount to be determined at trial, including, but not limited to, Next Level's loss of profits, Invisible Narratives' and Gerasimov's unlawful gains, Next Level's loss of customer and provider relationships, and Next Level's loss of goodwill and reputation.

## COUNT VII

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION OF TRADEMARKS PURSUANT TO 15 U.S.C. § 1064 AND § 1119

### Against Invisible Narratives

150.   Next Level repeats and realleges the preceding paragraphs of these Amended Counterclaims and Third-Party Complaint as if fully set forth herein.

151.   The alleged "Skibidi Toilet" mark is invalid because the use of said mark is solely based on unlawful use in commerce, i.e., copyright infringement.

152.   There is no "brand" without Next Level's Skibidi Toilet characters, which were misappropriated by Invisible Narratives and Gerasimov.

153.   Further, the Skibidi Toilet Registration is invalid and should be cancelled because it was procured through a fraudulent declaration made by the applicant applying for the Skibidi Toilet Registration to the United States and Trademark Office.

154.   As detailed above, the third-party applicant executed a declaration stating that "The mark is in use commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application."

155.   Upon information and belief, at the time of that filing, the applicant knew, or should have known, that the Skibidi Toilet name was not in use in commerce with the goods stated in the application.

156.   The applicant's declaration to the USPTO was false in that the applicant had not, and never had been, using the Skibidi Toilet name in connection with the goods stated in the application.

157.   In making this false declaration to the USPTO, the applicant intentionally misled the USPTO for the purposes of obtaining its trademark registration, which would have otherwise been denied.

158.   Invisible Narratives therefore owns an invalid and unenforceable trademark registration.

159.   Invisible Narratives' conduct and threats as described herein have caused, and will continue to cause, injury to Next Level.

160.   For the reasons set forth herein, the Skibidi Toilet Registration is invalid pursuant to 15 U.S.C. § 1064 and § 1119 and should be cancelled as having been procured through fraudulent statements made to the USPTO.

161.   The applicant's fraudulent misrepresentations to the USPTO were made with intent to deceive the USPTO and induce the USPTO to act in reliance of the misrepresentations.   As a result of the applicant's conduct, the USPTO registered a trademark that otherwise should not have been issued.

162.   Invisible Narratives has attempted to enforce the fraudulently procured mark against Next Level, which has caused and continues to cause Next Level damages to its

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

business and reputation. Invisible Narratives' allegations of infringement against Next Level have and will continue to harm Next Level until such claims are resolved.

163. An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Invisible Narratives' claimed trademark rights, and the respective rights of the parties.

164. Next Level has no adequate remedy at law and therefore seeks declaratory relief against the Invisible Narratives as set forth herein, including, without limitation, a declaratory judgment finding that the Skibidi Toilet Registration is invalid and the cancellation of the Skibidi Toilet Registration.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Next Level requests judgment in favor of Next Level and against Invisible Narratives on all counts herein, and an award of the following relief:

1. Enter a declaration that Next Level has not directly and/or indirectly infringed any of Invisible Narratives' copyrights in the Skibidi Toilet Characters;

2. Enter a declaration that Invisible Narratives and Gerasimov have directly and/or indirectly infringed Next Level's valid copyrights in the Skibidi Toilet Characters;

3. Enter a preliminary and permanent injunction enjoining and prohibiting Invisible Narratives and its officers, directors, employees, agents, affiliates, successors, assigns, licensees, and entities owned or controlled by Invisible Narratives, and all those in privity or acting in concert with Invisible Narratives, including Gerasimov, and each of them, who receives notice directly or otherwise of such injunction from:

   a. Directly or indirectly taking any actions to remove or disable access to any material posted by Next Level, including by submitting DMCA Takedown Notices to YouTube, Apple, and/or Google, claiming that any such material infringes any copyrights to the Skibidi Toilet Characters, or removing or disabling access to such material based on

receipt of such DMCA Takedown Notices—and, to the extent that any actions to remove or disable access have already been taken, such actions shall be retracted and canceled;

b.    Reproducing, transmitting, or otherwise using any Skibidi Toilet Characters, including images derivative of the Skibidi Toilet Characters, in any filings with the United States Copyright Office or other domestic or foreign government agency;

c.    Otherwise reproducing, distributing, performing, displaying, advertising, marketing, promoting, selling, and/or offering for sale any material that infringes on Next Level's copyrights in the Skibidi Toilet Characters, without Next Level's authorization; and

d.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c);

4.    Declare that Next Level is able to release, distribute, and make its mobile application and video game available for download on Apple's App Store, Google Play, and/or any other medium for distribution of mobile applications or video games;

5.    Order Invisible Narratives to deliver up for destruction all materials in its possession, custody or control, or the possession, custody or control of any of its agents, distributors, and representatives, embodying or displaying the Skibidi Toilet Characters, including without limitation all pictures, advertising and/or promotional materials, packaging, labels, tags, online materials, merchandise, and any other materials;

6.    Order Invisible Narratives to file with the Court and serve upon Next Level, within thirty (30) days after the institution of the injunction upon Invisible Narratives, a report in writing under oath setting forth in detail the manner and form in which Invisible Narratives has complied with the injunction and

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

judgment entered pursuant to these Amended Counterclaims and Third-Party Complaint;

7.    An Order pursuant to 15 U.S.C. § 1119 to rectify the Principal Register of the United States Patent and Trademark Office canceling Invisible Narrative's Trademark for SKIBIDI TOILET, and such order shall be certified to the Director, who shall make appropriate entry upon the records of said Office;

8.    Order that Invisible Narratives and Gerasimov pay Next Level its actual damages, plus the amount of Invisible Narratives' and Gerasimov's profits attributable to the conduct alleged herein pursuant to 17 U.S.C. § 504(b), and other applicable law;

9.    Order that, in the alternative to Next Level's actual damages and Invisible Narratives' and Gerasimov's profits, Invisible Narratives and Gerasimov pay Next Level statutory damages for willful copyright infringement in the amount of $150,000 per registered Skibidi Toilet Character as authorized by 17 U.S.C. § 504(c);

10.    Actual damages, in an amount to be determined at trial;

11.    Disgorgement of Invisible Narratives' and Gerasimov's profits;

12.    Order that Invisible Narratives and Gerasimov pay Next Level reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505, 17 U.S.C. § 512(f), and other applicable law;

13.    Order that Invisible Narratives and Gerasimov pay Next Level pre-judgment and post-judgment interest on Next Level's damages at the applicable rate; and

14.    Grant any such other and further relief as this Court deems just and proper.

//
//
//
//
//

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

DATED: November 10, 2025       FOX ROTHSCHILD, LLP

By: /s/ *Cali R. Spota*
Jack Praetzellis
James M. Smedley
Cali R. Spota

Attorneys for Defendant
Next Level Apps Technology—FZCO

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT

## DEMAND FOR JURY TRIAL

Next Level hereby demands a trial by jury of all triable issues raised by these Amended Counterclaims and Third-Party Complaint.

DATED: November 10, 2025          FOX ROTHSCHILD, LLP


By: /s/ *Cali R. Spota*
Jack Praetzellis
James M. Smedley
Cali R. Spota

Attorneys for Defendant
Next Level Apps Technology—FZCO

DEFENDANT NEXT LEVEL'S AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT