James M. Smedley (Admitted Pro Hac Vice)
Jonathan R. Lagarenne (Admitted Pro Hac Vice)
Cali Spota (Admitted Pro Hac Vice)
Jonathan Madara (Admitted Pro Hac Vice)
FOX ROTHSCHILD LLP
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Telephone: 609.896.3600
Facsimile: 609.896.1469
Email:  jsmedley@foxrothschild.com
Email:  jlagarenne@foxrothschild.com
Email:  cspota@foxrothschild.com
Email:  jmadara@foxrothschild.com

Jack Praetzellis (SBN 267765)
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.651.1424
Facsimile: 415.391.4436
Email: jpraetzellis@foxrothschild.com

Attorneys for Defendant
Next Level Apps Technology—FZCO

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INVISIBLE NARRATIVES LLC,<br><br>  Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>  Defendant. | CASE NO. 5:25-cv-01644-NW<br><br>**DECLARATION OF CALI R. SPOTA IN SUPPORT OF STIPULATED PROTECTIVE ORDER** |

**DECLARATION OF CALI R. SPOTA**

1. I am an attorney licensed to practice law in the State of New Jersey and before this Court, a partner at the law firm of Fox Rothschild LLP, and counsel of record for defendant Next Level Apps Technology –FZCO ("Next Level" or "Defendant"). I have personal knowledge of the facts stated herein, and if called as a witness in this case, I could and would competently testify to these facts under oath.

2. I submit this Declaration in support of Next Level's and Invisible Narratives LLC ("Invisible Narratives" or "Plaintiff") Proposed Stipulated Protective Order.

3. The Parties used the Model Stipulated Protective Order for Patent Cases as a template for their Stipulated Protective Order as discovery in this litigation will likely include the disclosure of extremely sensitive information that would create a substantial risk or serious harm should another party or non-party view said documents and/or information, requiring a "Highly Confidential – Attorneys' Eyes Only" designation level.

4. The changes made in the Proposed Stipulated Protective Order remove the "Source Code" and other optional and/or alternative language that does not apply here since it is not a patent or source code related case and the parties do not have Designated House Counsel.

5. The Parties also propose to remove the requirement that employees of Outside Counsel sign the Acknowledgement and Agreement to be Bound to make logistics during discovery simpler.

6. The Parties further propose to amend Section 5.2(b) to clarify that they have 21 days from the receipt of a final deposition transcript, rather than 21 days from the deposition date, to designate protected material in the transcript. The Parties believe that this is necessary because court reporters' standard ability to provide a transcript after the deposition can unduly limit the timeframe to make the designations.

7. Finally, the Parties also amended Section 13 (Final Disposition) to be consistent with Next Level counsel's document retention abilities.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 18, 2025

By: /s/ Cali R. Spota
Cali R. Spota