COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California  90401
Telephone:     (310) 883-6400
Facsimile:      (310) 883-6500

Stephanie J. Schuyler (*Pro Hac Vice*)
(sschuyler@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000

*Attorneys for Plaintiff Invisible Narratives, LLC*

[Full Listing of Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INVISIBLE NARRATIVES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY-FZCO,<br><br>Defendant. | Case No. 5:25-cv-01644-NW<br><br>**PLAINTIFF INVISIBLE NARRATIVES' NOTICE OF MOTION, MOTION TO DISMISS COUNTS II THROUGH VII OF DEFENDANT'S AMENDED COUNTERCLAIMS, MOTION TO STRIKE COUNTS V AND VI OF DEFENDANT'S AMENDED COUNTERCLAIMS, AND MOTION TO STRIKE OR DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>**Hearing Date: March 11, 2026 at 9:00 am** |
| NEXT LEVEL APPS TECHNOLOGY-FZCO,<br><br>Third- Party Plaintiff and Counterclaim Plaintiff,<br><br>INVISIBLE NARRATIVES LLC and ALEXEY GERASIMOV<br><br>Counterclaim Defendant and Third-Party Defendant. | |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................................................. 1

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 2

    A.    Invisible Narratives Alleges Infringement and Successfully Obtains a TRO Against Defendant for False DMCA Notification ................................................. 2

    B.    Defendant Answers the Complaint and Files Counterclaims ................................ 4

    C.    Defendant Files Amended Counterclaims, Removing Copyright Registrations, Adding Alexey Gerasimov as a Third Party, and Adding Tortious Interference Claims Against Invisible Narratives and Gerasimov ................................................... 5

III.  LEGAL STANDARDS ................................................................................................... 6

    A.    Rule 12(b)(6) ........................................................................................................ 6

    B.    Rule 12(b)(1) ........................................................................................................ 6

    C.    Rule 12(f) and Rule 12(c) .................................................................................... 6

IV.   ARGUMENT .................................................................................................................. 7

    A.    Defendant's DMCA Notification and Counter-Notice Claims Must Be Dismissed for Failure to State a Claim (Counts II and III) ................................. 7

        1.    Both Claims Must Be Dismissed Because Defendant Does Not (and Cannot) Allege Subjective Bad Faith ................................................. 7

        2.    The False Counter-Notification Claim Must Be Dismissed for Failure to Plead Any Supporting Facts ................................................ 9

    B.    Defendants' Copyright Infringement Claim Must Be Dismissed for Failure to Register Copyrights Prior to Suit (Count IV) .................................................... 10

    C.    Defendant's State Law Tort Claims Are Preempted, Improper Under the Anti-SLAPP Statute, and Must Be Dismissed for Failure to State a Claim (Counts V and VI) .................................................................................................................. 11

        1.    The Interference Claims Are Based on DMCA Takedown Notices and Are Thus Preempted by Federal Copyright Law ............................. 12

        2.    Independently, Both Claims Should Be Dismissed Under California's Anti-SLAPP Statute, as the DMCA Takedown Notices Are Protected Free Speech ................................................................................................. 13

        3.    Both Claims Must Also Be Dismissed for Failure to Plausibly Plead Requisite Elements ................................................................................. 15

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

i

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

D.    The Court Lacks Jurisdiction over Defendants' Trademark Cancellation Claim (Count VII) ................................................................................. 18

E.    Defendant's Affirmative Defenses Should Be Stricken Under Rule 12(f) or Dismissed under Rule 12(c) .......................................................... 19

1.    The "Affirmative Defenses" are Legally Conclusory and Should Be Stricken or Dismissed .................................................................. 19

2.    Defendant's "Affirmative Defenses" Should Be Stricken Because They Cannot Be Categorized as Affirmative Defenses ....................... 21

V.    CONCLUSION ................................................................................................. 23

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*,
    744 F.3d 595 (9th Cir. 2014)................................................................................ 19

6

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
    2011 WL 2690437 (N.D. Cal. July 8, 2011) ........................................................ 13

7

8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................... 6, 9, 10, 20

9

10

*In re Bah*,
    321 B.R. 41 (9th Cir. 2005)................................................................................ 14

11

*Baral v. Schnitt*,
    1 Cal. 5th 376 (2016) ........................................................................................ 14

12

13

*Barnes v. AT&T Pension Benefit Plan–NonBargained Program*,
    718 F. Supp. 2d 1172 (N.D. Cal 2010) ...................................................... 20, 21, 22

14

15

*Barrilleaux v. Mendocino Cnty.*,
    2016 WL 1298860 (N.D. Cal. Apr. 4, 2016) ........................................................ 20

16

*Barry v. State Bar of Cal.*,
    2 Cal. 5th 318 (2017) ........................................................................................ 14

17

18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................... 6, 20

19

20

*Cadence Design Sys., Inc. v. Syntronic AB*,
    2022 WL 1320629 (N.D. Cal. May 3, 2022) .......................................................... 7

21

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010)............................................................................. 6

22

23

*Dahlia v. Rodriguez*,
    735 F.3d 1060 (9th Cir. 2013)............................................................................. 6

24

25

*Damabeh v. 7-Eleven, Inc.*,
    2013 WL 1915867 (N.D. Cal. May 8, 2013) ........................................................ 17

26

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010)............................................................................... 6

27

28

*David v. George Chiala Farms, Inc.*,
    2025 WL 3124339 (N.D. Cal. Nov. 7, 2025)................................................... 20, 21

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

*Ditri v. Coldwell Banker Residential Affiliates, Inc.*,
  954 F.2d 869 (3d Cir. 1992)................................................................................ 19

*Dolin v. Facebook, Inc.*,
  2018 WL 2047766 (N.D. Cal. May 2, 2018) .................................................... 18

*Facebook, Inc. v. Gajjar*,
  2022 WL 2239834 (N.D. Cal. June 17, 2022) ............................................ 20, 22

*Flatsix, LLC v. Sylejmani*,
  2024 WL 2875098 (N.D. Cal. Mar. 18, 2024) ................................................. 11

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com*,
  586 U.S. 296 (2019)........................................................................................... 10

*Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*,
  2005 WL 832398 (N.D. Cal. Mar. 30, 2005).................................................... 16

*Hammet v. Sherman*,
  2023 WL 5340802 (S.D. Cal. Aug. 17, 2023) .................................................. 15

*Hillsborough County Fla. v. Automated Med. Lab'ys Inc.*,
  471 U.S. 707 (1985)........................................................................................... 12

*Imagize LLC v. Ateknea Sols. Hungary KFT*,
  2019 WL 3068345 (N.D. Cal. July 12, 2019) .................................................. 11

*Impossible Foods Inc. v. Impossible LLC*,
  2025 WL 1713355 (N.D. Cal. June 18, 2025) .................................................. 20

*Izmo, Inc. v. Roadster, Inc.*,
  2019 WL 2359228 (N.D. Cal. June 4, 2019) .................................................... 11

*J&J Sports Prods., Inc. v. Mendoza-Govan*,
  2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) .................................................. 21

*Jackson v. Robinhood Mkts., Inc.*,
  2021 WL 2435307 (N.D. Cal. Jun. 15, 2021) .................................................... 6

*Kaisha v. Rorze Corp.*,
  737 F. Supp. 3d 770 (N.D. Cal. 2024) .............................................................. 20

*Knowles v. Spin Master, Inc.*,
  2018 WL 6131207 (C.D. Cal. Nov. 2, 2018) ................................................... 19

*Ledesma v. Corral*,
  2016 WL 827743 (C.D. Cal. Mar. 2, 2016) ..................................................... 10

*Lenz v. Univ. Music Corp.*,
  2008 WL 962102 (N.D. Cal. Apr. 8, 2008) ...................................................... 13

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

*Mann v. Quality Old Time Serv., Inc.*,
    139 Cal. App. 4th 328 (2006)................................................................................ 15

*Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*,
    2022 WL 580788 (N.D. Cal. Feb. 25, 2022)................................................*passim*

*N. Am. Chem. Co. v. Superior Ct.*,
    59 Cal. App. 4th 764 (1997)................................................................................ 18

*Online Policy Grp. v. Diebold, Inc.*,
    337 F. Supp. 2d 1195 (N.D. Cal. 2004) .............................................................. 13

*Open Source Security, Inc. v. Perens*,
    2018 WL 2762637 (N.D. Cal. June 9, 2018) ...................................................... 15

*Ouellette v. Viacom Int'l. Inc.*,
    2012 WL 1435703 (D. Mon. Apr. 25, 2012) ........................................................ 9

*Perez v. Gordon & Wong Law Grp., P.C.*,
    2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) .................................................... 21

*Rheumatology Diagnostics Lab'y, Inc. v. Aetna, Inc.*,
    2014 WL 524076 (N.D. Cal. Feb. 6, 2014).......................................................... 15

*Roland Corp. v. Inmusicbrands, Inc.*,
    2017 WL 513924 (C.D. Cal. Jan. 26, 2017) ...................................................... 22

*Rossi v. Motion Picture Ass'n of Am. Inc.*,
    391 F.3d 1000 (9th Cir. 2004)............................................................................... 7

*SEC v. Payward, Inc.*,
    763 F. Supp. 3d 901 (N.D. Cal. 2025) .......................................................... 7, 20

*Shande v. Zoox, Inc.*,
    2024 WL 2306284 (N.D. Cal. May 21, 2024) .................................................... 14

*Shenzhen Yangjinmaoyi Co. v. Hangzhou Chic Intelligent Tech. Co.*,
    2023 WL 4826235 (C.D. Cal. Feb. 21, 2023) .................................................... 14

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
    983 F. Supp. 1303 (N.D. Cal. 1997) .................................................................. 17

*Solis v. Zenith Cap., LLC*,
    2009 WL 1324051 (N.D. Cal. May 8, 2009) ........................................................ 6

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013)................................................................................. 6

*Stardock Sys., Inc. v. Reiche*,
    2019 WL 8333514 (N.D. Cal. May 14, 2019) .............................................. 12, 13

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

v

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

*Storm Mfg. Grp. v. Weather Tec Corp.*,
   2013 WL 5352698 (C.D. Cal. Sep. 23, 2013) ............................................................ 15, 17, 18

*Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*,
   2025 WL 405106 (N.D. Cal. Feb. 5, 2025) ........................................................................ 19

*Sybersound Recs., Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) ........................................................................................... 17

*United States v. Wang*,
   404 F. Supp. 2d 1155 (N.D. Cal. 2005) ............................................................................... 7

*Virun, Inc v. Cymbiotika LLC*,
   2023 WL 2372404 (C.D. Cal. Feb. 10, 2023) ..................................................................... 18

*Warren v. Fox Fam. Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ............................................................................................. 6

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*,
   42 Cal. App. 4th 507 (1996) .............................................................................................. 15

*Youst v. Longo*,
   43 Cal. 3d 64 (1987) ......................................................................................................... 15

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ........................................................................................... 21

**Statutes**

15 U.S.C. § 1119 ...................................................................................................................... 19

17 U.S.C. §410(c) ...................................................................................................................... 9

17 U.S.C. § 512(c)(3) .............................................................................................................. 12

17 U.S.C. § 512(f) ............................................................................................................. 7, 8, 9

Cal. Civ. Proc. Code § 425.16 ............................................................................................. 1, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ 1, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1

Fed. R. Civ. P. 12(c) ....................................................................................................... *passim*

Fed. R. Civ. P. 12(f) ........................................................................................................ *passim*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

vi

**NOTICE OF MOTION AND MOTION**

Please take notice that on March 11, 2026 at 9:00 am, at Courtroom 3, 5th Floor, in the San Jose Courthouse, Plaintiff Invisible Narratives LLC ("Invisible Narratives" or "Plaintiff") will and hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts II through VI of Defendant and Counterclaimant/Third-Party Claimant Next Level Apps Technology-FZCO's ("Defendant") Amended Counterclaims and Third-Party Complaint ("Amended Counterclaims"), for failure to state a claim on which relief may be granted, and pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Count VII for lack of subject matter jurisdiction. (ECF No. 62). Additionally, Invisible Narratives moves to strike Defendant's state law tort claims (Count V and VI) under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. Finally, Invisible Narratives moves to strike all of Defendant's affirmative defenses (ECF No. 39) pursuant to Fed. R. Civ. P. 12(f) or, alternatively, pursuant to Fed. R. Civ. P. 12(c). This motion (the "Motion") is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and all other papers and arguments submitted in connection with this matter, as well as facts or issues of which the Court may take judicial notice.

## I.    INTRODUCTION

As the Court is aware from prior proceedings (*e.g.*, ECF. Nos. 9, 11, 54), Defendant has long attempted to interfere with Invisible Narratives' Skibidi Toilet franchise, including by sending baseless takedown requests to YouTube and by filing various copyright and trademark applications relating to the Skibidi Toilet franchise to create the façade of IP ownership. Earlier this year, the Court granted Invisible Narratives' TRO and enjoined Defendant's efforts to interfere with Invisible Narratives' social media channels, releasing any infringing app with Skibidi Toilet content or characters, or using the Skibidi Toilet trademark. (ECF No. 11). Rather than contest that Court's findings, Defendant stipulated to the entry of a preliminary injunction (ECF No. 36), the violation of which is subject to a pending Motion for Contempt (ECF No. 54).

Defendant filed its Answer to the Complaint, along with counterclaims, on July 17, 2025 (ECF Nos. 39, 40.). Then, before Invisible Narratives responded, Defendant amended its counterclaims (ECF No. 62) to add or delete various allegations and claims, as well as to assert a

new third party claim against Alexey Gerasimov, who created the Skibidi Toilet series. (ECF No. 9-3). Counts II-VII of the Amended Counterclaims should be dismissed for failure to state a plausible claim, as follows:[1]

- **Counts II and III** (false notification and counter-notification under the DMCA) fail because Plaintiff does not plead any facts (much less plausible ones) that Invisible Narratives submitted the notices in subjective bad faith and—in the case of the counter-notification claim—fails to plead any supporting factual allegations at all.

- **Count IV** (copyright infringement) fails because the claim relies on various copyright *applications* but Defendant was required to plead ownership of copyright *registrations*.

- **Counts V and VI** (tortious interference) fail for three separate reasons, including copyright preemption, violation of California's anti-SLAPP statute, and failure to plausibly make out the requisite elements under the respective state claims, including the absence of allegations regarding a reasonably probably economic advantage (required for both claims) and a duty of care (required for negligent interference).

- **Count VII** (cancellation of trademark registration) should be dismissed because the Court does not have subject matter jurisdiction over a trademark registration that is not pled in Invisible Narratives' Complaint.

Separately, the Court should strike or dismiss all of Defendant's affirmative defenses because they lack any supporting factual allegations, fail to put Invisible Narratives on notice of the basis of the defenses, or otherwise are not "affirmative defenses" under the law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Invisible Narratives Alleges Infringement and Successfully Obtains a TRO Against Defendant for False DMCA Notification

This lawsuit began with Defendant's unlawful attempt to usurp control of and undermine Invisible Narratives' Skibidi Toilet intellectual property and to interfere with its YouTube channel. Defendant sent takedown notices to Google that resulted in the removal of Season 25 of Skibidi Toilet from YouTube and then emailed Invisible Narratives threatening to continue its takedown campaign if its demands were not met. (ECF No. 11 at 2-3). Thereafter, Invisible Narratives filed

---

[1] Count I of the Counterclaim seeks declaratory relief and is not a subject of the Motion.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1   its Complaint to stop Defendant's intellectual property abuse.  (ECF No. 1).

2       The Complaint asserts that Defendant infringed Invisible Narratives' copyrights in the

3   Skibidi Toilet franchise by creating an online mobile application with unauthorized reproductions

4   of copyrighted works, acquiring an infringing domain name, using infringing material on social

5   media accounts while purporting to represent Skibidi Toilet, and applying for copyright and

6   trademark registrations by submitting deposits based on Invisible Narratives' copyrighted Skibidi

7   Toilet characters.  (*Id.* ¶¶ 34, 35, 38, 42, 45, 49).  The Complaint also alleges that Defendant

8   infringed Invisible Narratives' common law rights in the Skibidi Toilet trademark; no trademark

9   registrations are asserted.  (*Id.* ¶ 119).

10      The Complaint describes another recent litigation in this District in which another company

11  sued the very same principals of Defendant (who propped up a different corporate entity from Next

12  Level).  (*Id.* ¶ 2, 79, 83).  That lawsuit claims those principals embarked on a nearly identical

13  scheme to that employed by Defendant in this case to falsely create a façade of intellectual property

14  ownership and to interfere with the rightful owner's ability to offer its products.  (*Id*).  As in the

15  instant case, Defendant's principals were accused of "fraudulently registering copyrights and

16  submitting DMCA Takedown Notices on platforms like Google Play, Apple App Store, and

17  YouTube," and the defendant defaulted.  (*Id.* ¶¶ 79-80 (citing *Ducky Ltd. v. Iviliia Millionic IT Sp*

18  *z o.o*., Case No. 3:24-cv-02268-PHK (N.D. Cal); ECF No. 1 ¶ 33)).

19      On February 18, 2025, Invisible Narratives applied for a TRO to restrain Defendant from

20  taking any actions to remove or disable access to any material hosted on Invisible Narratives'

21  "DaFuq!? Boom" Channel (the "Boom Channel"), including by submitting DMCA Takedown

22  Notices to YouTube.  (ECF No. 9 at 3).  The Court granted Invisible Narratives' application for a

23  TRO on February 19.  (ECF No. 11).  In doing so, the Court found Invisible Narratives likely to

24  succeed on the merits because it "presented evidence that Next Level was neither the original

25  creator of Skibidi Toilet nor the lawful copyright owner of Skibidi Toilet characters."  (*Id.* at 5).

26  The Court found that Invisible Narratives established it was likely to suffer irreparable harm if the

27  TRO was not granted because it "presented evidence that Next Level plans to submit another

28  DMCA Takedown Notice to YouTube," which likely would have disabled the Boom Channel or

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1    restricted Skibidi Toilet content. (*Id.* at 5-6).   Following the TRO, Defendant stipulated to

2    converting the TRO into a preliminary injunction, which remains in effect today.  (ECF No. 36).

3               **B.    Defendant Answers the Complaint and Files Counterclaims**

4               Defendant did not move to dismiss and instead answered the Complaint.  (ECF No. 39).  In

5    its Answer, Defendant included twenty-three threadbare affirmative defenses, including failure to

6    state a claim, various equitable doctrines, and non-infringement of copyrights or trademarks.  (*Id.*

7    at 16-19).  Along with its Answer, Defendant filed counterclaims (the "First Counterclaims," ECF

8    No. 40).  The First Counterclaims alleged that Serhii Osadchyi, a principal of Defendant, created

9    the Skibidi Toilet series and that he supposedly posted sketches of certain Skibidi Toilet characters

10   on a Ukrainian forum in 2020 and shortly thereafter entered into a contract with designers to

11   develop a related video game.  (*Id.* ¶ 12-15).  The First Counterclaims also alleged that *Invisible*

12   *Narratives* infringed upon Defendant's copyrights by providing false information and "knock-off

13   Skibidi Toilet Characters" in its applications to the Copyright Office, and by sending false

14   Takedown Notices to Apple, Inc. and Google seeking to have Defendant's mobile application

15   removed from their online gaming platforms.  (*Id.* ¶ 38, 40, 44-47).  If these allegations sound

16   familiar, it is because they are an attempt to mimic and mirror Invisible Narratives' claims against

17   Defendant.   Defendant further alleged that because of Invisible Narratives' takedown requests,

18   Defendant (on its own) "decided to remove its mobile application from the Apple App Store" and

19   that its application was removed from the Google Play Store.  (*Id.* ¶ 46-47).  Finally, Defendant

20   alleged that "Invisible Narratives submitted complaints against Next Level's YouTube channel,"

21   which supposedly resulted in the termination of Defendant's YouTube channel.  (*Id.* ¶ 48).

22              The First Counterclaims asserted four causes of action: copyright infringement, false

23   notification and counter-notification under the DMCA, and declaratory judgment of non-

24   infringement.  (*See generally*, *id.*).  For its copyright infringement claim, Defendant alleged that

25   Invisible Narratives infringed twenty (20) of Defendant's alleged copyright registrations.  (*Id.* ¶¶

26   21, 80-87).  For its DMCA claims, Defendant regurgitated, nearly verbatim, Invisible Narratives'

27   own claims for false notification and counter-notification.  (*Id.* ¶¶ 65-79).  Specifically, Defendant

28   asserted that Invisible Narratives' notices contained the following allegedly false statements: (1)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

that Invisible Narratives—not Defendant—was the rightful copyright holder in the Skibidi Toilet works, (2) that Invisible Narratives was authorized to act on behalf of a party whose right had been infringed (for the False Notification claim), and (3) that Invisible Narratives had a "good-faith belief" that the content at issue "is not authorized by the copyright owner, its agent, or the law" (for the False Notification claim) or that the content was "removed or disabled as a result of mistake or misidentification" (for the False Counter-notification claim). (*Id.* ¶¶ 66, 74).

### C. Defendant Files Amended Counterclaims, Removing Copyright Registrations, Adding Alexey Gerasimov as a Third Party, and Adding Tortious Interference Claims Against Invisible Narratives and Gerasimov

Approximately four months later, on its deadline to do so, Defendant filed the Amended Counterclaims and Third-Party Complaint, which, among other changes, named Alexey Gerasimov ("Gerasimov") as a third-party defendant. (ECF No. 62). In apparent recognition that its originally pled copyright registrations were defective, Defendant *deleted* references to those registrations from its amended copyright infringement claim. In their place, Defendant pled new copyright *applications* it had recently submitted to the Copyright Office. (*Id.* ¶ 32; *cf*. ECF No. 40 ¶ 21).

Defendant also added state law tortious interference claims for intentional interference ("IIPEA," against Invisible Narratives) and negligent interference with prospective economic advantage ("NIPEA," against Invisible Narratives and Gerasimov). (ECF No. 62, Counts V and VI). Both claims are based on Invisible Narratives' submission of allegedly false notifications and counter-notifications under the DMCA. (*Id.*). The NIPEA claim is also based in part on the allegation that Invisible Narratives and Gerasimov allegedly "have launched an ongoing, coordinated, and aggressive smear campaign against Next Level" based on statements posted online by third-party "influencers." (ECF No. 62 ¶ 63-68). The Amended Counterclaims do not describe how any purported statements online by said "influencers" are attributable to Invisible Narratives. (ECF No. 62 ¶¶ 63-68). Finally, Defendant added a trademark cancellation claim asking the Court to cancel a trademark registration that Invisible Narratives never asserted in its Complaint. (*Compare Id.* ¶¶ 150-164, *with* ECF No. 1). Defendant did not delete or otherwise amend any of its affirmative defenses to provide additional factual background. (ECF No. 39; *see generally* ECF No. 62).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1

### III.    LEGAL STANDARDS

2

#### A.    Rule 12(b)(6)

3

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable

4

legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v.*

5

*Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To avoid dismissal, a complaint must plead "enough

6

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

7

544, 570 (2007). The court need not "accept as true allegations that contradict . . . matters properly

8

subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact,

9

or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010);

10

*Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013) (same); *Twombly*, 550 U.S. at 555 (courts

11

need not "accept as true a legal conclusion couched as a factual allegation") (citation omitted).

12

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

13

short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556

14

U.S. 662, 678 (2009) (citation modified).

15

#### B.    Rule 12(b)(1)

16

A motion under Rule 12(b)(1) properly challenges Article III standing requirements, which

17

limit the Court's subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d

18

1115, 1122 (9th Cir. 2010). The party asserting a claim—here, Defendant—has the burden of

19

establishing such jurisdiction. *Jackson v. Robinhood Mkts., Inc.*, 2021 WL 2435307, *3 (N.D. Cal.

20

Jun. 15, 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

21

Where, as here, the challenge to standing is a "facial" attack, the court accepts the well-pleaded

22

facts as true and dismisses if those facts are insufficient to invoke jurisdiction. *Warren v. Fox Fam.*

23

*Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

24

#### C.    Rule 12(f) and Rule 12(c)

25

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any

26

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A 12(f) motion

27

is used to "avoid the expenditure of time and money that will arise from litigating spurious issues

28

by dispensing with those issues prior to trial." *Solis v. Zenith Cap., LLC*, 2009 WL 1324051, at *3

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

6

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

(N.D. Cal. May 8, 2009).  Courts will generally grant a motion to strike when it is clear "that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Cadence Design Sys., Inc. v. Syntronic AB*, 2022 WL 1320629, at *2 (N.D. Cal. May 3, 2022) (citation omitted).[2]

## IV.    ARGUMENT

### A.    Defendant's DMCA Notification and Counter-Notice Claims Must Be Dismissed for Failure to State a Claim (Counts II and III)

The Court should dismiss the DMCA claims because Defendant does not and cannot allege subjective bad faith, as required by the statute.  Section 512(f) itself creates liability for any person who "knowingly materially misrepresents under this section – (1) that material or activity is infringing [in connection with a takedown], or (2) that material or activity was removed or disabled by mistake or misidentification [in connection with a counter-notification]."  17 U.S.C. § 512(f).  Thus, to state a claim for false notice and false counter-notice under the statute, a party must allege: "(1) a material misrepresentation in a takedown notice that led to a takedown, ***and*** (2) that the takedown notice was submitted in subjective bad faith."  *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, 2022 WL 580788, at *7 (N.D. Cal. Feb. 25, 2022) (emphasis added); *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1005 (9th Cir. 2004) (the DMCA reveals "Congress's apparent intent that the statute protect potential violators from *subjectively* improper actions by copyright owners").

#### 1.    Both Claims Must Be Dismissed Because Defendant Does Not (and Cannot) Allege Subjective Bad Faith

As to the first element, Defendant alleges that Invisible Narratives' notices and counter-notices were materially false because they stated that Defendant was not the rightful owner of the

---

[2] Rule 12(f) states that a court may act "on its own," or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  Under that rule, Courts in this district have considered the merits of a later-filed motion to strike, either *sua sponte*, or because parties have a right to challenge the legal sufficiency of a defense at any time.  *See, e.g.*, *United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005) (citation omitted) (considering motion to strike filed more than 21 days after pleading was served because "a party has the right to challenge the legal sufficiency of a defense at any time").  In the alternative, a court may consider a motion to strike affirmative defenses under Rule 12(c) as a motion for judgment on the pleadings, the standard for which "is the same as that which governs a Rule 12(b)(6) motion."  *SEC v. Payward, Inc.*, 763 F. Supp. 3d 901, 909 (N.D. Cal. 2025) (citation omitted).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

copyrights in the Skibidi Toilet Characters.  (ECF No. 62 ¶¶ 90, 98).  Those notices and counter-notices (ECF No. 9-8 Exs. 16-22) made no misrepresentations at all: they stated, in relevant part, that Invisible Narratives is "the sole copyright owner of the Skibidi Toilet web series" (ECF No. 9-8 at Ex. 16 at 55-56, Ex. 17 at 59, Ex. 18 at 62) and "owns all copyright in the Skibidi Toilet web series," (*id*. at Ex. 21 at 75, Ex. 22 at 79).  The undisputed record supports those allegations: (1) the U.S. Copyright Registrations for the Skibidi Toilet content (ECF No. 9-2 at Ex. 1); (2) Defendant's stipulation to a preliminary injunction agreeing that *it* could not issue takedown notices or claim that Invisible Narratives infringes any copyrights and that *it* could not release any app that includes Skibidi Toilet content or characters (ECF. No. 36 at 2-3 ¶1(a-c)); (3) Defendant's initial invocation of 20 copyright registrations, all of which it has since retracted in its Amended Counterclaims (*compare* ECF No. 40 ¶ 21 *with* ECF No. 62 ¶ 32); and (4) Defendant's targeting of only *one* season (Season 25) of Skibidi Toilet (*see* ECF No. 11 at 2)—an implicit recognition that Invisible Narratives' exploitation of Skibidi Toilet content and characters throughout other seasons are ***not*** infringing.

Setting aside these inconsistencies, and thus, the implausibility of the allegation that Invisible Narratives "materially mispresented that material or activity is infringing," the fatal flaw in Defendant's Section 512(f) claim is its failure to plead that Invisible Narratives submitted its DMCA notices in subjective bad faith.  *Moonbug Ent. Ltd.*, 2022 WL 580788, at \*7.

Even if the Court were to accept as true Defendant's spurious allegations that Serhii Osadchyi, and not Gerasimov, created the Skibidi Toilet franchise (ECF No. 62 ¶¶ 15-30), the Amended Counterclaims plead no facts that would support a finding that ***Invisible Narratives*** knew that was the case when it submitted its takedown notices.  Indeed, the allegations refer to ***Mr. Gerasimov's*** purported knowledge.  (*See*, *e.g.*, *id*. ¶ 46 (alleging only that "despite knowing that the Skibidi Toilet Characters were created by Mr. Osadchyi, ***Mr. Gerasimov*** filed for and obtained U.S. Copyright registrations for his knock-off Skibidi Toilet Characters ***through Invisible Narratives***")) (emphasis added).  Defendant makes no factual allegations that Invisible Narratives itself knew that any works were "knock-off[s]," let alone that it knew that to be the case when it submitted the takedown notices, and it would be improper to impute Gerasimov's purported

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

8

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

subjective thoughts to Invisible Narratives.

Defendant is thus left with the conclusory and bald allegations that "Invisible Narratives knowingly provided false information in its applications to the Copyright Office," (ECF No. 62 ¶ 47), that "Invisible Narratives sent a false Takedown Notice . . . to Apple, Inc.," (*Id*. ¶ 51) and that Defendant had to "continuously appeal Invisible Narratives' bad-faith Takedown Notices." (*Id*. ¶ 55). The DMCA, however, requires more. Defendant "must do more than show [Invisible Narratives] was ***mistaken*** or ***unreasonable*** in its assertion of DMCA notices," and instead must allege that Invisible Narratives had "***actual knowledge*** of the misrepresentation." *Moonbug Ent. Ltd.*, 2022 WL 580788, *at 10 (second emphasis added). Section 512(f) "requires [claimants] to allege facts, at the pleading stage, that demonstrate that [the other party] acted without a good faith belief" in submitting takedown notices. *Ouellette v. Viacom Int'l. Inc.*, 2012 WL 1435703, at *3 (D. Mon. Apr. 25, 2012). Defendant's conclusory statements that Invisible Narratives sent "false" or "bad-faith" notices fall far short of this standard. (ECF No. 62 ¶¶ 51, 55). At most, these are merely labels or conclusory statements, which do not suffice to state a claim. *See Iqbal*, 556 U.S. at 678. Thus, the Amended Counterclaim fails to state a plausible claim that Invisible Narratives— owner of the longstanding "Boom Channel" for its Skibidi Toilet franchise with numerous subscribers and copyright registrations for its content (prima facie evidence of the validity of the copyrights (17 U.S.C. §410(c)); and which ultimately obtained a stipulated preliminary injunction preventing Defendant from releasing an app based on Skibidi Toilet content or characters or from claiming that Invisible Narratives infringes any copyrights (ECF. No. 36 at 1(a-c))[3]—submitted its DMCA notices in "subjective bad faith." Accordingly, Counts II and III should be dismissed.

### 2. The False Counter-Notification Claim Must Be Dismissed for Failure to Plead Any Supporting Facts

Defendant's counterclaim for False Counter-notification (Count III) should be dismissed

---

[3] If anything, Defendant's allegations are consistent with Invisible Narratives' good-faith belief. For example, Defendant alleges that Invisible Narratives, through a third party, "support[ed] [an] investigation into Next Level Apps." (ECF No. 62 ¶ 65). But such an investigation shows only that Invisible Narratives subjectively believed that Defendant's use was infringing. And ultimately, as stated above, Defendant stipulated to a preliminary injunction, thus validating Invisible Narratives' position that Defendant had no right or ability to interfere with the Skibidi Toilet content or channel, or to continue to exploit that content or characters in an app.

Cooley LLP
Attorneys at Law
Los Angeles

9

Plaintiff's Motion to Dismiss Def's Amended
Counterclaims
Case No. 5:25-cv-01644-NW

for the separate reason that Defendant does not actually allege any facts to support the claim. Although Defendant asserts that "Invisible Narratives submitted false Counter-Notifications to YouTube," (ECF No. 62 ¶ 98), Defendant does not plead anywhere in the Amended Counterclaims factual allegations regarding when any such counter-notifications were sent, what alleged misrepresentations were contained in them, or any explanation of why such representations were false or made in subjective bad faith.  In short, Plaintiffs' pleading of Count III is nothing more than "[t]hreadbare recital[] of the elements of [the] cause of action" and must be dismissed on that basis.  *Iqbal*, 556 U.S. at 678; *see also Ledesma v. Corral*, 2016 WL 827743, at *3 (C.D. Cal. Mar. 2, 2016) (dismissing "skeletal copyright claims" and observing that "merely reciting the magic words of a cause of action is insufficient to survive a motion to dismiss") (citations omitted).

**B.    Defendants' Copyright Infringement Claim Must Be Dismissed for Failure to Register Copyrights Prior to Suit (Count IV)**

The Court should dismiss Defendant's copyright infringement claim against Invisible Narratives because Defendant failed to plead any copyright registrations in the Amended Counterclaims.  Under the Copyright Act, "a copyright owner may sue for infringement when the Copyright Office registers a copyright." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com*, 586 U.S. 296, 302 (2019).  In resolving a Circuit split, the Supreme Court held in *Fourth Estate* that registration occurs when the Copyright Office actually registers a copyright, not when the application is submitted.  *Id*.  In other words, registration of the copyright is an "administrative exhaustion requirement that the owner ***must satisfy before suing*** to enforce ownership rights." *Id*. at 301 (emphasis added).

Here, because Defendant removed references to copyright registrations in the Amended Counterclaims and alleges merely that it has "submitted works for U.S. Copyright Registration," (ECF No. 62 ¶¶ 31, 32), Defendant's amended copyright infringement counterclaim must be dismissed.  Defendant itself concedes that no registrations had been issued as of the time of filing the Amended Counterclaims.  (*Id*. ¶ 106 (alleging Defendant has "filed copyright applications for the Skibidi Toilet Characters [that] are correct and valid, and [it] ***will*** receive U.S. Copyright registrations when the Federal Government reopens") (emphasis added)).  That is insufficient to support a claim for copyright infringement as a matter of law.  *See Fourth Est.*, 586 U.S. at 301.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

10

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1    Count IV must be dismissed.

2          The dismissal should be with prejudice, as the Ninth Circuit "has rejected amendments of

3    pleadings as a means to cure a claimant's failure to comply with administrative exhaustion

4    requirements" in bringing copyright infringement claims.  *Izmo, Inc. v. Roadster, Inc.*, 2019 WL

5    2359228, at *2 (N.D. Cal. June 4, 2019) (citing *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th

6    Cir. 2002)).  In *Izmo, Inc.*, the Court did not permit amendment of a complaint where the claimant

7    failed to register its copyright prior to suing because doing so "would undermine the objectives

8    animating the Supreme Court's decision in *Fourth Estate*."  *Id*.; *see also Imagize LLC v. Ateknea*

9    *Sols. Hungary KFT*, 2019 WL 3068345, at *3 (N.D. Cal. July 12, 2019) (granting motion to dismiss

10   copyright infringement claim as "defective as a matter of law" where the plaintiff had merely

11   "submitted two applications for copyright registration at the time the complaint was filed" and the

12   registrations were issued subsequently); *Flatsix, LLC v. Sylejmani*, 2024 WL 2875098, at *4 (N.D.

13   Cal. Mar. 18, 2024) (observing that "[t]he failure to register cannot be remedied post-complaint,"

14   and denying motion for entry of default judgment on copyright infringement claim where plaintiff

15   had been "*in the process* of registering its videos with the U.S. Copyright Office" at the time of the

16   complaint and only subsequently attached certificates of registrations to its motion).  Likewise here,

17   and especially where Defendant has had months to properly amend its counterclaims, further

18   amendment would thwart the policy objectives of the Copyright Act, and the Court should not

19   permit it.[4]

20
      **C.     Defendant's State Law Tort Claims Are Preempted, Improper Under the Anti-
21            SLAPP Statute, and Must Be Dismissed for Failure to State a Claim (Counts V
              and VI)**

22          Defendant asserts two state law tortious interference claims: one for intentional (Count V)

23   and another for negligent (Count VI) interference with prospective economic advantage. Both

24   claims are based on allegations that Invisible Narratives submitted improper DMCA takedown

25   notices.  (ECF No. 62 ¶ 125 (IIPEA claim alleging Invisible Narratives' "enforcement campaign"

26   of takedown notices "disrupted Next Level's current business contracts and relationships with its

27
_____
28   [4] Defendant may argue that since filing its Amended Counterclaims, one or more of its copyright
     applications have registered.  If so, those registrations are not before this Court, and *Izmo*
     militates against permitting yet another amendment here.  2019 WL 2359228, at *2.

Cooley LLP
Attorneys at Law
Los Angeles

11

Plaintiff's Motion to Dismiss Def's Amended
Counterclaims
Case No. 5:25-cv-01644-NW

providers"); *id*. ¶ 145 (NIPEA claim alleging "enforcement campaign" of takedown notices interfered with Defendant's "additional contracts with both its providers . . . and future customers")).[5] The NIPEA claim is also based on additional allegations that Invisible Narratives "made false statements of facts about Next Level and its product" on YouTube and social media, which in turn allegedly "turned the gaming community" against Defendant.  (ECF No. 62 ¶ 138).

As explained below, both claims should be dismissed for multiple reasons.  ***First***, to the extent they are based on Invisible Narratives' DMCA takedown notices, the IIPEA and NIPEA claims must be dismissed as preempted by the Copyright Act.  ***Second***, the claims must be dismissed under California's anti-SLAPP statute, as the statements in the DMCA takedown notices are protected free speech and Defendant cannot meet its burden of demonstrating that its claims are legally sufficient or factually substantiated.  ***Third***, the claims must be dismissed as insufficiently pled because (1) Defendant's allegations of economic expectancy are too speculative to support a claim (as to both claims), (2) Defendant fails to allege that Invisible Narratives owed it a duty of care (as to the NIPEA claim), and (3) the alleged "false statements of fact" made by third parties cannot be attributed to Invisible Narratives.

### 1.    The Interference Claims Are Based on DMCA Takedown Notices and Are Thus Preempted by Federal Copyright Law

Both state law claims are based on notices sent by Invisible Narratives under the Copyright Act, 17 U.S.C. § 512(c)(3) and thus, they are preempted by federal copyright law.  Preemption occurs "when compliance with both state and federal [laws] is a physical impossibility or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Hillsborough County Fla. v. Automated Med. Lab'ys Inc.*, 471 U.S. 707, 713 (1985) (citation modified).

Courts in this District routinely dismiss state law claims arising out of the submission of DMCA notices as preempted by that federal regime.  *See*, *e.g.*, *Stardock Sys., Inc. v. Reiche*, 2019 WL 8333514, at *4 (N.D. Cal. May 14, 2019) (dismissing tortious interference claim based on an

---

[5] The takedown notices on which Defendant appears to base both claims are Invisible Narratives' (1) takedown notice to Apple, Inc. on or about November 4, 2024 (ECF No. 62 ¶ 51); (2) takedown notice to Google Play on or about November 4, 2024 (ECF No. 62 ¶ 54); and (3) takedown notice to YouTube on or about November 9, 2024 (ECF No. 62 ¶ 55).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

12

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

allegedly false take down notice, holding that "the DMCA preempts state law claims arising out of the submission of infringement notices"); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 WL 2690437, at \*3-5 (N.D. Cal. July 8, 2011) (dismissing tortious interference claim based on takedowns as preempted, observing "DMCA Takedown Notifications are a creature of federal law, and there is a specific federal remedy for their misuse"); *Online Policy Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1206 (N.D. Cal. 2004) (finding "an irreconcilable conflict between" state tortious interference law and the DMCA because "adherence to the DMCA's provisions simultaneously subjects the copyright holder to state tort law liability"); *Lenz v. Univ. Music Corp.*, 2008 WL 962102, at \*4 (N.D. Cal. Apr. 8, 2008) (similar); *Moonbug Ent. Ltd.*, 2022 WL 580788, at \*14 (dismissing tortious interference claims because there was no "dispute that the Copyright Act preempts state law claims based on DMCA takedown notifications").

It is clear from the face of the Amended Counterclaim that the IIPEA claim is based on Invisible Narratives' submission of DMCA takedown notices.  (*See* ECF No. 62 at ¶¶ 117-119 (alleging Invisible Narratives interfered "with the contractual relationships between Next Level and its providers *by submitting improper DMCA takedown notices*," and by "its *wrongful takedown campaign*,") (emphasis added); ¶¶ 118-119 (alleging Invisible Narratives interfered through "its *wrongful takedown campaign*,") (emphasis added); ¶ 120 (citing "*complaints submitted against Next Level's YouTube channel*") (emphasis added)).  As such, the Court should dismiss the claim in its entirety, because it is "predicated solely on the submission of the DMCA notices and [is] therefore preempted as pled." *Stardock Sys.*, 2019 WL 8333514, at \*5.   The NIPEA claim is ostensibly based on the very same DMCA takedown allegations, (ECF No. 62 ¶ 145 (alleging that "but for" Invisible Narratives' "enforcement campaign . . . [i.e., the takedowns] Next Level would have entered into additional contracts")).  Because both state law interference claims are based on Invisible Narratives' invocation and reliance on the DMCA, they must be dismissed as preempted.

### 2.    Independently, Both Claims Should Be Dismissed Under California's Anti-SLAPP Statute, as the DMCA Takedown Notices Are Protected Free Speech

California's anti-SLAPP statute also requires complete dismissal of both state tort claims because Invisible Narratives' alleged statements in DMCA takedown notices are protected free

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

13

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1    speech, and Defendant cannot carry its burden under the statute to demonstrate that its tortious

2    interference counterclaims are legally sufficient and factually substantiated.

3        Under the anti-SLAPP statute, "a defendant may bring a special motion to strike a cause of

4    action arising from constitutionally protected speech." *Barry v. State Bar of Cal.*, 2 Cal. 5th 318,

5    320 (2017). The anti-SLAPP statute may be applied to pendent state law claims. *See In re Bah*,

6    321 B.R. 41, 46 (9th Cir. 2005). In evaluating an anti-SLAPP motion: (1) the burden is on the

7    moving party to identify "all allegations of protected activity," after which (2) the burden shifts to

8    the non-moving party to "demonstrate that each challenged claim based on protected activity is

9    legally sufficient and factually substantiated." *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016).

10        On the first point, the anti-SLAPP statute applies to Defendant's claims to the extent they

11   are based on Invisible Narratives' DMCA notices because Ninth Circuit courts have consistently

12   held that such notices are an exercise of free speech. *See Moonbug Ent. Ltd.*, 2022 WL 580788, at

13   *13 (holding that DMCA notices filed with YouTube were protected speech because they were

14   filed to "assert [a party's] legal rights over its expressive artworks."); *Shande v. Zoox, Inc.*, 2024

15   WL 2306284, at *6 (N.D. Cal. May 21, 2024) (finding that a letter from a party to a service provider

16   could be construed as a DMCA takedown notice, and, even if not, it was protected speech because

17   it "was a communication to enforce [the party's] intellectual property rights."). Thus, Invisible

18   Narratives has met its burden of demonstrating that its DMCA notices are protected activity.

19        On the second point, Defendant cannot meet its burden to show that its claims are "legally

20   sufficient and factually substantiated" because they are preempted, (*supra* § C(1)). A party's claims

21   are not "legally sufficient" as a matter of law where they are preempted. *Shande*, 2024 WL

22   2306284, at *6 (finding that the non-moving party could not show that the challenged claim was

23   legally sufficient under anti-SLAPP statute because the claim was preempted). The claims are

24   independently legally insufficient and factually unsubstantiated, including because the Defendant

25   has not alleged facts sufficient to state either tortious interference cause of action. *See Shenzhen*

26   *Yangjinmaoyi Co. v. Hangzhou Chic Intelligent Tech. Co.*, 2023 WL 4826235, at *10 (C.D. Cal.

27   Feb. 21, 2023) (granting a motion to strike a claim under anti-SLAPP statute where the party "did

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

14

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1    not sufficiently plead" its state law claim); *see also*, *infra* § IV(C)(3).[6]

2           **3.**      **Both Claims Must Also Be Dismissed for Failure to Plausibly Plead**
3                       **Requisite Elements**

4            Separate from the above bases for dismissal, the state law claims should also be dismissed

5    for failure to plausibly plead the requisite elements.  To state a claim for IIPEA, a plaintiff must

6    allege, "(1) an economic relationship between the plaintiff and a third party, with the probability of

7    future benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts

8    by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and

9    (5) economic harm to the plaintiff caused by the defendant's acts."  *Storm Mfg. Grp. v. Weather*

10   *Tec Corp.,* 2013 WL 5352698, at *7 (C.D. Cal. Sep. 23, 2013).  The elements for a NIPEA claim

11   are substantially the same, except that the NIPEA claim requires a negligent mental state, and that

12   the defendant "owe[s] the plaintiff a duty of care."  *Id.*, at *8.  Here, both claims fail to plausibly

13   allege a prospective economic expectancy.  The NIPEA also must be dismissed for the additional

14   reason that Defendant fails to allege that Invisible Narratives owed it any duty of care.

15          ***Speculative Economic Expectancy***.    Defendant fails to plausibly allege that it is

16   "reasonably probable the prospective advantage would have been realized but for [the alleged]

17   interference."  *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987).  Any claimed relationship cannot be based

18   on "overly speculative expectancies."  *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal.

19   App. 4th 507, 522 (1996); *Rheumatology Diagnostics Lab'y, Inc. v. Aetna, Inc.*, 2014 WL 524076,

20   at *14 (N.D. Cal. Feb. 6, 2014) ("[A]lleged relationships with 'potential customers' are insufficient

21   because they are nothing more than 'speculative economic relationship[s].'") (citation omitted).

22   Rather, "[t]he tort of interference with prospective business advantage applies to interference

23

24   ─────────────────────────────

[6] Invisible Narratives is entitled to attorneys' fees under the California anti-SLAPP statute.
Successful parties on an anti-SLAPP motion are entitled to recover their attorney's fees as a matter
25   of right.  Cal. Civ. Proc. Code § 425.16(c); *Open Source Security, Inc. v. Perens*, 2018 WL
2762637, at *1 (N.D. Cal. June 9, 2018) ("The prevailing defendant on a special motion to strike is
26   entitled to recover his fees and costs").  Even "a [moving] party who partially prevails on an anti-
SLAPP motion must generally be considered a prevailing party unless the results of the motion
27   were so insignificant that the party did not achieve any practical benefit from bringing the motion."
*Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006).  Therefore, the Court
28   should order an award of attorney's fees to be established as to amount by way of affidavit.  *Hammet
v. Sherman*, 2023 WL 5340802 (S.D. Cal. Aug. 17, 2023).  Invisible Narratives requests the right
to file a subsequent affidavit substantiating its legal fees upon resolution of this Motion.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

15

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

with *existing* noncontractual relations which hold the promise of future economic advantage," not the "more speculative expectation that a potentially beneficial relationship will eventually arise." *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2005 WL 832398, at *8 (N.D. Cal. Mar. 30, 2005) (citation modified).

Defendant's alleged expectation of "prospective advantage" is far too speculative to state a claim for NIPEA or IIPEA.  The Amended Counterclaims make, at most, conclusory allegations about "additional contracts" Defendant would have entered into with unidentified "gaming platforms and customers."  (*See* ECF No. 62 at ¶ 138 (alleging that "Invisible Narratives and Gerasimov have intentionally made false statements of facts about Next Level and its product through public statements on YouTube and other social media platforms that have turned the gaming community, including fans who watch Skibidi Toilet on YouTube, against Next Level . . . harm[ing] ***Next Level's reputation and goodwill***") (emphasis added); ¶ 132 (speculating that "[b]ut for Invisible Narratives' and Gerasimov's interference, Next Level would have entered into ***additional contracts*** with ***other gaming platforms and customers*** looking to play its mobile gaming application") (emphasis added); ¶ 134 (alleging Invisible Narratives interfered with "***prospective additional contractual relationships*** between Next Level and its customers and providers"); ¶ 144 (alleging that its "relationships with its providers, like Apple and Google, and ***future customers*** have been disrupted"[7]) (emphasis added)).  These are far too conclusory to state a NIPEA or IIPEA claim under applicable law.

In *Google Inc*, similar contentions were inadequate to support an NIPEA claim because the "expectation of 'future and prospective sales'" to "repeat customers" were "too speculative," amounting to a "hope and a desire" for future sales. 2005 WL 832398, at *9  (citation modified). Similarly, here, the Amended Counterclaims express merely a "hope and a desire for unspecified

---

[7] Defendant does not allege any facts tying its lost "relationships with its providers" (Apple and Google) to the alleged smear campaign, as opposed to the takedown notices that were directed to those providers.  Thus, for the reasons explained, *supra* § C(1), the claim should be dismissed as preempted by the DMCA.  But to the extent that Defendant claims (with no factual allegations to support it) that its alleged relationships with Apple and Google were disrupted by statements made by third parties online—statements there is no allegation the providers even knew about—that allegation is conclusory and unsupported, in addition to the fact that the economic expectancy associated therewith is too speculative to support a claim.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

16

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1  future sales to unspecified returning customers, in the form of a legal conclusion." *Id*. (citation

2  modified).  Even more inadequate are Defendant's claims "regarding 'new' customers with whom

3  it cannot claim any past or present interactions."  *Id*.; *see also Silicon Knights, Inc. v. Crystal*

4  *Dynamics, Inc.*, 983 F. Supp. 1303, 1312 (N.D. Cal. 1997) (granting motion to dismiss tortious

5  interference claims because "the complaint alleges only conclusory statements and no facts in

6  support of its contention that it lost potential customers"); *Damabeh v. 7-Eleven, Inc.*, 2013 WL

7  1915867, at *10 (N.D. Cal. May 8, 2013) ("Allegations that a defendant interfered with the

8  plaintiff's relationship with an 'as yet unidentified' customer will not suffice") (citation omitted).

9      *Silicon Knights* makes clear that, where there is no allegation that the claimant was in the

10  "midst of negotiations" with third parties or that third parties had "pulled out of the negotiations,"

11  there is no basis to infer the "probable disruption of an actual economic relationship by means of

12  alleged defamatory statements," and the tortious interference claims must be dismissed.  983 F.

13  Supp. at 1312, *cited with approval in Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1151

14  (9th Cir. 2008).  Here, as in *Silicon Knights*, Defendant does not allege any facts to suggest that it

15  had any concrete expectation of future or additional contracts with particular "service providers"

16  or "customers."  Instead, Defendant, in a vague and conclusory manner, merely surmises that it

17  "reasonably believed" that its relationships with "providers" like Apple and Google  "would

18  continue, and that the parties would enter into future contracts if not for Invisible Narratives'

19  interference."  (ECF No. 62 at ¶ 131).  That is insufficient to state a claim.

20      ***No Violation of a Duty of Care***.  The NIPEA claim separately fails because Defendant does

21  not plead  that Invisible Narratives owed it a duty of care, let alone that any of Invisible Narratives'

22  actions (as opposed to those of third parties) violated that duty.  For a NIPEA claim to survive a

23  motion to dismiss, "the defendant must also owe the plaintiff a duty of care."  *Storm Mfg. Grp.*,

24  2013 WL 5352698, at *8 (citing *Limandri v. Judkins*, 52 Cal. App. 4th 326, 348 (1997)).  [S]ome

25  sort of special relationship is required."  *Id.*  A special relationship may exist depending on "(1) the

26  extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to

27  the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the

28  connection between the defendant's conduct and the injury suffered, (5) the moral blame attached

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

17

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1    to the defendant's conduct, and (6) the policy of preventing future harm." *N. Am. Chem. Co. v.*

2    *Superior Ct.*, 59 Cal. App. 4th 764, 782 (1997).

3        The Amended Counterclaims do not allege that Invisible Narratives owed it a duty of care,

4    much less that there was a "special relationship" between the parties. *See Storm Mfg.*, 2013 WL

5    5352698, at *8 (dismissing NIPEA claim where "plaintiff has not alleged or argued that defendants

6    owe it such a duty"). In short, "[f]acts which give rise to the existence of a duty in a complaint for

7    negligent injury are necessary, and a complaint which does not state facts to show that duty is

8    *fatally defective*." *Dolin v. Facebook, Inc.*, 2018 WL 2047766, at *6 (N.D. Cal. May 2, 2018)

9    (citing *Jacoves v. United Merch. Corp.*, 9 Cal. App. 4th 88, 113 (1992)) (emphasis added).

10       Moreover, even if Invisible Narratives *did* owe Defendant an ordinary duty of care, the

11   Amended Counterclaims lack facts plausibly supporting that Invisible Narratives did not act with

12   due care. The test clearly presupposes that a party, through its "actions," has harmed the other

13   party. Here, Defendant admits that statements made on social media were by "influencers" such

14   as "ibio75" and "DOM Studio" and argues baselessly that they are attributable to Invisible

15   Narratives *without* any allegations that Invisible Narratives initiated or supported such comments

16   online. (ECF No. 62 ¶ 68). To the contrary, Defendant engages in speculation to allege, without

17   any basis, that statements by third parties were "made on behalf of or at the instruction of Invisible

18   Narratives." (*Id.* ¶ 70). This conclusory assertion is insufficient to plead that Invisible Narratives'

19   *own conduct* has caused Defendant any harm. *See Virun, Inc v. Cymbiotika LLC*, 2023 WL

20   2372404, at *3 (C.D. Cal. Feb. 10, 2023) (dismissing tortious interference counterclaims based on

21   an "alleged anonymous social media campaign" because claimant failed to adequately plead

22   statements were attributable to counterclaim defendant).

23       This sparse and conclusory language is insufficient to state a claim for NIPEA or IIPEA.

24   For these additional reasons, Counts V and VI should be dismissed for failure to state a claim.

25       **D.    The Court Lacks Jurisdiction over Defendants' Trademark Cancellation
             Claim (Count VII)**

26       The Court lacks jurisdiction over Defendant's trademark cancellation claim because the

27   pending litigation does not involve a registered trademark. Under the Lanham Act, "[i]n any action

28   involving a *registered* mark the court may determine the right to registration, order the cancelation

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

18

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

of registrations, . . . and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119 (emphasis added). This means that "cancellation may only be sought if there is already an ***ongoing action*** that ***involves a registered mark***; it does not indicate that a cancellation claim is available as an independent cause of action." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014) (emphasis added); *see also Knowles v. Spin Master, Inc.*, 2018 WL 6131207, at *5 (C.D. Cal. Nov. 2, 2018) (dismissing plaintiff's trademark cancellation claim for lack of jurisdiction because "the Complaint acknowledge[d] that [d]efendants have applied for, but not obtained trademark registrations, and § 1119 only applies to <u>registered</u> marks"); *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992) ("[A] controversy as to the validity of or interference with a registered mark must exist before a district court has jurisdiction to grant the cancellation remedy."). This requirement is jurisdictional: if the action does not involve an ongoing mark, a cancellation claim "does not present a live case or controversy" for purposes of Article III standing. *Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*, 2025 WL 405106, at *2 (N.D. Cal. Feb. 5, 2025) (dismissing defendant's trademark cancellation claim for lack of subject matter jurisdiction following dismissal of plaintiff's trademark infringement claim).

Here, there is no "ongoing action that involves a registered mark" because Invisible Narratives did not assert a registered mark in its Complaint. (*See* ECF No. 1 ¶ 119 ("Next Level's actions complained of herein constitute infringement of the ***unregistered Skibidi Toilet Trademark***") (emphasis added)). Invisible Narratives is relying on its common law rights and has not relied on any trademark registration, barring Defendant from making any claim based on an unasserted trademark registration. Thus, this Court lacks jurisdiction and should dismiss Defendant's cancellation counterclaim.

**E.    Defendant's Affirmative Defenses Should Be Stricken Under Rule 12(f) or Dismissed under Rule 12(c)**

   **1.    The "Affirmative Defenses" are Legally Conclusory and Should Be Stricken or Dismissed**

Defendants' threadbare and non-existent "affirmative defenses" should be stricken or otherwise dismissed. A "majority" of courts in this District "require affirmative defenses to meet

Cooley LLP
Attorneys at Law
Los Angeles

19

Plaintiff's Motion to Dismiss Def's Amended
Counterclaims
Case No. 5:25-cv-01644-NW

1  the heightened pleading standard articulated by the Supreme Court in *Twombly* and *Iqbal*." *David*

2  *v. George Chiala Farms, Inc.*, 2025 WL 3124339, at *9 (N.D. Cal. Nov. 7, 2025); *Facebook, Inc.*

3  *v. Gajjar*, 2022 WL 2239834, at *6 (N.D. Cal. June 17, 2022) (collecting cases in which district

4  courts in this District applied *Twombly* and *Iqbal* standards to affirmative defenses); *but cf. Kaisha*

5  *v. Rorze Corp.*, 737 F. Supp. 3d 770, 776-77 (N.D. Cal. 2024) (rejecting view that *Twombly* and

6  *Iqbal* apply to affirmative defenses and instead finding that although "the standard for pleading

7  affirmative defenses . . . is less stringent" and the "key to determining the sufficiency of pleading

8  an affirmative defense is whether it gives plaintiff fair notice of the defense") (citations omitted).

9      Under the majority's preferred approach, affirmative defenses "must plead 'enough factual

10  matter' to 'show that the pleader is entitled to relief' and to give the plaintiff 'fair notice.'"

11  *Impossible Foods Inc. v. Impossible LLC*, 2025 WL 1713355, at *2 (N.D. Cal. June 18, 2025).

12  "[T]he burden is on the defendant to proffer sufficient facts and law to support an affirmative

13  defense" and "bare statements reciting mere legal conclusions" are not sufficient. *Id.* (citations

14  omitted).  Under the minority approach, "[n]either mere reference to a legal doctrine, nor a bare

15  recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or

16  argument explaining the defense." *Barrilleaux v. Mendocino Cnty.*, 2016 WL 1298860, at *2 (N.D.

17  Cal. Apr. 4, 2016) (citation omitted).  In the alternative, courts may strike or dismiss affirmative

18  defenses under Rule 12(c) when, "accepting all material allegations in the nonmoving party's

19  pleadings as true, the moving party is entitled to judgment as a matter of law." *Payward, Inc*., 763

20  F. Supp. 3d at 909 (citation omitted).

21      Under *either* Rule 12(f) standard—or under Rule 12(c)—Defendant fails to adequately

22  plead any of its affirmative defenses. Its twenty-three affirmative defenses are comprised of top-

23  level legal conclusions and are entirely devoid of any factual allegations.  (*See* ECF No. 39 at 16-

24  19).  Defendant's sparse recitals of various purported affirmative defenses are legally insufficient.

25  In *Barnes v. AT&T Pension Benefit Plan–NonBargained Program*, the court held that none of

26  defendant's affirmative defenses were adequately pled because it did not "point to the existence of

27  some identifiable fact that if applicable . . . would make the affirmative defense plausible on its

28  face."  718 F. Supp. 2d 1172, 1172 (N.D. Cal. 2010).  Instead, as here, the defendant "list[ed] a

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

20

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1    series of conclusory statements asserting the existence of an affirmative defense without stating a

2    reason why that affirmative defense might exist." *Id.*; *see also David*, 2025 WL 3124339, at *10

3    (striking affirmative defenses because "[e]ach asserted defense is stated as a conclusion, devoid of

4    any supporting facts that might indicate plausibility").

5         *All* of Defendant's affirmative defenses are one- or two-line legal conclusions without any

6    facts that provide notice to Invisible Narratives of how these defenses may be assessed.   For

7    example, Defendant asserts that Invisible Narratives "fail[ed] to mitigate its alleged damages," that

8    Invisible Narratives' claims are "barred by reason of its own [undescribed] misconduct," or by

9    "laches, waiver, equitable estoppel, acquiescence, fraud, implied license, unclean hands,

10   unenforceability,  and/or any other equitable remedy").  (ECF No. 39 at 17-19).  Defendant fails to

11   allege any basis, including relevant facts, in support of these contentions.  *See J&J Sports Prods.,*

12   *Inc. v. Mendoza-Govan*, 2011 WL 1544886, at *4 (N.D. Cal. Apr. 25, 2011) (striking affirmative

13   defense referring to equitable doctrines because defendant did "not provide any supporting facts").

14   In the interests of judicial economy and to avoid unnecessary discovery and expense relating to

15   Defendant's non-existent and implausibly pled and conclusory "affirmative defenses," the Court

16   should exercise its discretion to strike or dismiss those defenses under either Rule 12(f) or Rule

17   12(c) standard.

18        **2.      Defendant's "Affirmative Defenses" Should Be Stricken Because They Cannot Be Categorized as Affirmative Defenses**

19        The Court should strike Defendant's "affirmative defenses" for the additional reason that

20   they do not constitute affirmative defenses under applicable law.  The Ninth Circuit has held that

21   "[a] defense which demonstrates that plaintiff has not met its burden of proof a is not an affirmative

22   defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  Moreover, "[a]n

23   affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but

24   instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes*,

25   718 F. Supp. 2d at 1173 (citing *Roberge v. Hannah Marine Corp.*, 1997 WL 468330, at *3 (6th Cir.

26   1997)).  Under these principles, the Court should strike the following "defenses":

27        **First Affirmative Defense:** Various district courts have held that a failure to state a claim

28   is not an affirmative defense.  *See, e.g., Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

21

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

1029425, at *11 (N.D. Cal. Mar. 26, 2012) (finding that a "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense") (citation omitted). Defendant did not challenge Invisible Narratives' Complaint and it cannot do so via a threadbare "affirmative defense."

**Second Affirmative Defense:** Defendant alleges that "[o]ne or more third parties are liable for the conduct alleged and will be required to answer and indemnify." (ECF No. 39 at 17). Even if true, such a showing would not preclude holding Defendant liable. This is not a "defense" and should be stricken.

**Fifth Affirmative Defense:** Defendant alleges that Invisible Narratives cannot request injunctive relief because it has not suffered irreparable harm. (ECF No. 39 at 17). This is not a valid affirmative defense. *See Roland Corp. v. Inmusicbrands, Inc.*, 2017 WL 513924, at *2 (C.D. Cal. Jan. 26, 2017) (striking defense alleging that plaintiff was not entitled to injunctive relief because it is not an affirmative defense).

**Seventeenth and Twenty-Second Affirmative Defenses:** These so-called "defenses" relate to the award of attorneys' fees, which "are collateral to the merits of a cause of action and are awarded after judgment." *Barnes*, 718 F. Supp. 2d at 1174 (N.D. Cal. 2010). Thus, Defendant's seventeenth and twenty-second affirmative defenses are not defenses to the merits at all and should be struck.

**Twenty-Fourth Affirmative Defense:** Defendant has included a catch-all affirmative defense to assert additional defenses later. However, this should be struck because "a defendant cannot preserve their right to raise unknown affirmative defenses to avoid seeking leave to amend the answer once the facts that give rise to the unpleaded defense are known." *Facebook, Inc.*, 2022 WL 2239834, at *6.

**Third, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twentieth, Twenty-First Affirmative Defenses:** These affirmative defenses "negate the elements" of Invisible Narratives' claim and are therefore not affirmative defenses in any sense. *See Barnes*, 718 F.Supp.2d at 1173. For example, Defendant's third affirmative defense claims that: "Defendant does not infringe any alleged copyright rights and/or

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

22

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW

trademark rights by Plaintiff since Defendant has superior rights." (ECF No. 39 at 17). These affirmative defenses should be stricken.

## V.    CONCLUSION

Defendant's unfounded attempts to manufacture claims against Invisible Narratives are unavailing. For all the foregoing reasons, Counts II to VI should be dismissed, Counts V and VI should also be stricken under California's anti-SLAPP statute, and Count VII should be dismissed for lack of subject matter jurisdiction. In the interests of judicial efficiency and to avoid unnecessary and unwarranted discovery and related disputes, the Court should also strike or dismiss all of Defendant's scant and non-existent affirmative "defenses."

Dated: December 10, 2025

COOLEY LLP

By: _____
        Bobby Ghajar

1333 2nd Street, Suite 400
Santa Monica, California  90401
Telephone:     (310) 883-6400
Email: bghajar@cooley.com

Stephanie J. Schuyler (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, New York  10001
Telephone:     (212) 479-6000
Email: sschuyler@cooley.com

Amy L. Kramer (*Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado  80202
Telephone:     (303) 572-6500
Email: Amy.Kramer@gtlaw.com

Justin A. MacLean (*Pro Hac Vice*)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York  10017
Telephone:     (212) 801-9200
Email: Justin.MacLean@gtlaw.com

*Attorneys For Plaintiff Invisible Narratives, LLC*

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

23

PLAINTIFF'S MOTION TO DISMISS DEF'S AMENDED
COUNTERCLAIMS
CASE NO. 5:25-CV-01644-NW