James M. Smedley (Admitted Pro Hac Vice)
Jonathan Lagarenne (Admitted Pro Hac Vice)
Cali Spota (Admitted Pro Hac Vice)
Jonathan Madara (Admitted Pro Hac Vice)
FOX ROTHSCHILD LLP
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Telephone: 609.896.3600
Facsimile: 609.896.1469
Email:  jsmedley@foxrothschild.com
Email:  cspota@foxrothschild.com

Jack Praetzellis (SBN 267765)
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.651.1424
Facsimile: 415.391.4436
Email: jpraetzellis@foxrothschild.com

Attorneys for Defendant
Next Level Apps Technology—FZCO

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| INVISIBLE NARRATIVES LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>　　Defendant.<br><br>NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>　　Third- Party Plaintiff and Counterclaim Plaintiff,<br><br>v.<br><br>INVISIBLE NARRATIVES LLC and ALEXEY GERASIMOV<br><br>Counterclaim Defendant and Third-Party Defendant | CASE NO. 5:25-cv-01644-NW<br><br>**NEXT LEVEL APPS TECHNOLOGY—FZCO'S SUR-REPLY TO INVISIBLE NARRATIVES' REPLY IN SUPPORT OF ITS MOTION FOR CONTEMPT AND SANCTIONS** |

1

NEXT LEVEL APPS TECHNOLOGY—FZCO'S SUR-REPLY TO INVISIBLE NARRATIVES' REPLY IN SUPPORT OF ITS MOTION FOR CONTEMPT AND SANCTIONS

Defendant Next Level Apps Technology – FZCO ("Next Level") respectfully requests leave to submit the following narrowly tailored sur-reply to address newly presented evidence and arguments in Plaintiff's Reply in Support of Motion for Contempt and Sanctions (ECF No. 80), filed on December 19, 2025 ("Reply").

## I.  INTRODUCTION

Plaintiff Invisible Narratives LLC ("IN"), for the first time on reply, not only changes its reasoning for filing its Motion for Contempt and Sanctions but also relies on new evidence that Next Level has not had a chance to address. IN continues to twist the facts to improperly paint Next Level as an underhanded party who is trying to deceive both IN and the Court. The truth, however, is that IN's Motion has no merit, as it should well know.

IN filed its Motion for Contempt and Sanctions because it claimed Next Level submitted a **new** takedown request in violation of the Stipulated Preliminary Injunction (ECF No. 37) ("PI"). Indeed, On October 7, 2025, IN's counsel sent an email to Next Level's counsel saying, "Next Level **just submitted the below DMCA takedown notice**…." *See* Declaration of Cali Spota ("Spota Decl."), ¶ 3, Ex. 1 (emphasis added). The entire premise of IN's claim for contempt, and Next Level's response thereto, was the mistaken belief that a **new** notice had been filed. Now, after Next Level has shown from its subpoena of Google LLC ("Google") that no takedown submission was made since before this litigation commenced, IN completely switches its position, callously disregarding the facts in an attempt to salvage its baseless Motion for Contempt. The Reply argues that a submission made *before* this litigation commenced, which neither party had any reason to believe was the cause of the October 7th Takedown Notice, is grounds for a finding of contempt because Next Level failed to rescind a submission that Next Level had no reason to believe Google was still considering, eight months after it was submitted.

Given IN's new argument for contempt focuses on a prelitigation action of Next Level, Local Rules 7-3 and 7-11–as well as basic fairness–compel permitting Next Level to submit this sur-reply to IN's eleventh-hour assertions.

## II.  ARGUMENT

For the first time in its Reply, IN now claims that Next Level is in violation of the PI because Next Level did not retract a February 4, 2025 takedown request. In doing so, IN ignores the evidence of record that neither it nor Next Level (nor Google's own counsel for that matter), thought this pre-litigation submission was still active within Google until *after* Google's response to Next Level's subpoena revealed the surprising fact that Google, for reasons as yet unexplained, took action on a stale takedown submission more than **eight months** after it was submitted.

As detailed in Next Level's Opposition, the record shows that since entering into the PI, Next Level has not taken any affirmative actions to remove or disable access to any materials hosted on the Boom Channel. The record also indisputably shows that the takedown request submitted by Next Level on February 4, 2025 had been completely ignored by Google for months, and it was reasonably presumed a dead letter at the time the parties entered the PI. *See* Reply, Exhibit GG at Page 50 of 51. In January and February 2025, when Next Level previously submitted its takedown requests, YouTube email confirmations arrived immediately, and the videos were taken down shortly thereafter. *See* Supplemental Declaration of Efim Filipenko ("Supp. Filipenko Decl."), ¶6. Thus, Next Level did not take any additional actions relating to the February 4, 2025 submission prior to receiving notice of the October 7th Takedown Notice, because Next Level reasonably believed its request was ignored and/or rejected by Google. *Id*. ¶¶7-8. Contrary to IN's assertion, there was no "hide-the-ball" on Next Level's behalf. *Id*. It simply believed a submission, made before the litigation even began, and *months* before the entering of the PI, that was never acted on by Google, was simply terminated and therefore no longer relevant. *Id*. Indeed, IN itself also assumed that Google's October takedown of the video on the Boom YouTube Channel was in response to a new takedown notice that was "just submitted". Spota Decl., ¶3, Ex. 1.

Given the foregoing understanding by all parties, Next Level, **not** IN, subpoenaed Google to identify the cause of the October 7th Takedown Notice because, as IN itself had asserted, the takedown was presumably a response to a "just submitted" notice since the

3

parties understood Google normally responds promptly to such notices. Had Next Level truly been trying to hide anything, and knew that Google's documents would be harmful to Next Level, why then would Next Level voluntarily go through the process of issuing and diligently pursuing the subpoena directed to Google? Next Level could have simply denied its actions and rested on the fact that IN did not meet its evidentiary burden to show Next Level was in violation of the PI. But Next Level did not just do that. Instead, Next Level went through the effort of subpoenaing a third party and diligently following through on said subpoena to unearth the truth because it knew no new requests were submitted by anyone at Next Level and sought to identify the true source of the takedown. In fact, Next Level expected that the request leading to the October takedown had come from a third party. Supp. Filipenko Decl., ¶8. In the end, this was not the case, and Next Level promptly explained that Google had belatedly responded to a stale submission and provided IN with the information provided by Google. The record utterly refutes IN's baseless argument that Next Level has been deceptive or less than forthcoming. The only party acting deceptively is IN in trying to pretend that Next Level has been anything other than forthcoming and responsive in addressing IN's notice that a new takedown notice had been "just submitted".

Further, upon notice of Google's belated action, even though Next Level still did not believe any of its actions led to the October 7th Takedown Notice, Next Level **immediately** advised Google that the video should not have been taken down and requested that it be restored. In fact, on October 9, 2025, Next Level sent a retraction email to YouTube from the email associated with its YouTube Channel and submitted a retraction via the Studio form. Supp. Filipenko Decl, ¶ 9. Next Level received two confirmation emails right away, essentially ignoring its retraction requests. *Id.*, ¶ 9 & Ex. 1. Since its initial actions were ignored, and to ensure that no stone was left unturned, Next Level then sent retraction emails from all possible domain names. *Id.* ¶ 10; *see also* ECF No. 72, ¶ 18. Thus, upon notification of the October 7th Takedown Notice, Next Level unequivocally took "reasonably practicable" actions, within the clear language of Section 1.a. of the PI, to have the takedown reversed. *Id.* ¶¶ 9-12.

Finally, Next Level did not investigate the "retract submission" button on its own YouTube Studio account because it, again, reasonably believed that the take down submission made on February 4, 2025 was no longer active. *Id*. ¶¶11-12. Like IN, Next Level was looking for activity that had been "just submitted" in October. Again, why would Next Level go through the onerous process of submitting several emails to YouTube, filling out communication forms on its YouTube Studio account, and then provide a declaration showing screenshots of its YouTube Studio account if it knew it should instead have just clicked the "retract submission" button on a stale request? Furthermore, in all the communications Next Level had with YouTube and counsel for Google, none of Google's or YouTube's representatives suggested or indicated that pressing the "retract submission" button would even successfully reverse the takedown on October 7th. Instead, the record clearly shows that Next Level has been cooperative throughout this entire process and was diligently trying to have the takedown resolved. YouTube continued to ignore and reject each attempt by Next Level, further giving credence to the fact that Next Level **never** had the ability to retract the takedown request submitted on February 4, 2025.

### III.    CONCLUSION

Next Level took no actions in violation of the PI and made reasonable efforts to reverse the takedown *before* IN even filed its Counternotice. Next Level has not engaged in any willful actions in violation of the PI. Next Level always has taken all reasonable steps to comply with the PI. Therefore, Next Level should not be held in contempt as it has not violated the terms of the PI. However, should the Court disagree, because Next Level acted in good faith and did not act willfully, Next Level asserts that the Court should not subject it any sanctions, and certainly not severe terminating sanctions.

DATED: December 23, 2025                    FOX ROTHSCHILD, LLP

                                            By:    /s/ *Cali R. Spota*
                                                   Cali R. Spota

                                            Attorneys for Defendant
                                            Next Level Apps Technology—FZCO

5

NEXT LEVEL APPS TECHNOLOGY—FZCO'S SUR-REPLY TO INVISIBLE NARRATIVES' REPLY IN SUPPORT OF ITS MOTION FOR CONTEMPT AND SANCTIONS