Ian C. Ballon (SBN 141819)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.289.7881
Facsimile: 650.462.7881
Email: ballon@gtlaw.com

Jie (Lisa) Li (SBN 260474)
Kristin L. O'Carroll (SBN 312902)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Email: lil@gtlaw.com
Email: ocarrollk@gtlaw.com

Amy L. Kramer (*Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: 303.572.6500
Email: Amy.Kramer@gtlaw.com

Justin A. MacLean (*Pro Hac Vice*)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone: 212.801.9200
Email: Justin.MacLean@gtlaw.com

Attorneys for Plaintiff
Invisible Narratives LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INVISIBLE NARRATIVES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>    Defendant. | CASE NO. 5:25-cv-01644-NW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY**<br><br>Complaint Filed: February 14, 2025 |

Plaintiff Invisible Narratives, LLC ("Plaintiff") hereby responds to Defendant Next Level Apps Technology – FZCO's ("Defendant") Administrative Motion Pursuant to Local Rule 7-3(d) and 7-11 for Leave to File Sur-Reply (Dkt. 82, "Motion").

## I. Introduction

As discussed below, the Motion should be denied. Defendant's purported basis for needing a sur-reply is that Plaintiff allegedly made new arguments in its Reply (Dkt. 80, 81-3, "Reply") in Support of Plaintiff's Motion for an Order Finding Defendant in Contempt and for Sanctions (Dkt. 54, "Contempt Motion"). Plaintiff's allegedly "new" arguments in its Reply merely respond to evidence submitted by Defendant in its Opposition to the Contempt Motion (Dkt. 71, "Opp'n"). That evidence was known to Defendant weeks prior to the Contempt Motion (if not longer), and could have been disclosed as part of Defendant's pre-Contempt Motion communications. Defendant's alleged need for a sur-reply is of its own doing, and could have easily been avoided. For similar reasons, Defendant's purported "objections" to Plaintiff's arguments in its Reply should be overruled, and the Court should consider Plaintiff's Reply in full.

## II. Relevant Chronology

On **October 7, 2025** (just days after the parties' unsuccessful mediation), Plaintiff received a notification from YouTube that Defendant submitted a copyright removal request for a Skibidi Toilet video, Episode 77. Declaration of Justin A. MacLean (Dkt. 54-1, "MacLean Decl."), ¶¶ 13-14, Ex. L. Within minutes, Plaintiff's counsel contacted Defendant's counsel both by telephone and email demanding retraction of that request. *Id.* ¶ 16, Ex. N. To be sure, Plaintiff did not know specifically when Defendant had submitted the request. But the information that would ultimately show that Defendant's request was made months beforehand was exclusively within Defendant's possession.

On **October 8**, Defendant's counsel replied that "[o]ur client stated that this was not submitted by anyone at Next Level," and that "[w]e are investigating this situation to see if we can ascertain who else may have submitted this takedown notice and will circle back once we have more information." *Id.* ¶ 17, Ex. O. However, that same day, Defendant's declarant, Yukhym Filipenko, "checked Next Level's email account and YouTube Studio accounts" and "took screenshots of each of these accounts[.]" Declaration of Yukhym Filipenko (Dkt. 72-2, "Filipenko Decl."), ¶ 17. Those screenshots ***clearly show*** a takedown request submitted on February 4, 2025 (the "February 4 Request"), that the request was "Resolved" by having the "Video

removed," and providing an option to "Retract removal." *Id.*, Ex. A. Despite promising to "circle back once we have more information," **Defendant's counsel did not inform Plaintiff's counsel of the February 4 Request.** Moreover, it was clear even at that point that Defendant's failure to retract that request had been in continuous violation of the Stipulated Preliminary Injunction (Dkt. 37, "PI") for several months, and Defendant's failure to press the "Retract removal" button constituted yet another violation of the PI.

Defendant's counsel communicated with Plaintiff's counsel on multiple occasions, including on **October 9, 10, and 13**, whereby Plaintiff's counsel proposed not filing Plaintiff's anticipated motion for contempt if, within three days of confirming a hearing date for the motion, Defendant provided declarations under penalty of perjury attesting not to have submitted the October 7 Takedown request and not knowing who did, and Defendant's counsel agreed with that proposal. *See* MacLean Decl., Exs. P, R, S. Over the ensuing two weeks, the parties further communicated with the Court to confirm a hearing date for the motion for contempt, *see id.*, Exs. T, U, V. On **October 27**, Plaintiff's counsel emailed Defendant's counsel, indicating that it looked forward to receiving the agreed-on declarations within three days. *Id.*, Ex. W.  On **October 28**, Defendant's counsel responded, saying that it "insist[ed] on submitting a declaration once our investigation is complete," *id.*, Ex. X at 3, and that it "d[id] not want to submit declarations in piecemeal and, instead, want[ed] to provide one thorough declaration from each individual after a complete investigation has been conducted so we can address all relevant issues." *Id.*, Ex. X at 1. **Over the course of those many communications, Defendant did not once inform Plaintiff of the February 4 Request, the fact that it had been "Resolved" by having the "Video removed," or the option—clear on the face of Mr. Filipenko's screenshots—to "Retract removal."** Had Defendant done so, Defendant would have been forced to acknowledge that it had been in violation of the PI for several days since Filipenko's October 8 screenshots, and for several months overall.

On **October 29**, Plaintiff filed its Contempt Motion. Plaintiff's reasonable assumption—given the timing of YouTube's takedown in relation to the failed mediation, the typical (though not obligatory) speed at which YouTube acts on takedown requests, and its lack of awareness of any previous takedown requests—was that Defendant had only recently submitted a takedown notice to YouTube. Had Plaintiff been informed of the February 4 Request, its Contempt Motion *of course* would have focused on Plaintiff's failure to retract it, in violation of Paragraph 1.a of the PI. Furthermore, **at any time between October 29 and November 26**,

Defendant could have informed Plaintiff of the February 4 Request. It appears instead that Plaintiff waited until the last possible moment to disclose the February 4 Request—on **November 26**, when it filed its Opposition. Thus, the only available option for Defendant to address Plaintiff's evidence was in its Reply.

While Defendant represents that "has been transparent with Invisible Narratives from the beginning of this dispute" (Opp'n at 1), the above chronology shows Defendant's utter lack of transparency.

### III.   Argument

#### A.   Defendant Should Not Be Granted Leave to File a Sur-Reply

"Parties do not have the right to file sur-replies and the Court generally views motions for leave to file a sur-reply with disfavor." *Van Hees v. BAM Trading Service, Inc.*, No. 25-cv-05685-JST, 2025 WL 3026497, at *1 (N.D. Cal. Oct. 29, 2025) (cleaned up). This is because sur-replies "are usually a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (quoting *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)). That is exactly what has happened here.

As shown above, Defendant had unique knowledge of the February 4 Request since October 8 (if not before), but chose not to inform Plaintiff about it before Plaintiff filed its Contempt Motion on October 29—instead, blaming the takedown of Skibidi Toilet Episode 77 on a third-party imposter. Plaintiff did not disclose the existence of the February 4 Request until November 26, when it filed its Opposition—knowing that Plaintiff would not be able to address the February 4 Request until its Reply. While Defendant claims that a sur-reply is required to "respond to [allegedly] newly propounded evidence, theories, and allegations" in Plaintiff's Reply, Defendant's alleged inability to respond to Plaintiff's arguments about the February 4 Request is ***a situation of Defendant's own making***, in a "strategic effort … to have the last word[.]" *Sims*, 2010 WL 5364783, at *8 (emphasis added). Defendant's actions epitomize gamesmanship.

Sur-replies are allowed only where "a valid reason for such additional briefing exists[.]" *Van Hees*, 2025 WL 3026497, at *1. They are <u>not</u> permitted whenever the movant believes it would serve "the interests of completeness and judicial efficiency" or "give a more complete picture of the issues in need of resolution," as Defendant claims. *See* Motion at 2 (citing cases).[1] Where a reply brief only "include[s] either arguments

---

[1] In *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014), the court permitted a sur-reply because it "would have simply requested supplemental briefing on the issues [the sur-reply] addressed," and therefore, "there is no reason to deny leave to file the sur[-]reply only to then request additional briefing on these issues." In this case, there are no issues that would

that were raised in response to [the nonmovant's] opposition or iterations of the positions in [the movant's] opening brief," leave to file a sur-reply should *not* be granted. *Van Hees*, 2025 WL 3026497, at *1 (denying motion for leave to file a sur-reply to allegedly "address new factual and legal arguments first raised in [movant's] reply" (cleaned up)); *see also In re: Hard Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-02918-MMC, 2023 WL 1934491, at *1 (N.D. Cal. Jan. 6, 2023) (denying motion for leave to file a sur-reply where "the reply submitted in support of [movant's] motion for partial summary judgment responds to arguments made and evidence cited in [nonmovant's] opposition").

That is the situation here. To the extent any of Plaintiff's arguments are "new," that is only because they *directly* respond to the evidence and arguments submitted by Defendant in its Opposition. Moreover, as Plaintiff explained in its Reply, its arguments regarding Defendant's failure to retract the February 4 Request are not really a "new" theory on which its Contempt Motion is based. *See* Reply at 8-9. There is no dispute that (i) *Plaintiff* (not a third-party imposter) submitted a DMCA Takedown Request (and did not retract it); (ii) Plaintiff *violated Paragraph 1.a of the PI* (and the TRO before it); and (iii) Plaintiff's actions *directly resulted* in the takedown of Episode 77. This theory is present in both Plaintiff's opening brief and its reply brief. Simply because Defendant's *own evidence* shows that Defendant violated a slightly different sub-clause of Paragraph 1.a than Plaintiff originally surmised doesn't make Plaintiff's theory of contempt "new." Again, Defendant's arguments sound in gamesmanship. Defendant should not be permitted to file a sur-reply.

Finally, Defendant does not merely seek to file additional *briefing*; it offers a second Declaration of Yukhym Filipenko as additional *evidence*. *See* Dkt. 82-5, 82-6. The statements and exhibit provided by Mr. Filipenko in his proposed new Declaration could have been provided in his original Declaration, further demonstrating the strategic objectives behind Defendant's attempt to have the last word. The new Declaration should, like Defendant's proposed sur-reply, be disregarded.

**B. Defendant's Objections to "Reply Evidence" Should Be Overruled**

Defendant also purports to "object[] pursuant to Local Rule 7-3(d)(1) to the newly proffered allegations and alleged evidence in Invisible Narratives' Reply." Motion at 2; *see also id.* at 3 (asking the Court to

---

need additional briefing. In *Tonguet v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKx), 2020 WL 8410456, at *2-3 (C.D. Cal. Feb. 20, 2020), the court granted *in part* leave for the defendant to file a "supplemental opposition" to a motion for summary judgment, which was "functionally a sur-reply," to address remediations of certain alleged violations of state and federal disability laws since the filing of the original opposition—which would have mooted some of the plaintiff's claims. The court *denied* leave to file a sur-reply to make additional arguments or serve additional evidence.

"disregard all improper newly offered allegations, arguments, and evidence" in Plaintiff's Reply). Defendant's "objections" are improper and groundless. If "*new evidence* has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence[.]" L.R. 7-3(d)(1) (emphasis added). "In doing so, the objecting party should state some substantive challenge to the evidence to which he or she objects." *FastCap, LLC v. Snake River Tool Co.*, No. 15-cv-02764-JSC, (N.D. Cal. Nov. 6, 2015) (cleaned up). By its terms, Local Rule 7-3(d)(1) does not address allegedly new *arguments* or *allegations* specifically about (and supported by) existing evidence put in the record by the nonmoving party. Thus, Defendant has no basis to object to argument to Plaintiff's observations and arguments about evidence *submitted by Defendant*.

To the extent Plaintiff filed documents accompanying its Reply, they were submitted for contextual purposes only, and do not substantively impact the theories or primary arguments on which Plaintiff bases its Contempt Motion. *See* Dkt. 80-1 ("Reply MacLean Decl."), Exs. Z, AA-GG. Defendant does not state *any* "substantive challenge" to any of these documents, *FastCap*, 2015 WL 6828196, at *3, nor does it contest the ancillary points in the Reply to which these documents are directed. Moreover, Defendant's proposed sur-reply does not cite those documents or substantively address them at all. Accordingly, Defendant has not supported its objections to these documents, and those objections should thus be overruled.

IV. **Conclusion**

For the foregoing reasons, Defendant's Motion should be denied. Moreover, Defendant's improper attempt at filing a sur-reply is, in itself, further evidence that Plaintiff's Contempt Motion should be granted, Defendant's Counterclaims should be dismissed, and a default judgment should be awarded to Plaintiff.[2]

Respectfully submitted,

Dated: December 29, 2025         GREENBERG TRAURIG, LLP

By:   /s/ Justin A. MacLean

Ian C. Ballon (SBN 141819)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.289.7881
Facsimile: 650.462.7881
Email:   ballon@gtlaw.com

---

[2] To the extent the Court is inclined to credit any amount of Mr. Filipenko's testimony in this litigation, Mr. Filipenko should be ordered to appear in person at the January 28, 2026 Hearing on Plaintiff's Contempt Motion, so that the Court may examine him.

Jie (Lisa) Li (SBN 260474)
Kristin L. O'Carroll (SBN 312902)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Email:   lil@gtlaw.com
Email:   ocarrollk@gtlaw.com

Amy L. Kramer (Appearing Pro Hac Vice)
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: 303.572.6500
Email:   Amy.Kramer@gtlaw.com

Justin A. MacLean (Appearing Pro Hac Vice)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone: 212.801.9200
Email:   Justin.MacLean@gtlaw.com

Bobby A. Ghajar (SBN 198719)
COOLEY LLP
355 S. Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone: 310.883.6400
Email: bghajar@cooley.com

Stephanie J. Schuyler (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, New York 10001
Telephone: 212.479.6000
Email: sschuyler@cooley.com

Attorneys for Plaintiff Invisible Narratives, LLC