COOLEY LLP
Bobby A. Ghajar (SBN 198719)
355 S. Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone: (310) 883.6400
Email: bghajar@cooley.com

Stephanie J. Schuyler (*Pro Hac Vice*)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Email: sschuyler@cooley.com

*Attorneys for Plaintiff Invisible Narratives, LLC*

[Fill Listing of Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INVISIBLE NARRATIVES, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEXT LEVEL APPS TECHNOLOGY-FZCO,<br><br>　　　　　　　　Defendant.<br><br>NEXT LEVEL APPS TECHNOLOGY-FZCO,<br><br>　　Third-Party Plaintiff and<br>　　Counterclaim Plaintiff,<br><br>INVISIBLE NARRATIVES LLC and ALEXEY GERASIMOV<br><br>　　Counterclaim Defendant<br>　　and Third-Party Defendant. | Case No. 5:25-cv-01644-NW<br><br>**PLAINTIFF INVISIBLE NARRATIVES' NOTICE OF DEFENDANT NEXT LEVEL'S NON-OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTS II THROUGH VII OF DEFENDANT'S AMENDED COUNTERCLAIMS, MOTION TO STRIKE COUNTS V AND VI OF DEFENDANT'S AMENDED COUNTERCLAIMS, AND MOTION TO STRIKE OR DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES (ECF No. 78)** |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S NOTICE OF DEFENDANT'S NON-
OPPOSITION OF MOTION
5:25-CV-01644-NW

On December 10, 2025, Plaintiff Invisible Narratives ("Invisible Narratives") filed its Motion to Dismiss Counts II through VII of Defendant Next Level's ("Defendant") Amended Counterclaims, Motion to Strike Counts V and VI of Defendant's Amended Counterclaims, and Motion to Strike or Dismiss Defendant's Affirmative Defenses (the "Motion" ECF No. 78). Invisible Narratives' Motion was timely filed consistent with the briefing schedule, as entered by the Court on October 20, 2025. (ECF No. 53).

The Motion established that Defendant's amended copyright infringement counterclaim—based on a handful of copyright *applications*—should be dismissed with prejudice, citing extensive authority that, where a potential copyright plaintiff fails to obtain a registration prior to filing its claim, it cannot bring a copyright claim, nor can it later amend that claim to add subsequently-issued copyright registrations. (ECF No. 78 at 11) (citing *Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228 (N.D. Cal. June 4, 2019); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002); *Imagize LLC v. Ateknea Sols. Hungary KFT*, 2019 WL 3068345 (N.D. Cal. July 12, 2019); *Flatsix, LLC v. Sylejmani*, 2024 WL 2875098 (N.D. Cal. Mar. 18, 2024)). The Motion also explained why Defendant's tortious interference, DMCA, and trademark infringement claims were defective.

On December 9, 2025, the parties, in a stipulation, jointly requested the court "to extend the briefing deadlines in connection with the Motion." (ECF. No. 77, the "Stipulation"). On December 17, 2025, the Court granted the stipulated modification to the briefing schedule. (ECF No. 79, the "Order"). According to the Order, Defendant's responsive brief was due on January 6, 2026. (*Id.*).

Defendant did not file a responsive brief on January 6, 2026; as such, the Motion is unopposed and Invisible Narratives' Motion should be granted with prejudice. *See Narang v. Gerber Life Ins. Co.*, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018) ("Courts have previously held that a plaintiff's failure to oppose a defendant's argument was a concession that such claims should be dismissed") (collecting cases from this District and the Eastern District of California).

Instead, without seeking consent or leave of the Court, Defendant filed what it captioned as its "Second Amended Counterclaims" (ECF No. 84) and an "Amended Answer to Complaint and Amended Affirmative Defenses" (ECF No. 86). Both violate Rule 15 of the Federal Rules of Civil Procedure, which permits only one pleading as a matter of course. Fed. R. Civ. P. 15(a)(1). Any

subsequent amendment requires "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendant already amended its counterclaims once (ECF No. 62) and failed to seek consent or leave of Court for the Second Amended Counterclaims.[1]

**Second Amended Counterclaims.** Although the pleading is unauthorized and not properly considered, the substance of the Second Amended Counterclaims is notable. The document **deletes** several of the claims (the very ones that Invisible Narratives attacked in the Motion) and modifies others—confirming the impropriety and weakness of those claims, and underscoring why the Motion should be granted. Specifically, Defendant **deleted** its False Notification Under the DMCA (Count II), False Counter-Notification Under the DMCA (Count III), Intentional Interference with Prospective Economic Advantage (Count V), and Negligent Interference with Prospective Economic Relations (Count VI) claims. Disregarding the authority cited in the Motion, which prohibits pleading copyright registration by amendment, it appears that Defendant is attempting to replace eight (8) copyright applications from the Amended Counterclaims with eight (8) copyright registrations. (ECF No. 84 ¶ 22). Invisible Narratives' Motion explained why this would have been impermissible had Defendant opposed the Motion and sought leave to amend (ECF No. 78 at 11); Defendant's self-help to unilaterally attempt to amend is certainly impermissible.

**Amended Affirmative Defenses.** Under the same Rule 15 analysis, Defendant's new defenses (which deleted several that the Motion attacked and revised or added others) are untimely and impermissible. (ECF No. 86). Even still, Defendant's affirmative defenses remain woefully inadequately pled, for the same reasons articulated in the Motion, including because many of them

---

[1] To the extent Defendant might argue that the Second Amended Counterclaims should be permitted as its first amendment "as a matter of course" under Rule 15(a)(1), that is incorrect. Any such amendment must be filed "21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). Defendant's Second Amended Counterclaims and Amended Affirmative Defenses were filed more than 21 days after the Motion, and the Stipulation did not enlarge the time under Rule 15 for Defendant to file an amendment, only for it to file a brief in opposition (or a non-opposition) in response to the Motion pursuant to Rule 7-3. (*See* ECF No. 77 (referencing Rule 7-3 of the Local Rules, which addresses motions, not amendments, requesting only to "extend the ***briefing deadlines*** in connection with the Motion," and representing that this is the "first request for an extension of time for Defendant's response or opposition," which would be untrue if the Stipulation contemplated the Second Amended Counterclaims)) (emphasis added). At no point did Invisible Narratives consent to Defendant's amendment or to enlarge the time for the filing of such an amendment.

are not affirmative defenses at all (e.g. *Id*. 86 at 22) (pleading independent creation, which is not an affirmative defense in the Ninth Circuit but rather a deficiency in a plaintiff's claim).

Defendant's gambit—throwing the kitchen sink at Invisible Narratives and refusing to drop the claims before forcing it to file the Motion, and then attempting to circumvent the Motion's arguments and Rule 15 to file the Second Amended Counterclaim—evades the rules and procedures of the Court, delays proceedings, and wastes judicial resources. Defendant's failure to abide by the Court's rules, procedures, and Orders has already led to the filing of a contempt motion (ECF No. 54).

Accordingly, Invisible Narratives asks that the Court grant the Motion in full, including dismissal of Defendant's copyright infringement claim with prejudice. As to the improper Second Amended Counterclaims and Amended Answer and Affirmative Defenses, the Court should strike these from the docket as improperly filed, and Invisible Narratives respectfully requests that the Court confirm that Invisible Narratives does not have any obligation to answer the Second Amended Counterclaims at this time. Should the Court permit Defendant to seek leave to amend and such leave is properly sought and granted, Invisible Narratives would ask for an opportunity to file a further motion to strike the Amended Affirmative Defenses as insufficiently pled.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4

PLAINTIFF'S NOTICE OF DEFENDANT'S NON-
OPPOSITION OF MOTION
5:25-CV-01644-NW

Dated: January 14, 2026                COOLEY LLP

                                       By: /s/ Bobby Ghajar
                                           Bobby Ghajar

                                        Attorneys for Plaintiff
                                        Invisible Narratives, LLC

                                       Bobby A. Ghajar (SBN 198719)
                                       COOLEY LLP
                                       355 S. Grand Avenue, Suite 900
                                       Los Angeles, California 90071
                                       Telephone: (310)883.6400
                                       Email: bghajar@cooley.com

                                       Stephanie J. Schuyler (*Pro Hac Vice*)
                                       COOLEY LLP
                                       55 Hudson Yards
                                       New York, New York 10001
                                       Telephone: (212) 479-6000
                                       Email: sschuyler@cooley.com

                                       Ian C. Ballon (SBN 141819)
                                       GREENBERG TRAURIG, LLP
                                       1900 University Avenue, 5th Floor
                                       East Palo Alto, California 94303
                                       Telephone:  (650) 289.7881
                                       Facsimile:  (650) 462.7881
                                       Email:    balon@gtlaw.com

                                       Kristin L. O'Carroll (SBN 312902)
                                       GREENBERG TRAURIG, LLP
                                       101 Second Street, Suite 2200
                                       San Francisco, California 94105
                                       Telephone: (415) 655.1300
                                       Email:    ocarrollk@gtlaw.com

                                       Amy L. Kramer (*Pro Hac Vice*)
                                       GREENBERG TRAURIG, LLP
                                       1144 15th Street, Suite 3300
                                       Denver, Colorado 80202
                                       Telephone: (303) 572.6500
                                       Email:    Amy.Kramer@gtlaw.com

                                       Justin A. MacLean (*Pro Hac Vice*)
                                       GREENBERG TRAURIG, LLP
                                       One Vanderbilt Avenue
                                       New York, New York 10017
                                       Telephone: (212) 801.9200
                                       Email:    Justin.MacLean@gtlaw.com