Jonathan Lagarenne (Admitted Pro Hac Vice)
Cali Spota (Admitted Pro Hac Vice)
Jonathan Madara (Admitted Pro Hac Vice)
FOX ROTHSCHILD LLP
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Telephone: 609.896.3600
Facsimile: 609.896.1469
Email:  jlagarenne@foxrothschild.com
Email:  cspota@foxrothschild.com
Email:  jmadara@foxrothschild.com

Jack Praetzellis (SBN 267765)
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.651.1424
Facsimile: 415.391.4436
Email: jpraetzellis@foxrothschild.com
Attorneys for Defendant
Next Level Apps Technology—FZCO

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| INVISIBLE NARRATIVES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY – FZCO,<br><br>    Defendant. | CASE NO. 5:25-cv-01644-NW<br><br>**NEXT LEVEL APPS TECHNOLOGY—FZCO'S OPPOSITION TO INVISIBLE NARRATIVES' NOTICE OF DEFENDANT NEXT LEVEL'S NON-OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTS II THROUGH VII OF DEFENDANT'S AMENDED COUNTERCLAIMS, MOTION TO STRIKE COUNTS V AND VI OF DEFENDANT'S AMENDED COUNTERCLAIMS, AND MOTION TO STRIKE OR DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES (ECF NO. 78)** |

Defendant Next Level Apps Technology – FZCO ("Next Level") opposes Plaintiff Invisible Narratives LLC's ("IN") procedurally deficient "Notice of Non-Opposition" filed on January 14, 2026 (ECF No. 88) (the "Notice"), relative to Plaintiff's Motion to Dismiss

Counts II Through VII of Defendant's Amended Counterclaims, and Motion to Strike Counts V and VI of Defendant's Amended Counterclaims, and Motion to Strike or Dismiss Defendant's Affirmative Defenses filed on December 10, 2025 (ECF No. 78) (the "Motion to Dismiss").

Next Level's Amended Answer, Amended Affirmative Defenses, and Second Amended Counterclaims (ECF Nos. 84, 86) ("SAAC") were appropriately filed pursuant to a joint stipulation of the parties that was approved by the Court (ECF Nos. 77, 79) (the "Stipulation"). The Stipulation provides, in relevant part, that with respect to IN's Motion to Dismiss, Next Level may file a "**response _or_ opposition**." *Id.* The words "response" and "opposition" are procedural terms of art. An opposition is a submission opposing a motion filed under Local Rule 7. L.R. 7-3 ("**Opposition**"). By contrast, a "response" is a responsive pleading, like an Answer and Counterclaim contemplated by Fed. R. Civ. P. 12. *See, e.g.*, FED. R. CIV. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a **response**."); *see also id.* 12(f)(2) ("The court may act . . . on motion made by a party either before responding to the pleading or, if a **response** is not allowed, within 21 days after being served with the pleading.") (emphasis added).

The Stipulation's express terms afforded Next Level the option of filing either a response (in the form of a SAAC) **_or_** an opposition (in the form of a brief) to IN's Motion to Dismiss. Next Level chose the former. There is absolutely nothing procedurally improper or untimely about the exercise of options crystallized in a Stipulation that was agreed, approved, and entered as an Order of this Court. *See, e.g.*, *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) ("Hence, we conclude that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2). For example, as in this case, a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1)").

The optionality embedded in the Stipulation is no accident. The initial draft of the Stipulation mentioned only an opposition, not a response. *See* Declaration of Cali R. Spota, ¶ 5. However, edits were negotiated, and the final (and controlling) version of the Stipulation – the version signed by counsel of record and approved by this Honorable Court – permitted either. *See id.* ¶¶ 6-9. Thus, IN's attempt to strike what is clearly a permitted pleading is not only contrary to the Stipulation's express language, but also contrary to the paper trail and good faith negotiation leading up to its preparation and execution. *Id.*

To be sure, IN's trepidation regarding the allegations in the SAAC – which raise serious questions about the origins the Skibidi franchise – are understandable. Indeed, IN started this case hoping to snatch up a quick default judgment and now finds itself as the functional defendant having to answer some very uncomfortable questions. However, IN cannot side-step legitimate questions raised by the SAAC through a procedurally invented and substantively inaccurate "Notice of Non-Opposition". In fact, IN's position is nothing short of frivolous.

In conclusion, Next Level's First Amended Counterclaims (ECF No. 62) were not amended "as of right" but were duly filed with the opposing party's written consent and the Court's leave, consistent with Fed. R. Civ. P. 15(a)(2). If, for some reason, the Court disagrees, Rule 15(a)(2) advises that "[t]he Court should freely give leave [to amend] when justice so requires," which is "to be applied with extreme liberality" in the Ninth Circuit. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Furthermore, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the [pleading] could not be saved by amendment." *Eminence*, 316 F.3d at 1052. Therefore, since Next Level's Counterclaims are crucial to the issues of this case, justice so requires that it be allowed to plead its claims in the SAAC.

For the foregoing reasons, Plaintiff's Notice should be rejected, and Plaintiff should be required to respond to Next Level's SAAC in the normal course.

DATED: January 16, 2026               FOX ROTHSCHILD, LLP

                              By:    /s/ *Cali R. Spota*
                                     Cali R. Spota

                                     Attorneys for Defendant
                                     Next Level Apps Technology—FZCO