UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVISIBLE NARRATIVES,<br><br>    Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY - FZCO,<br><br>    Defendant. | Case No. 25-cv-01644-NW<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 54 |

Plaintiff's motion requesting that the Court find Defendant in civil contempt is pending before the Court. Mot., ECF No. 54. The motion is fully briefed. ECF Nos. 71, 80. The Court RE-SETS the hearing on the motion to **Wednesday, February 4, 2026, at 10:00 a.m.** The hearing shall be in person. Additionally, the Court ORDERS the parties to file a supplemental brief of no more than **5 pages** on the topics outlined below by **Friday, January 30, 2026, at 5:00 p.m.**

In their motion, Plaintiff argues that Defendant took multiple actions in violation of the Court's June 17, 2025 Preliminary Injunction, including: "by (a) continuing to use infringing websites and launching new infringing websites, (b) filing new Skibidi Toilet trademark applications, (c) transferring Skibidi Toilet trademarks involved in this litigation to allegedly unrelated third parties, and (d) now submitting another fraudulent takedown notice to Google that resulted in removal of another Skibidi Toilet video and assessment of a copyright strike on Invisible Narratives' YouTube channel which threatens the entire channel which is central to Invisible Narratives' business." Mot. at 7. In their opposition, however, Defendant only contests the fourth allegation regarding submitting a takedown notice to Google. Opp'n, ECF No. 71. Similarly, in Plaintiff's reply, Plaintiff does not re-assert the other alleged violations, nor does

Plaintiff argue that Defendant conceded those points by not raising objections. The Court ORDERS supplemental briefing on whether Plaintiff maintains the additional bases for violations of the preliminary injunction, and if so, what the most recent status is for each (e.g., how recently has Next Level used the infringing websites); as well as supplemental briefing on why Defendant did not oppose the additional bases.

Additionally, the Court has received insufficient information to assess Plaintiff's allegations regarding the takedown notice. The parties are ORDERED to explain what documents, if any, Defendant received from Google in response to the October 10, 2025 subpoena. *See* Reply at 7-8. The parties must also address the total length of time Episode 77 was taken down, whether Plaintiff should have received royalties from Episode 77 for that period of time, and if so, the amount of those royalties and the basis for that calculation.

The parties are ORDERED to meet and confer and inform the Court if there is a factual dispute regarding whether the takedown notice now at issue is the one initially submitted by Defendant on February 4, 2025. The parties must inform the Court if they agree as to the facts. If there is a dispute of fact, depending on the scope, the Court may be required to hold an evidentiary hearing, which the Court will set at a later date.

**IT IS SO ORDERED.**

Dated: January 23, 2026

Noël Wise
United States District Judge