UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVISIBLE NARRATIVES,<br><br>    Plaintiff,<br><br>v.<br><br>NEXT LEVEL APPS TECHNOLOGY - FZCO,<br><br>    Defendant. | Case No. 25-cv-01644-NW<br><br>**ORDER REGARDING CIVIL CONTEMPT AND SANCTIONS**<br><br>Re: ECF Nos. 54, 82 |

Before the Court is Plaintiff Invisible Narratives LLC's ("Invisible Narratives") motion for an order finding Defendant Next Level Apps Technology FZCO ("Next Level") in civil contempt of the Court's June 17, 2025 preliminary injunction and for an award of sanctions. Mot., ECF No. 54. The Court GRANTS Invisible Narratives' motion.

**I.    BACKGROUND**

On February 14, 2025, Invisible Narratives sued Next Level, asserting federal copyright claims over its Skibidi Toilet content and characters. *See* Compl., ECF No. 1. Soon after, Invisible Narratives filed an *ex parte* application seeking a temporary restraining order against Next Level, which the Court granted. ECF Nos. 9, 11.

On June 16, 2025, the parties agreed to a preliminary injunction against Next Level and embodied that agreement in a stipulation filed with the Court. ECF No. 36. The Court granted the parties' stipulation and imposed a preliminary injunction against Next Level on June 17, 2025. ECF No. 37. The preliminary injunction provides, in relevant part: Next Level is "preliminarily enjoined" from "[d]irectly or indirectly taking any actions to remove or disable access to any material hosted on the Boom Channel, including by submitting DMCA [Digital Millenium Copyright Act] Takedown Notices or other takedown notices to YouTube claiming that any such

material hosted on the Boom Channel infringes on any copyrights for Skibidi Toilet content or characters, or removing or disabling access to such material based on receipt of such DMCA Takedown Notices—and, to the extent that any actions to remove or disable access have already been taken, such actions shall, to the extent reasonably practicable, be immediately retracted and canceled . . ."  ECF No. 37 at 2, ¶ 1(a).

On October 7, 2025, YouTube sent a notice to Invisible Narratives informing that it was taking down Skibidi Toilet video Episode 77 that day, pursuant to a DMCA takedown request. Approximately two weeks later, on October 29, 2025, Invisible Narratives filed the current motion requesting a finding of civil contempt against Next Level for a variety of alleged violations of the stipulated June 17, 2025 preliminary injunction.  ECF No. 54.

The matter was fully briefed, including supplemental briefing requested by the Court.  ECF Nos. 71, 80, 95, 96.  Next Level additionally moved for leave to file a sur-reply, which Invisible Narratives opposed.  ECF Nos. 82, 83.  The Court GRANTS Next Level's motion for leave in the interest of completeness, *see In re: Cathode Ray Tube Antitrust Litig.*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014), and accepts the sur-reply as lodged on the docket, *see* ECF No. 82-2.

The Court held a hearing on February 4, 2026.  Between the time Invisible Narratives filed its motion and the hearing, the parties learned that YouTube took down Episode 77 in response to a DMCA takedown request submitted by Next Level approximately 10 months prior, in February 2025.  This information caused Invisible Narratives to substantially narrow the scope of its allegations of contempt against Next Level.  *See* ECF Nos. 95, 96.

**II.    DISCUSSION**

The parties agree on the following facts.  *See* ECF Nos. 95, 96.  On February 4, 2025, Next Level filed a request with YouTube ("February 4 Request"), to take down Skibidi Toilet Episode 77.  Next Level did not file any further takedown requests.

On October 7, 2025, Invisible Narratives received a notice from YouTube that Skibidi Toilet Episode 77 was being taken down, effective that day, in response to a takedown notice. Counsel for Invisible Narratives immediately submitted a DMCA counternotice to YouTube and

1  contacted Next Level's counsel.

2  The parties engaged in limited discovery on this issue, including Next Level serving a
3  third-party subpoena on Google (YouTube's parent company) for records of Next Level's
4  takedown requests and correspondence with YouTube. *See* Opp'n, ECF No. 71, ¶ 20. After
5  reviewing the documents from Google, the parties believe that YouTube's October 7, 2025 actions
6  were a substantially delayed response to Next Level's February 4 Request. Next Level's counsel
7  then advised YouTube that the episode should not have been taken down and requested its
8  restoration. After being down for 57 days, YouTube restored Skibidi Toilet Episode 77 on
9  December 3, 2025.

10  The parties agree that the remaining question is whether Next Level violated the terms of
11  the June 17, 2025 preliminary injunction by failing to *retract* the February 4 Request. Invisible
12  Narratives argues that the Court's Order required Next Level to do so, and if it had, YouTube
13  would not have acted on the request months later in October 2025. Next Level asserts that it had
14  no reason to believe the February 4 Request was still active and therefore had no obligation to act.

15  A district court has the inherent authority to enforce compliance with its orders through a
16  civil contempt proceeding. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S.
17  821, 827-28 (1994). Civil contempt "consists of a party's disobedience to a specific and definite
18  court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-*
19  *Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). To demonstrate
20  civil contempt, the movant must show through clear and convincing evidence that: (1) the
21  disobedient party violated the terms of a court order; (2) the conduct went beyond "the sort of
22  technical violation that would be consistent with 'substantial compliance'"; and (3) the "violation
23  was 'not based on a good faith and reasonable interpretation of the order.'" *United States v. DAS*
24  *Corp.*, 18 F.4th 1032, 1039 (9th Cir. 2021) (citations omitted).

25  Here, the June 17, 2025 preliminary injunction was specific, clear, and relevant to the
26  controversy currently before the Court. The preliminary injunction states: "to the extent that any
27  actions to remove or disable" Skibidi Toilet content had "already been taken [by Next Level], such
28  actions shall, to the extent reasonably practicable, be *immediately retracted and canceled*." ECF

3

1  No. 37 at 2, ¶ 1(a) (emphasis added). There is no dispute that Next Level did not retract and cancel the February 4 Request until weeks after YouTube sent its October 7, 2025 notice to Invisible Narratives informing that it was taking down Skibidi Toilet Episode 77. Accordingly, Next Level violated the terms of the Court's June 17, 2025 preliminary injunction.

Next Level's failure to retract the February 4 Request does not qualify as a "technical violation" that was consistent with "substantial compliance" with the Court's Order. At the heart of Invisible Narratives' complaint and early *ex parte* temporary restraining order is its interest in asserting its ownership over Skibidi Toilet content and characters and ensuring that the Skibidi Toilet content is consistently available to consumers on YouTube. Next Level's failure to immediately retract and cancel its February 4 Request after the Court entered its June 17, 2025 Order was a direct, significant, and serious violation of the Court's preliminary injunction.

Next Level argues that it should not be sanctioned because it "reasonably presumed [its February 4 Request] was a dead letter[.]" ECF No. 95 at 4. While that may be true, particularly given that YouTube did not act on Next Level's takedown request for months, Next Level's unambiguous obligations under the preliminary injunction were to "immediately" retract and cancel any takedown requests that it had already submitted to YouTube. Had Next Level done so it would have complied with the preliminary injunction *to which it agreed*, and this issue would not be before the Court. Instead, although Next Level had the power to retract and cancel its takedown notice, it unilaterally elected not to do what the June 17, 2025 Order required, and presumed that its February 4 Request was resolved. The Court finds that Next Level's action, or in this case inaction, was not based on a good faith and reasonable interpretation of the Court's June 17, 2025 Order.

Invisible Narratives has proved by clear and convincing evidence that Next Level engaged in "disobedience to a specific and definite court order," namely the June 17, 2025 preliminary injunction, by its "failure to take all reasonable steps within [its] power to comply." *See In re Dual-Deck*, 10 F.3d at 695. The Court grants Invisible Narratives' motion, and holds Next Level in civil contempt.

As a sanction for Next Level's contempt, Invisible Narratives asks the Court for default

judgment on Invisible Narratives' claims and dismissal of Next Level's counterclaims. In the alternative, Invisible Narratives seeks compensatory sanctions "for at least the first 10 business days that the Removed Video was unavailable." ECF No. 54 at 23. The Court finds default judgment and dismissal of Next Level's counterclaims to be a disproportionate sanction for Next Level's failure to retract its February 4 Request. While compensatory damages for Invisible Narratives' loss of revenue for 10 of the 57 days Episode 77 was removed from YouTube would be a modest and reasonable sanction, Invisible Narratives failed to provide the Court with any evidence, data, or argument regarding how to calculate or validate those losses. As a result, the Court denies Invisible Narratives' requests for compensatory damages for the time Episode 77 was unavailable on YouTube, and for dismissal of counterclaims and entry of default judgment against Next Level.

Invisible Narratives additionally requests attorney's fees and costs for bringing this motion and for submitting the DMCA counternotice. The Court finds that an award of reasonable attorney's fees and associated costs is a proportionate and appropriate sanction to compensate Invisible Narratives for the losses it incurred in addressing Next Level's violation of the Court's June 17, 2025 Order, including attending to the takedown of Episode 77, filing the counternotice, and filing and arguing this motion. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (attorney's fees and costs are an appropriate remedy for a civil contempt award).

### III.  CONCLUSION

The Court GRANTS Invisible Narratives' motion to hold Next Level in civil contempt for violating the Court's June 17, 2025 preliminary injunction, and ORDERS Next Level to pay Invisible Narratives reasonable attorney's fees and associated costs, consistent with this Order.

/ / /

/ / /

/ / /

/ / /

The parties are DIRECTED to meet and confer to seek agreement regarding Invisible Narratives' reasonable attorney's fees and costs. Any agreement shall be filed as a stipulation by February 11, 2026. If the parties do not file a stipulation, then by no later than February 17, 2026, Invisible Narratives may file a bill of costs for reasonable attorney's fees and associated costs. Next Level's response to the bill of costs is due by February 20, 2026.

**IT IS SO ORDERED.**

Dated: February 6, 2026

Noël Wise
United States District Judge