UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INVISIBLE NARRATIVES,

        Plaintiff,

    v.

NEXT LEVEL APPS TECHNOLOGY - FZCO,

        Defendant.

Case No. 25-cv-01644-NW

**ORDER GRANTING MOTION TO STRIKE; ORDER DENYING MOTION FOR EXTENSION OF TIME**

Re: ECF Nos. 90, 107

Plaintiff Invisible Narratives LLC ("Invisible Narratives") initiated this case against Defendant Next Level Apps Technology FZCO ("Next Level") on February 14, 2025.  ECF No. 1. Next Level answered the complaint and filed counterclaims on July 17, 2025.  ECF Nos. 39, 40.

On November 10, 2025, Next Level filed first amended counterclaims ("FACC") as of right.  ECF No. 62.  Invisible Narratives moved to dismiss the FACC on December 10, 2025. ECF No. 78.  Next Level's opposition was due on January 6, 2026, pursuant to a stipulated extension that was granted by the Court.  ECF No. 79.

On January 6, 2026, Next Level did not oppose the motion to dismiss and instead filed second amended counterclaims and an amended answer (together, "SACC").  ECF Nos. 84, 86. The deadline for Next Level to seek amendment of its counterclaims was December 31, 2025.  *See* Fed. R. Civ. Pro. 15(a).  Next Level did not seek leave of Court to file its SACC, nor did the parties file a stipulation requesting the Court to permit Next Level to file the SACC.

Invisible Narratives filed a motion to strike Next Level's SACC on January 20, 2026.  ECF No. 90.  Next Level opposed, ECF No. 97, and Invisible Narratives filed a reply, ECF No. 103.

On February 18, 2026, two weeks after filing its opposition to the motion to strike, Next Level filed a motion for extension of time to file the SACC.  ECF No. 107.  Invisible Narratives

opposed.  ECF No. 110.

Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the hearing scheduled for April 8, 2026.  The Court GRANTS Invisible Narratives' motion to strike and DENIES Next Level's motion for an extension of time to file its SACC.

## I.    DISCUSSION

The motion to strike and the motion for an extension of time to file both concern the untimely filing of Next Level's SACC.  The rule governing amended pleadings, including counterclaims, is Federal Rule of Civil Procedure 15.  *Amiri v. Bay Harbour Care Home*, No. 15-CV-03994-JSC, 2018 WL 783929, at \*3 (N.D. Cal. Feb. 7, 2018) ("Amendments to add counterclaims are controlled by Rule 15.").  The relevant portion of rule 15 provides:

> (a) Amendments Before Trial.
>
> > (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> >
> > (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. Pro. 15.

A party is only entitled to amend its pleading "once as a matter of course."  Fed. R. Civ. Pro. 15.  As noted above, Next Level had filed two previous versions of their counterclaims (counterclaims and FACC) and were planning to file a third (SACC) even though Invisible Narratives had timely filed a motion to dismiss.  Next Level was entitled to file its FACC pursuant to rule 15.  But Next Level was not entitled to file the SACC without "the court's leave" or "the opposing party's written consent."  *Id*.

Next Level does not contend that any good cause exists for the Court to excuse the untimely filing or to grant leave after the fact.  Instead, Next Level argues that the parties had

stipulated that Next Level could file a "response or opposition" to Invisible Narratives' motion to dismiss, and Next Level chose to file the SACC as its "response." ECF No. 97 at 1. This argument is unavailing. Amendment of pleadings is not equivalent to an opposition or response to another party's motion.

Next Level concedes that its motion to file an SACC was due by no later than by December 31, 2025. Yet Next Level makes this concession and requests relief *six weeks* past the deadline—long after appearances before the Court and opportunities in briefing to make such a request, and after a complete round of motion practice.

Although rule 15 provides that leave to amend "shall be freely given when justice so requires," "[l]iberality in granting [a party] leave to amend is subject to the qualification that the amendment not cause undue prejudice to the [opposing party], is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted). The Court finds that allowing amended counterclaims more than a year into these proceedings would be prejudicial to Invisible Narratives, in part because Invisible Narratives would be required to incur additional time and costs in addressing the SACC in a new motion to dismiss, all before the upcoming June 19, 2026 close of fact discovery.

The Rules of Civil Procedure exist for the efficient and just adjudication of civil actions. Next Level failed to follow those rules. The Court GRANTS Invisible Narratives' motion to strike the SACC and DENIES Next Level's motion for extension of time to file its SACC.

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Despite Next Level's failure to Invisible Narratives' motion to dismiss, the Court exercises its discretion and grants Next Level leave to file an opposition by April 8, 2026. Invisible Narratives may file a reply by April 15, 2026. The Court re-sets the hearing on the motion to dismiss to May 6, 2026. Nothing in this Order prevents Invisible Narratives from seeking sanctions or moving for attorney's fees, but Invisible Narratives must do so by April 15, 2026.

**IT IS SO ORDERED.**

Dated: April 1, 2026

Noël Wise
United States District Judge

4